Jennifer K. Hostetler
Nevada Bar No. 11994
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
JHostetler@lewisroca.com

*Attorneys for Plaintiff PlayUp, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| PlayUp, Inc., a Delaware Corporation,<br><br>  Plaintiff,<br><br>v.<br><br>Dr. Laila Mintas, an individual,<br><br>  Defendant. | Case No. 2:21-cv-02129-GMN-NJK<br><br>**PLAINTIFF'S EMERGENCY MOTION FOR SUBSTITUTED SERVICE OF DR. LAILA MINTAS** |

Plaintiff, PlayUp, Inc. ("PlayUp"), by and through its undersigned counsel, Lewis Roca Rothgerber Christie LLP, hereby submits this Emergency Motion for Substituted Service of Dr. Laila Mintas (the "Motion"). This Motion is made and based upon the following Memorandum of Points and Authorities, the attached exhibits, all pleadings and papers on file in this action, the Declaration of Jennifer K. Hostetler ("Hostetler Decl."), attached as Ex. 12, and any oral argument that this Court might entertain at the hearing on this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On December 3, 2021, the Court entered its Order granting Emergency Motion for Ex Parte Temporary Restraining Order ("Order") (ECF No. 11) temporarily restraining Defendant, PlayUp's former CEO, from engaging in any conduct or making any statements that disparage or portray PlayUp in a negative light or otherwise impair the reputation or commercial interest of PlayUp and breaching Section 6(e) of her Employment Agreement.

In the Order, the Court required that PlayUp serve Defendant with a copy of the Order by December 6, 2021. (ECF No. 11 at 14).

On December 6, 2021, PlayUp filed a Motion for Extension of Time seeking an

additional 14-days to serve Defendant with the Order after the following attempts to serve Defendant. (ECF No. 13):

- **12/2/2021 at 2:00 pm**: Process server went to the last known address of Defendant, 11 Mountain Cove Court, Henderson, NV 89052 (the "Property") and a male "came to the door and peeked through the unfrosted part of the door but didn't say anything and just walked away." *See* 12/6/2021 Affidavit of Due Diligence, attached as Ex. 1.

- **12/2/2021 at 6:42 pm:** Process server went out to Defendant's Property and after no answer, drop served the documents on Defendant's front steps. *See* 12/6/2021 Affidavit, attached as Ex. 2

- **12/3/2021 at 10:55 am**: Process server went out to Defendant's Property and spoke to an unknown male at the Property who stated "he is performing a home inspection and home is vacant and [Mintas] is believed to have moved to the Bahamas." *See id.*

- **12/4/2021 from 8:45 am - 5:15 pm:** PlayUp retained an investigator that conducted surveillance of the Property. He further rang the doorbell, knocked on the door, looked through the front door. Defendant was not observed. *See* Report, attached as Ex. 3.

- **12/3/2021 and 12/4/2021:** Australian counsel engaged in email communications with Defendant and notified her of PlayUp's attempts to serve her. She indicated she sold the Property and is not at the address. *See* 12/3/2021 Email from Dr. Mintas, attached as Ex. 4.

- **12/4/2021** Australian counsel has repeatedly requested that Defendant provide her residential address for service but those requests have been ignored. *See* 12/4/2021 Emails between Dr. Mintas and F. Amirbeaggi, attached as Ex. 5.

- **12/6/2021:** U.S. counsel for PlayUp emailed a copy of the Order as well as the filings in this case to Defendant. *See* 12/6/2021 Emails from D. Berhanu, attached as Ex. 6.

On December 7, 2021, the Court granted PlayUp's Motion for Extension of Time, requiring Defendant be served with the Order by December 20, 2021. (ECF No. 13.)

Despite Defendant's failure to respond to prior emails from PlayUp's Australian counsel and U.S. counsel, Defendant has communicated with PlayUp's General Counsel, Ashley Kerr, from her email dr.laila@mintas.net, as recently as December 9, 2021, concerning activities of PlayUp's Board of Directors. *See* 12/9/2021 Emails from Defendant, attached as Ex. 7. Ms. Kerr has responded to these communications seeking Defendants' cooperation with providing a response to counsel's requests for information on her address. At the same time, PlayUp's Australian counsel has emailed her in a separate and final attempt

to obtain Defendant's cooperation with providing her address for service. *See* 12/9/2021 Email from F. Amirbeaggi, attached as Ex. 8. Defendant, however, has failed to respond.

