UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PLAYUP, INC.,                )
                             )
           Plaintiff,       )    Case No.: 2:21-cv-02129-GMN-NJK
   vs.                       )
                             )    **ORDER**
DR. LAILA MINTAS,            )
                             )
           Defendant.       )
                             )

Pending before the Court is the Emergency Motion for Substituted Service of Dr. Laila Mintas, (ECF No. 15), filed by Plaintiff PlayUp, Inc. ("Plaintiff"). For the reasons set forth below, Plaintiff's Emergency Motion for Substituted Service is **GRANTED**.

**I.**     **BACKGROUND**

This action arises from Defendant Laila Mintas' ("Defendant's") purported use of Plaintiff's confidential information and alleged disparagement of PlayUp, Inc. in violation of Defendant's employment agreement with Plaintiff (the "Employment Agreement"). (*See* Compl. ¶¶ 8–10, 14, ECF No. 1).[1]

On December 3, 2021, this Court granted in part and denied in part Plaintiff's Motion for Temporary Restraining Order, (ECF No. 2). (*See* Order, ECF No. 11). This Court specifically ordered Plaintiff to serve a copy of the Order on Defendant by December 6, 2021. (*Id*. 14:11–12). On December 6, 2021, Plaintiff filed a Motion to Extend the Deadlines Issued in the Court's Order because it was unable to properly serve Defendant despite multiple attempts to locate her. (*See* Mot. Extend Time, ECF No. 13). The Court granted Plaintiff's

---

[1] The parties are familiar with the facts, so the Court will not repeat them here except where necessary to resolve the Motion. (*See* Order granting in part and denying in part Pl.'s TRO, ECF No. 11).

Motion, extending the deadline for service to December 20, 2021. (*See* Order, ECF No. 14). Plaintiff now files the instant Emergency Motion for Substituted Service, (ECF No. 15). Specifically, Plaintiff requests the Court authorize it to serve this Court's Order granting in part and denying in part Plaintiff's Temporary Restraining Order by: (1) mailing a copy of the Order to 11 Mountain Cove Court, Henderson, NV 89052 (the "Property"); and (2) emailing a copy of the Order to dr.laila@mintas.net and dr.mintas@gmail.com. (*See* Mot. Substituted Service 6:4–6, ECF No. 15).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e), an individual may be served "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. Pro. ("FRCP") 4(e)(1).  Like its federal counterpart, Nevada Rule of Civil Procedure 4.2 permits service within the state by: (1) personally delivering a copy of the summons and complaint to the individual; (2) "leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with a person of suitable age and discretion who currently resides therein and is not an adverse party to the individual being served;" or (3) delivering a copy of the summons and complaint to an authorized agent. *See* Nev. R. Civ. Pro. ("NRCP") 4.2(a); *see also* FRCP 4(e).  Nevada also allows service outside the state and outside the United States. *See* NRCP 4.3.  If, however, the methods of service outlined in NRCP 4.2, 4.3, and 4.4(a) are unavailable, "the court may, upon motion and without notice to the person being served, direct that service be accomplished through any alternative service method." *See* NRCP 4.4.(b)(1).

## III.    DISCUSSION

Plaintiff seeks a court order authorizing alternative service via email. (*See* Mot. Substituted Service, ECF No. 15).  Specifically, Plaintiff argues that its multiple, failed attempts to locate and serve Defendant demonstrate that the normal methods of service are

ineffective and thus, necessitate alternative service to serve Defendant a copy of this Court's Order granting in part and denying in part Plaintiff's Motion for Temporary Restraining Order. (*See id.*).

Under NRCP 4.4, a party seeking an order for alternative service must: (1) demonstrate "that the service methods provided in Rules 4.2, 4.3, and 4.4(a) are impracticable"; (2) provide evidence that "due diligence was undertaken to locate and serve the defendant;" (3) provide evidence of "the defendant's known, or last-known, contact information"; and (4) state why the alternative form of service comports with due process. *See* NRCP 4.4(b)(2); *see also Eko Brands, LLC v. Houseware Sols., LLC*, No. 2:20-cv-2076-RCJ-BNW, 2021 U.S. Dist. LEXIS 159616, at *4 (D. Nev. Aug. 20, 2021); *see also Huang v. Carney*, No. 2:19-cv-00845-GMN-BNW, 2020 U.S. Dist. LEXIS 3980, at *7 (D. Nev. Jan. 8, 2020); *see also Gomez v. State Dep't of Bus. & Indus. Rels.*, No. 2:21-cv-01184-GMN-VCF, 2021 U.S. Dist. LEXIS 201074, at *2 (D. Nev. Oct. 19, 2021).

