# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.,<br>　　　Plaintiff(s),<br>v.<br>DR. LAILA MINTAS,<br>　　　Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK<br>**Order**<br>[Docket No. 46] |

Pending before the Court is Plaintiff's motion to extend. Docket No. 46. Defendant filed a response. Docket No. 47. Plaintiff filed a reply. Docket No. 50. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED** in part and **DENIED** in part.

**I.    STANDARDS**

A request to extend unexpired deadlines must be premised on a showing of good cause. Fed. R. Civ. P. 6(b)(1). The good cause analysis generally turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *See, e.g.*, *Maxson v. H&R Block, Inc.*, 2017 WL 1078633, at *2 (D. Nev. Mar. 21, 2017). The party seeking the extension bears the burden of establishing good cause. *See Singer v. Las Vegas Athletic Clubs*, 376 F. Supp. 3d 1062, 1077 (D. Nev. 2019).

**II.    ANALYSIS**

Plaintiff's motion seeks relief both as to the deadline to respond to the counterclaim and to the deadline allowing amendment as a matter of course. *See* Docket No. 46 at 5. The Court will address each request in turn below.

### A. DEADLINE TO RESPOND TO COUNTERCLAIM

The Court begins with the deadline to respond to the counterclaim. Defendant offered to stipulate to extend this deadline by 30 days contingent on Counterclaimant Simic accepting service through counsel. *See* Docket No. 46 at 3. Plaintiff rebuffed this offer, seeking instead an extension of 45 days with no guarantee with respect to accepting service. *See id.*; *see also id.* at 4 n.3 ("we will seek permission from our client to accept service once the requested relief of the enlargement is granted").[1] In reply, however, Plaintiff represented that counsel "will now agree to accept service" subject to a 45-day extension. Docket No. 50 at 4. Hence, the only live dispute between the parties on this subject is whether a 30-day or 45-day extension is warranted. Neither party provides meaningful explanation to advance their preference on this front, so the Court will provide an extension of 37 and ½ days.

Accordingly, the deadline to respond to the counterclaim will be extended to noon on March 7, 2022. A formal acceptance of service for Counterclaimant Simic must be provided in prompt fashion.

### B. DEADLINE TO AMEND PLEADINGS AS A MATTER OF COURSE

The Court will next address the deadline to amend as a matter of course. Plaintiff has not provided sufficient reason to justify this relief. First, Plaintiff provides no legal authority addressing an extension of the deadline to amend as a matter of course.[2,3] Such an absence of legal

---

[1] "Rule 4(d)(2) [of the Federal Rules of Civil Procedure] imposes a *duty* to avoid unnecessary costs of service." *Estate of Darulis v. Garate*, 401 F.3d 1060, 1063 (9th Cir. 2005) (emphasis in original).

[2] Plaintiff conflates two distinct issues: (1) whether this filing deadline should be extended and (2) whether leave to amend should be granted. *See, e.g.*, Docket No. 50 at 3, 5.

[3] The Court notes some additional issues so that they do not recur in the future. First, citations must include the specific page number at which referenced language can be found. Local Rule IA 7-3(b). Plaintiff's reply cites four Ninth Circuit cases, providing erroneous pin-citations for all of them. *See* Docket No. 50 at 3, 5. Second, Plaintiff relies on an unpublished Ninth Circuit case from 1996. *Id.* at 5. Such reliance is improper. Ninth Circuit Rule 36-3(c) (unpublished dispositions issued before January 1, 2007, "may not be cited to the courts of this circuit" except in narrow circumstances not present here). Third, the motion itself does not provide meaningful discussion of the governing standards or identify case law in support of Plaintiff's position. Docket No. 46. A motion itself must include meaningful presentation of the legal issues involved. *See, e.g.*, *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996).

authority is significant given that some courts have expressed reluctance to extend this particular deadline. *Jaime v. Parts Auth. LLC*, 2021 WL 1163165, at *1 (D. Ariz. Mar. 26, 2021) ("The Court does not typically grant extensions of such deadlines"). Indeed, Plaintiff has not sufficiently explained the need for the extension. Plaintiff claims on the one hand that it will suffer "severe prejudice" by being forced to file a motion to amend as opposed to amending as a matter of course, Docket No. 50 at 5, but asserts on the other hand that a motion to amend filed at the early stages of litigation is subject to extremely liberal standards, *see id.* Given that Plaintiff expresses confidence in being able to meet its burden on a motion for leave to amend, it is unclear why there is any significant need to engage in motion practice to extend the deadline to allow amendment as a matter of course. *Cf. Jaime*, 2021 WL 1163165, at *1 (declining to extend deadline to amend as a matter of course because the plaintiff can simply file a motion for leave to amend after that deadline has expired).

Second, and significantly, Plaintiff's request is predicated on the fact that counsel filed a motion to substitute into the case on January 19, 2022, *see* Docket No. 42, but Plaintiff does not address the local rule indicating that such substitution is **not** a good reason for delay, Local Rule IA 11-6(d) ("substitution of an attorney will not alone be reason for delay of pretrial proceedings").

Having not provided legal authority on the particular issue in dispute and having not explained how the request squares with the local rules that appear to foreclose the relief sought, this request will be denied. *Cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only resolve well-developed arguments).

**III.     NOTICE TO COUNSEL**

The Court is dismayed by the snarky tenor of the papers. Such sniping may impede the ability to advance a client's interests and may erode the credibility of the attorney(s) engaged in such conduct. *Dunn v. Wal-Mart Stores, Inc.*, 2013 WL 5940099, at *3-4 (D. Nev. Nov. 1, 2013). The privilege of practicing in this courthouse requires professionalism and civility not exhibited in the pending motion practice. Local Rule 1-1(c). Counsel must do better moving forward.

3

### IV. CONCLUSION

For the reasons discussed more fully above, the motion to extend is **GRANTED** in part and **DENIED** in part. The deadline to respond to the counterclaim will be extended to noon on March 7, 2022.

IT IS SO ORDERED.

Dated: January 26, 2022

_____
Nancy J. Koppe
United States Magistrate Judge