UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br><br> **Order** <br><br> [Docket Nos. 118, 119, 122] |

Pending before the Court is Defendant's motion to compel, motion for sanctions, and motion to seal. Docket Nos. 118, 119, 122. The Court will address each motion in turn.

**I.  MOTION TO COMPEL**

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). Discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer . . . before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that the rules require that the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus the matters in controversy before judicial resolution is sought." *Nevada Power v.*

1

*Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993).  To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id*.  This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.  To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170.[1]  Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place. *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015).

The motion to compel includes a certification that a prefiling conference was held on March 30, 2022.  Docket No. 118 at 12.  The motion to compel also makes clear that Plaintiff made supplemental disclosures after that conference. *Id.* at 13.  Given the additional disclosures made, additional conferral efforts are required. *Cf. Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.7 (D. Nev. 2019) ("additional in-person or telephonic conferences are generally required when the circumstances of a discovery dispute have evolved").

Accordingly, Defendant's motion to compel is **DENIED** without prejudice.

## II. MOTION FOR SANCTIONS

Defendant also brings a motion for sanctions for "having to file [her] Motion to Compel." Docket No. 119 at 24-25.  As the motion for sanctions appears to turn on the outcome of the motion to compel, it is not properly before the Court given that the motion to compel is being denied without prejudice.  Moreover, the motion for sanctions does not identify the sanction(s) that Defendant is seeking.[2]  The term "sanctions" can mean different things.  The Court cannot rule on a motion when it does not specify the relief being sought.

---

[1] These requirements are now largely codified in the Court's local rules. *See* Local Rule 26-7(c), Local Rule IA 1-3(f).

[2] To the extent Defendant is seeking to recover its expenses in bringing the motion to compel, such a request would be made pursuant to Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure.  The motion for sanctions instead relies on Rule 37(c) and case law applying that rule.

Accordingly, Defendant's motion for sanctions is **DENIED** without prejudice.

## III.  MOTION TO SEAL

The motion to seal seeks secrecy for certain exhibits filed in support of the motion to compel and the motion for sanctions.  Docket No. 122.  Given the resolution of those motions above, there is no need for the Court to review these exhibits at this time.  Accordingly, the Clerk is **INSTRUCTED** to strike the sealed appendix at Docket No. 121 and Defendant's motion to seal is **DENIED** as moot.

## IV.  NOTICE TO COUNSEL

Although the Court has already done so, Docket No. 51, it again reminds both sides that they need to be civil and cooperative with one another.[3]  That is particularly true in the context of discovery.  *See* Section I.  The vast majority of discovery disputes should be resolved through cooperative dialogue.  To the extent those obligations are not taken seriously and motion practice ensues, the rules provide for monetary consequences as a means to "deter the abuse implicit in carrying or forcing to carry a discovery dispute to the court when no genuine dispute exists." *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) (quoting advisory committee notes).  To the extent both sides are not living up to their obligations, the Court may fashion other appropriate relief.  *Cf. Mazzeo v. Gibbons*, 2010 WL 3020021, at *2 (D. Nev. July 27, 2010) (imposing sanction of public admonishment).  Both sides are being put on notice that the Court will not hesitate to impose sanctions if they are warranted.

Given the further conferral efforts required above, now is a good time for counsel to reset their working relationship.  <u>Counsel **must** put aside their rancor to focus on the needs of the case.  To the extent they cannot do so, they will face consequences for that shortcoming.</u>

## V.  CONCLUSION

For the reasons discussed more fully above, the Court hereby **ORDERS** as follows:

- The motion to compel (Docket No. 118) is **DENIED** without prejudice;
- The motion for sanctions (Docket No. 119) is **DENIED** without prejudice;

---

[3] It is not helpful to the Court when extraneous information is provided to vilify the opposing side.  The parties' motion practice must focus on the issues actually in dispute.

- The motion to seal (Docket No. 122) is **DENIED** as moot because the Court **INSTRUCTS** the Clerk's Office to **STRIKE** the appendix at Docket No. 121.

IT IS SO ORDERED.

Dated: May 5, 2022

_____
Nancy J. Koppe
United States Magistrate Judge