# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> DR. LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br><br> **ORDER** <br><br> [Docket No. 78] |

Pending before the Court is Defendant's motion to amend the counterclaims. Docket No. 78. Plaintiff filed a response in opposition. Docket No. 107. Defendant filed a reply. Docket No. 112.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for leave to amend is hereby **GRANTED**.[2]

**I.     STANDARDS**

Requests for leave to amend the pleadings filed before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under

---

[1] The parties have since engaged in ancillary motion practice related to an exhibit submitted with the reply. Docket Nos. 116, 117. The Court herein does not rely on the subject exhibit. The Court will resolve the ancillary motion practice through issuance of a separate order once those motions have been fully briefed.

[2] It is within a magistrate judge's authority to grant leave to amend the complaint. *Vandehey v. Real Soc. Dynamics, Inc.*, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal v. Maricopa Cnty. Bd. of Sup'rs*, 284 F.R.D. 452, 458 (D. Ariz. 2012)).

Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original). The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

**II.     ANALYSIS**

Plaintiff opposes the instant motion primarily on the grounds of futility and prejudice.[3] The Court will address each argument in turn.

**A.     Futility**

Plaintiff urges that the proposed amendments are futile. Docket No. 107 at 8-24. Defendant responds that the proposed amendments are not futile. Docket No. 112 at 7-13. The Court declines to opine on the parties' competing positions at this stage. Courts are empowered to deny leave to amend based on the futility of the proposed amendment. *E.g., Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Nonetheless, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion

---

[3] Plaintiff states in a footnote that there was undue delay because Defendant knew the basis of her proposed amendments earlier, Docket No. 107 at 5 n.3, but Plaintiff has not explained in meaningful fashion how that creates a basis to deny leave to amend, *cf. Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 316900, at *3 (D. Nev. Jan. 23, 2015) ("A strong presumption against a finding of undue delay exists when a case is still in discovery"). Plaintiff also states in a footnote that leave to amend has been sought in bad faith, Docket No. 107 at 4 n.4, but Plaintiff relies on the futility of amendment (addressed below) and has otherwise not made a strong showing of bad faith. Neither of these conclusory arguments is persuasive.

to dismiss. *See, e.g., in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008). Plaintiff has not provided adequate reason to chart a different course here.[4] The Court finds Plaintiff's futility arguments premature and insufficient to deny leave to amend.

B. Prejudice

Plaintiff also argues that granting leave to amend will be prejudicial because it will require the expense of filing another motion to dismiss and otherwise defending against the amended counterclaims. Docket No. 107 at 4, 24-25.[5] Generally speaking, the cost of defending against a new claim is not the type of prejudice recognized as being sufficient to deny leave to amend. *See, e.g.*, *Ashcraft v. Welk Resort Grp., Corp.*, 2018 WL 357850, at *2 (D. Nev. Jan. 10, 2018). That is particularly true in a case, like this one, that is still in its early stages with months left in the discovery period. Docket No. 99 at 4-5.[6] The Court is not persuaded amendment is prejudicial.

**III. CONCLUSION**

For the reasons discussed above, the motion for leave to amend is hereby **GRANTED**. Defendant must promptly file and serve the amended counterclaims. *See* Local Rule 15-1.

IT IS SO ORDERED.

Dated: May 13, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] Plaintiff argues that it will be prejudiced by incurring the cost of filing a motion to dismiss. Docket No. 107 at 4. As discussed below, the Court is not persuaded by that reasoning.

[5] As noted in reply, Docket No. 112 at 2, Plaintiff's assertion of prejudice is quite awkward given that it previously asked the Court to grant Defendant's motion for leave to amend so that it could file an amended motion to dismiss. Docket No. 91 at 3. Plaintiff has not explained how it is prejudiced by the Court ordering the course of action that it requested a few weeks ago.

[6] Plaintiff relies in significant part on a case finding prejudice based on the need to conduct additional discovery. *Georgiou Studio, Inc. v. Boulevard Inv., LLC*, 663 F. Supp. 2d 973, 978 (D. Nev. 2009). Context is important. That case involved a motion to amend filed after the discovery cutoff, after summary judgment motion practice, and on the eve of trial. *Id.* The finding of prejudice was expressly premised on that procedural posture. *See id.* at 979 (finding the leave to amend would be prejudicial "when viewed in light of the timing of Boulevard's motion"). Such circumstances do not exist in this case.