1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PLAYUP, INC.,

       Plaintiff(s),

v.

DR. LAILA MINTAS,

       Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**ORDER**

[Docket No. 79]

Pending before the Court is Plaintiff's motion to amend the complaint. Docket No. 79. Defendant filed a response in opposition. Docket No. 106. Plaintiff filed a reply. Docket No. 114. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for leave to amend is hereby **GRANTED**.[1]

## I.   STANDARDS

Requests for leave to amend the pleadings filed before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. These factors do not carry equal weight, however, and

---

[1] It is within a magistrate judge's authority to grant leave to amend the complaint. *Vandehey v. Real Soc. Dynamics, Inc.*, 2017 WL 4411042, at *1 n.4 (D. Nev. Oct. 4, 2017) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102 n.1 (9th Cir. 1985) and *Morgal v. Maricopa Cnty. Bd. of Sup'rs.*, 284 F.R.D. 452, 458 (D. Ariz. 2012)).

prejudice is the touchstone of the analysis.  *See id.*  "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.* (emphasis in original).  The party opposing the amendment bears the burden of showing why leave to amend should be denied.  *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

**II.   ANALYSIS**

Defendant opposes the instant motion on two grounds:  futility and bad faith.  The Court will address each argument in turn.

**A.   Futility**

Defendant urges that the proposed amendments are futile.  Docket No. 106 at 9-13.  Plaintiff responds that the proposed amendments are not futile.  Docket No. 114 at 4-8.  The Court declines to opine on the parties' competing positions at this stage.  Courts are empowered to deny leave to amend based on the futility of the proposed amendment.  *E.g., Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).  Nonetheless, "[d]enial of leave to amend on this ground is rare.  Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."  *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003).  Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss.  *See, e.g., in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).  Defendant provides no reason why the Court should chart a different course here.  The Court finds Defendant's futility arguments premature and insufficient to deny leave to amend.

**B.   Bad Faith**

Defendant also argues that leave to amend should be denied on the basis of bad faith.  Docket No. 106 at 13-14.  In particular, Defendant contends that the amendment is inconsistent with one of Plaintiff's discovery responses.  *Id.*  Plaintiff counters that there is no inconsistency,

but rather the discovery response arose out of Defendant's confusion as to which entity has possession, custody, or control of which documents.  Docket No. 114 at 9.  The Court is not persuaded that the existence of this discovery dispute[2] constitutes a "strong showing" that the motion for leave to amend has been brought in bad faith.[3]  As such, the Court is not persuaded that leave to amend should be denied on the basis of bad faith.

## III.    CONCLUSION

For the reasons discussed above, the motion for leave to amend is hereby **GRANTED**. Plaintiff must promptly file and serve the amended complaint.  *See* Local Rule 15-1.

IT IS SO ORDERED.

Dated: May 13, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] To be clear in the event the discovery dispute comes before the Court in other motion practice, the Court does not herein express any opinion as to the merits of the discovery dispute.

[3] Defendant relies in significant part on a Ninth Circuit case in which bad faith was found because the amendment being sought added causes of action on which discovery had not been taken. *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).  Context is important.  That Ninth Circuit case involved an attempt to add previously-known causes of action after the discovery cutoff and in response to a motion for summary judgment. *Id.*  Hence, the finding of bad faith was premised on the fact that the claims were known during the discovery period, but the movant waited until after the close of discovery to seek amendment.  Such circumstances do not exist here.