# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

PLAYUP, INC.,

    Plaintiff(s),

v.

DR. LAILA MINTAS,

    Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**Order**

[Docket Nos. 180, 181, 202]

    Pending before the Court is Plaintiff's motion for spoliation sanctions. Docket No. 180.[1] Defendant filed a response. Docket No. 187. Plaintiff filed a reply. Docket No. 195. The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motion for spoliation sanctions is **DENIED** without prejudice.

    First, deciding whether a party engaged in sanctionable spoliation is a fact-intensive decision that is generally made upon *a full record*. *See Heath v. Tristar Prods., Inc.*, 2021 WL 3082564, *8 (D. Nev. July 21, 2021). In an order issued concurrently herewith, the Court is requiring deposition testimony pertinent to Defendant's positions on the spoliation issues. The Court will address spoliation on a more fully developed record.

    Second, the sanctions arising out of alleged spoliation can come in a number of forms and different types of sanctions may involve unique considerations. Courts generally require meaningfully developed argument *specific to each type of sanction being sought*. *E.g.*, *Lall v. Corner Inv. Co.*, No. 2:20-cv-01287-JAD-NJK, Docket No. 96 at 1-3 (D. Nev. Jan. 12, 2022). By way of example, a request to strike an answer is a harsh penalty that is appropriate only upon

---

[1] Plaintiff also filed concurrently a motion to extend the discovery cutoff. Docket No. 181. In light of the ruling herein, the motion to extend is **DENIED** without prejudice. Defendant also filed a motion for a surreply. Docket No. 202. In light of the ruling herein, the motion for a surreply is **DENIED** as moot.

1

consideration of several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169 (9th Cir. 2012); *see also Burris v. JPMorgan Chase & Co.*, 566 F. Supp. 3d 995, 1018 (D. Ariz. 2021) (applying these factors in deciding spoliation sanctions for electronically stored information).[2] Although Plaintiff's motion alludes to the imposition of such a sanction here, Docket No. 180 at 11 n.5, Plaintiff does not meaningfully address these factors.[3] To the extent Plaintiff seeks this sanction, it must provide the appropriate analysis. *See Garcia v. Serv. Emps. Int'l Union*, 2019 WL 8750275, at *2 (D. Nev. May 23, 2019). Similarly, whether to allow a forensic examination of a litigation opponent's electronic devices requires a careful consideration of a number of factors. *See, e.g.*, *United Artists Corp. v. United Artists Studios LLC*, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019). Plaintiff's motion provides a single paragraph addressing this significant relief. Docket No. 180 at 14. Particularly given the important privacy issues involved, *SGII, Inc. v. Suon*, 2021 WL 6752324, at *9 (C.D. Cal. Dec. 29, 2021), the Court does not find the briefing sufficiently developed with respect to this relief.[4,5]

---

[2] A failure to preserve electronically stored information is governed by Rule 37(e) of the Federal Rules of Civil Procedure, as amended in 2015. This rule "forecloses reliance on inherent authority" in addressing electronically stored information. *See* Fed. R. Civ. P. 37(e), Advisory Committee Notes (2015). The instant motion does not address in meaningful fashion the framework established in that rule.

[3] Plaintiff appears to invite the Court to conduct this analysis without input from the parties. *See id.* The Court declines to do so. *Cf. Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 & n.14 (1980) (sanctions should be imposed only with fair notice and an opportunity to be heard).

[4] The Court is not herein attempting to catalogue all of the holes in the motion practice, and there are others. As another obvious example, Plaintiff has not explained what protocol will be in place for any forensic examination that is ordered. *But see Alexis v. Rogers*, 2017 WL 1073404, at *4 (S.D. Cal. Mar. 21, 2017) ("a compelled forensic examination is only appropriate where there is a protocol in place that will protect against unwarranted invasion of privacy").

[5] This order addresses the deficiencies in the motion itself because movant bears a basic burden of presenting a sufficient legal and factual basis for its requests. *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 244 (D. Nev. 2017). To be clear, Defendant's briefing also leaves much to be desired. Using the forensic examination as an example, Defendant's response provides no legal authority at all and consists essentially of an accusation that it is Plaintiff's electronic devices that should be examined. Docket No. 187 at 22. An assertion that one's litigation opponent has not fulfilled its obligations is not a free pass to avoid the consequences of one's own

Accordingly, Plaintiff's motion for spoliation sanctions (Docket No. 180) is **DENIED** without prejudice.[6] The motion to extend (Docket No. 181) is also **DENIED** without prejudice. The motion for a surreply (Docket No. 202) is **DENIED** as moot.[7]

IT IS SO ORDERED.

Dated: September 2, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

discovery shortcomings.  *E.g.*, *Herndon v. City of Henderson*, 507 F. Supp. 3d 1243, 1251-52 (D. Nev. 2020).  Moreover, a responsive brief is not a proper vehicle for seeking relief.  Local Rule IC 2-2(b); *see also Underwood v. O'Reilly Auto Enterps., LLC*, 2022 WL 1184883, at *2 (D. Nev. Apr. 20, 2022) (discussing *Bank of N.Y. Mellon v. SFR Invs. Pool 1, LLC*, 2017 U.S. Dist. Lexis 132101, at *2 (D. Nev. Aug. 18, 2018)).  Lastly, the Court does not grant relief without well-developed argument.  *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

[6] Nothing herein prevents counsel from filing separate motions targeted at specific relief (*i.e.*, a motion for forensic examination or a motion for a second deposition) in an effort to streamline the legal and factual analysis so that it can be tailored to that specific relief.  To the extent any such specific relief does not require a showing of actual spoliation, nothing herein prevents counsel from seeking that relief if the record is already sufficiently developed as to the specific considerations pertinent to that relief.

[7] The Court is not herein making any findings pertinent to the issues presented.  Nonetheless, the Court will express its significant concerns as to the possibility that Plaintiff is seeking spoliation sanctions against Defendant despite the potential that the same documents remain in the custody of Plaintiff's corporate parent, *see* Docket No. 194 at 4 n.6 (arguing that it is "rank speculation" and "irrelevant" whether these same documents are within the possession of Plaintiff's corporate parent), and the possibility that Defendant's "spoliation" might be derived from the corporate parent removing Defendant's access to the documents, *see* Docket No. 187 at 12.  Plaintiff may wish to consider very carefully all of the pertinent circumstances before engaging in further motion practice on the subject.