UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> DR. LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br><br> **Order** <br><br> [Docket Nos. 203, 213] |

    Pending before the Court is Counter-Plaintiff Laila Mintas' motion to compel discovery. Docket No. 203. Counter-Defendants PlayUp Ltd. and Daniel Simic filed a response in opposition, Docket No. 212, as well as a countermotion to stay discovery, Docket No. 213. Counter-Plaintiff filed a reply. Docket No. 215.

    The Court does not generally require two sets of briefing on a motion to compel and a counter-motion for protective order because the pertinent issues can all be addressed in one set of motion practice. *See* Fed. R. Civ. P. 26(c)(2) (if a motion for protective order is denied, the Court may compel discovery); Fed. R. Civ. P. 37(a)(5)(B) (if a motion to compel is denied, the Court may issue a protective order). The Court entered a minute order in this case indicating that it would not need separate briefing on Counter-Defendants' countermotion. Docket No. 214. It appears that Counter-Plaintiff may have interpreted that minute order as indicating that she need not respond to the issues raised in the countermotion to stay discovery. *See* Docket No. 215 at 2 n.1 (asserting that Counter-Plaintiff would "not discuss" the countermotion). That was not the Court's intention. The minute order was intended to streamline the briefing process by having <u>all</u> of the pertinent issues addressed in one set of briefs. Despite the Court's intention, it is now not clear whether all of the issues have been briefed.

Accordingly, the Court orders Counter-Plaintiff to file a response to the countermotion to stay discovery by September 20, 2022, and Counter-Defendants to file a reply by September 27, 2022. In addition to briefing any outstanding issues related to the countermotion, the parties must also meaningfully address the impact (if any) of Counter-Defendant Simic's initial disclosures and damages calculation on his assertion that discovery should be stayed.[1] The briefing must include citation to pertinent legal authority specific to that issue or a representation that none was identified notwithstanding a reasonable search.

IT IS SO ORDERED.

Dated: September 14, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Mintas' motion to compel and reply rely in part on the fact that Simic provided initial and supplemental disclosures, including his own computation of damages. Docket No. 203 at 4-5; Docket No. 215 at 2 n.2, 3, 8-9. Mintas does not cite case law addressing how such circumstances impact a later request to stay discovery pending resolution of a personal jurisdiction challenge. Mintas' response to the underlying motion to dismiss also raises this issue, but fails to provide legal authority addressing how the identified circumstances impact (if at all) a personal jurisdiction challenge. *See* Docket No. 166 at 21. Simic indicates that he "never waived" his objection to participating in discovery, but does not provide a meaningful response to the initial disclosure and computation of damages issues raised. *See* Docket No. 212 at 7.