In further attempts to effectuate service, on December 13, 2021, PlayUp's U.S. counsel emailed the attorneys of record for Dr. Mintas in a pending Nevada State Court litigation[1] to inquire whether the firm will also represent Dr. Mintas in the present case, but Anthony B. Golden, Esq. of the law firm Garg Golden Law Firm disclaimed representing Dr. Mintas in this litigation. *See* 12/13/2021 Email with Anthony B. Golden, Esq., attached as Ex. 9.

On December 14, 2021, Defendant appeared in a proceeding in the Federal Court of Australia and advised that she is aware of both the Australian and Nevada orders restraining her conduct. She confirmed her email address, dr.laila@mintas.net, is her personal email address. She also uses the email address, dr.mintas@gmail.com, and requested that she receive Australian process through that email. *See* Hostetler Decl. at ¶ 15.

## **LEGAL STANDARD**

Federal courts have found that a plaintiff's two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made. *Board of Trustees for the Laborers Health & Welfare Trust Fund for Northern California, et. al. v. Empire Engineering and Construction, Inc.*, 2021 WL 5609859, at 3 (N.D. Cal. Oct. 25, 2021)[2]. *Cf. Tann v. Thecheap Name*, 2019 WL 40603371 (D. Nev. Aug. 28, 2019) (court notes that "[a]s long ago as 2002, the Ninth Circuit acknowledged that trial courts were authorizing email as a form of substituted service under the rule and it approved email as a 'constitutionally acceptable' substituted method of service

---

[1] *See Dr. Laila Mintas v. Betworks (US), LLC, et. al.,* Case No. A-21-843537-C in the Eighth Judicial District Court in Clark County, Nevada.

[2] Courts typically allow alternative service after multiple attempts at personal service, or where it is clear the nonparty has actual notice and is evading service. *See e.g., Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at 2 (C.D. Cal. Aug. 12, 2016) (permitting alternative service where personal service was attempted at least three (3) times and that nonparty was aware of and had received the subpoena); *In re Subpoena to VaughnPerling*, 2019 WL 8012372, at 4 (C.D. Cal. Dec. 12, 2019) (finding alternative service effective where plaintiffs personally served someone they believed was the nonparty and where nonparty's communication with the parties and the court obviously demonstrated he had received the subpoena); *Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 WL 1844056 (N.D. Cal. Apr. 9, 2015) (finding alternative service proper after party had attempted personal service at place of business twice and at residence four (4) times)." *Emcyte Corp. v. Apex Biologix, LLC, et al*. 2021 WL 5507219 (C.D. Cal. Nov. 24, 2021).

116244813.2

upon an 'elusive international defendant, striving to evade service of process' that helps 'ensure the smooth functioning of our courts of law'"); *Neumont Univ., LLC v. Nickles,* 304 F.R.D. 594 (D. Nev. 2015) (court found substituted service of a defendant by email was proper after plaintiff attempted to serve defendant at his parents' home on two occasions and after noting that defendant has responded to communications from his email address since the beginning of the litigation. Court noted that email is the method of communications defendant "utilizes and prefers" and thus is the method of service most reasonably calculated to reach him).

Fed. R. Civ. P. 4(e) provides that service is proper by serving an individual in accordance with law of the state where the district court is located. *Huang v. Carney*, 2020 WL 8881742, at 3 (D. Nev. Jan. 9, 2020). This Court is located in the District of Nevada. The Nevada Rules of Civil Procedure ("NRCP"), in turn, allow for service "through any alternative service method" in Rule 4.4(b) as follows:

> (b) **Court-Ordered Service.**
> (1)  If a party demonstrates that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable, the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method.
>
> (2)  A motion seeking an order for alternative service must:
>
>   (A)  provide affidavits, declarations, or other evidence setting forth specific facts demonstrating:
>
>     (i)  the due diligence that was undertaken to locate and serve the defendant; and
>
>     (ii)  the defendant's known, or last-known, contact information, including the defendant's address, phone numbers, email addresses, social media accounts, or any other information used to communicate with the defendant; and
>
>   (B)  state the proposed alternative service method and why it comports with due process.