Here, the Court finds that Plaintiff has met the requirements for alternative service by email. As to the first prong, Plaintiff demonstrates that it made a good-faith effort to locate and serve Defendant under NRCP 4.2(a). Between December 2, 2021, and December 3, 2021, Plaintiff attempted to serve Defendant by personal service at the Property. (*See* Aff. Shanna Garcia, Ex. 1 to Mot. Substituted Service, ECF No. 15-1); (*see also* Aff. Tanner Trewet, Ex. 2 to Mot. Substituted Service, ECF No. 15-2). Once Plaintiff learned that Defendant no longer resided at the Property, Plaintiff swiftly retained an investigator on December 4, 2021, to locate Defendant's whereabouts. (*See* Report, Ex. 3 to Mot. Substituted Service, ECF No. 15-3). Plaintiff also requested through multiple emails that Defendant send her current address and location; however, Defendant did not respond to Plaintiff's emails. (*See* Email from Mintas, Ex. 4 to Mot. Substituted Service, ECF No. 15-4); (*see also* Emails between Amirbeaggi and Mintas, Ex. 5 to Mot. Substituted Service, ECF No. 15-5); (*see also* Emails between Kerr and

Mintas, Ex. 7 to Mot. Substituted Service, ECF No. 15-7).  Given that Plaintiff does not know where Defendant currently resides and further, that there is no applicable statute prescribing a specific method of service, the Court finds that Plaintiff has demonstrated that service pursuant to NRCP 4.2, 4.3, and 4.4(a) is impracticable.

Plaintiff's attempts to locate and serve Defendant, as illustrated above, also show Plaintiff's due diligence in attempting to effectuate service.  Thus, the Court finds that Plaintiff has also met the second prong under NRCP 4.4(b).

As to the third prong, Plaintiff provides two, seemingly active, email addresses to contact Defendant: dr.laila@mintas.net and dr.mintas@gmail.com. (*See* Mot. Substituted Service 6:4–7).  Defendant, as recently as December 9, 2021, responded to emails at her email address: dr.laila@mintas.net. (*See* Emails between Kerr and Mintas at 2).  Furthermore, Defendant confirmed in the Federal Court of Australia that dr.laila@mintas.net is her personal address and further provided an additional email address at dr.mintas@gmail.com. (*See* Decl. of Jennifer Hostetler ("Hostetler Decl.") ¶ 15, Ex. 12 to Mot. Substituted Service, ECF No. 15-12).[2]  The Court accordingly finds that Plaintiff provides sufficient evidence, through a declaration, of Defendant's known, or last known, contact information.

Lastly, Plaintiff satisfies the due process requirement under NRCP 4.4(b)(2)(B).  An alternative method of service comports with due process so long as it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L. Ed. 865, 70 S. Ct. 652 (1950).  In *Huang v. Carney*, the Court determined that the plaintiff failed to adequately explain why his proposed method of service via email comports with due process. *Huang v. Carney*, No. 2:19-cv-00845-GMN-

---

[2] Plaintiff provided a declaration by its counsel, Jennifer Hostetler, to show that Defendant has two potential email addresses.

BNW, 2020 U.S. Dist. LEXIS 3980, at *9 (D. Nev. Jan. 8, 2020).  The plaintiff in *Huang* provided two email addresses. *Id*.  The Court, however, found that the plaintiff neither established that the defendant used the email addresses nor tested that the email addresses were valid "by, for example, sending 'test emails that have not bounced back or returned as undeliverable." *Id*.

In this case, the Court is satisfied that Defendant's email address at dr.laila@mintas.net is a sufficient service method.  Plaintiff has established that Defendant used her email address, dr.laila@mintas.net, as recently as December 9, 2021. (*See* Emails between Kerr and Mintas at 2).  Furthermore, Plaintiff sent a copy of its Motion for TRO to Defendant at dr.laila@mintas.net, and the email did not return as undeliverable. (*See* Emails from Behanu, Ex. 6 to Mot. Substituted Service, ECF No. 15-6); (Hostetler Decl. ¶ 10). Plaintiff sufficiently demonstrates that serving Defendant via the email address, dr.laila@mintas.net, is "reasonably calculated to provide [her] notice and an opportunity to respond." *Rio Props.*, 284 F.3d at 1017 (citing *Mullane*, 339 U.S. at 314)).

The Court, however, is more concerned with Defendant's other email address, dr.mintas@gmail.com.  Plaintiff relies on a declaration by Jennifer Hostetler, its counsel, to show that Defendant also uses another email to receive service. (*See generally* Hostetler Decl.). Jennifer Hostetler claims that Defendant indicated, in the Federal Court of Australia, that she has another email address, dr.mintas@gmail.com, and requested the Australian court documents be sent to that address. (*Id*. ¶ 15).  Plaintiff, however, has not sufficiently shown that the alternative email address, dr.mintas@gmail.com, is valid.  Other than this declaration, Plaintiff has not established that Defendant uses that email address to send or receive communications.  Additionally, Plaintiff has not proven that the email address is valid by testing the address, like it did with Defendant's email address at dr.laila@mintas.net.  Like the plaintiff in *Huang*, Plaintiff has not demonstrated that Defendant receives emails at this other

address. Accordingly, the Court grants alternative service by email to only Defendant's address at dr.laila@mintas.net.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Substituted Service of Dr. Laila Mintas, (ECF No. 15), is **GRANTED**. Plaintiff shall serve Defendant Laila Mintas by email addressed to dr.laila@mintas.net and by mail to 11 Mountain Cove Court, Henderson, NV 89052.[3] Plaintiff shall serve a copy of the summons, Complaint, the Court's Order granting in part and denying in part Plaintiff's Motion for TRO, and this Order granting Plaintiff's Emergency Motion for Substituted Service. Plaintiff shall file proof of service with the Court within seven (7) days after service is effectuated.

**DATED** this  16  day of December, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[3] The Court additionally orders that Plaintiff mail a copy of "the summons and complaint, as well as any order of the court authorizing the alternative service method, to" the Property, pursuant to NRCP 4.4(b)(3)(B).