## ARGUMENT

Plaintiff has diligently attempted personal service of the Order granting Emergency Motion for Ex Parte Temporary Restraining Order and/or Summons and Complaint on Defendant on at least four occasions at Defendant's last known address in Henderson,

116244813.2

1   Nevada. *See* Ex. 1-3. Additionally, Plaintiff has attempted to obtain Defendant's current
2   address and location through her active email address, dr.laila@mintas.net. *See* Hostetler
3   Decl. at ¶¶ 9-11. Defendant is able to receive and respond to emails at this address as she has
4   replied to emails with PlayUp's General Counsel, Ashley Kerr, as recent as December 9, 2021
5   regarding activities of the PlayUp's Board of Directors. *See* Hostetler Decl. at ¶ 12. But,
6   Defendant has failed to provide her address for service as requested by Australian counsel.
7   *See* Hostetler Decl. at ¶ 11.

8   Notwithstanding Defendant's apparent refusal to submit to personal service of the
9   Order, according to a December 13, 2021 article in iGaming Business magazine titled "Mintas
10  Refutes PlayUp Allegations and Pledges Legal Response", it appears that Defendant is aware
11  of the contents of the Order as she has commented that "all claims mentioned in the filings
12  are wrong." *See* Robin Harrison, *Mintas Refutes PlayUp Allegations and Pledges Legal
13  Response*, IGAMING BUSINESS, December 13, 2021 attached as Ex. 10. In the article,
14  Defendant refutes specific allegations of Plaintiff's Emergency Motion for Ex Parte
15  Temporary Restraining Order related to her alleged attempts to destroy a deal to sell PlayUp's
16  assets and further comments that "the terms of the restraining order prevent her from
17  commenting in full". *Id*. Dr. Mintas is also quoted making similar statements to USBets for
18  an article published on December 13, 2021 where she provided a written statement that "all
19  the claims mentioned in the filing are wrong, and [her] lawyers are working on filing shortly
20  [her] response to those claims to tell the true story based on written evidence." *See*, John
21  Brennan, *Australian Sports Betting Firm PlayUp Sues Its U.S. CEO in Federal Court*,
22  USBETS, December 13, 2021 attached as Ex. 11. Dr. Mintas declined further remarks in the
23  article after claiming "it would force [her] to make negative comments about the Australian
24  leadership, which [she has] to restrain from because of [her] former employment contract and
25  now the court order they put on [her]." *Id*.

26  From the contents of the aforementioned articles and statements made in the Federal
27  Court of Australia on December 14, 2021, it is evident that Dr. Mintas is well aware of the
28  restrictions which have been imposed by the Order. Yet, she has refused to provide her address

or make herself available for service.

In light of Plaintiff's numerous personal service attempts, further personal service attempts are likely impracticable and would be to no avail. *See* Hostetler Decl. at ¶ 16; *see also* NRCP 4.2(a)(1)[3]. Accordingly, Plaintiff requests that it be permitted to serve the Order via substituted service by mailing a copy of the Order to 11 Mountain Cove Court, Henderson, NV 89052 and by emailing a copy to dr.laila@mintas.net and dr.mintas@gmail.com. In the Federal Court of Australia, Defendant confirmed that her personal email address is dr.laila@mintas.net, but requested that she be served with Australian process at her other personal email address, dr.mintas@gmail.com. *See* Hostetler Decl. at ¶ 15. Therefore, service in this manner comports with due process as it is the method most reasonably calculated to afford Defendant with notice of the entry of the Order and an opportunity to respond.

## CONCLUSION

For the foregoing reasons, PlayUp respectfully requests the Court grant this Motion, authorize Plaintiff to accomplish substituted service on Defendant Dr. Laila Mintas as set forth in this Motion and grant such further relief as the Court deems appropriate.

DATED this 14th day of December, 2021.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

 /s/ Jennifer K. Hostetler            .
Jennifer K. Hostetler
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169
Tel: 702.949.8200
JHostetler@lewisroca.com

*Attorneys for Plaintiff PlayUp, Inc.*

---

[3] In the various attempts at service at Defendant's Property, a process server has not identified or made contact with an individual who resides in the home to effect service under NRCP 4.2(a)(2). *See* Exs. 1-3.