**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PLAYUP, INC.,

Plaintiff(s),

v.

DR. LAILA MINTAS,

Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**Order**

[Docket Nos. 203, 213]

Pending before the Court is Counter-Plaintiff Laila Mintas' motion to compel discovery. Docket No. 203. Counter-Defendants PlayUp Ltd. and Daniel Simic filed a response in opposition. Docket No. 212. Counter-Plaintiff filed a reply. Docket No. 215. Also pending before the Court is Counter-Defendants' counter-motion to stay discovery. Docket No. 213. Counter-Plaintiff filed a response in opposition. Docket No. 217. Counter-Defendants filed a reply. Docket No. 219. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the cross-motion to stay discovery (Docket No. 213) is **DENIED** and the motion to compel (Docket No. 203) is **GRANTED**.

## I. BACKGROUND

PlayUp is an online sports betting platform. Docket No. 134 at ¶ 21. Dr. Laila Mintas was the Chief Executive Officer of PlayUp's American entity. *See id.* at ¶ 27. That employment ended on November 30, 2021. *Id.* at ¶ 95. The parties have drastically different accounts as to how that employment ended. PlayUp brought suit alleging contractual and tort claims against Mintas.

Mintas responded with her own contractual and tort counterclaims. These counterclaims were brought not only against PlayUp's American entity (PlayUp Inc.), but also against its Australian parent company (PlayUp Ltd.) and the Director of PlayUp (Simic). Docket No. 52 (amended counterclaims). Counter-Defendants filed motions to dismiss for lack of personal

jurisdiction, which are fully briefed. *See* Docket Nos. 143, 144 (motions); Docket No. 152 (corrected image); Docket Nos. 166, 168 (responses); Docket Nos. 172, 174 (replies); Docket No. 196 (motion to supplement); Docket No. 204 (response); Docket No. 206 (reply).

The parties are now before the Court on a dispute as to whether Counter-Defendants must participate in discovery notwithstanding the pendency of their jurisdictional challenge.

## II. STANDARDS

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The fact that conducting discovery while a potentially dispositive motion is pending may involve inconvenience or expense is not sufficient, standing alone, to impose a stay of discovery. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quoting *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and finds the motion sufficiently meritorious to warrant a stay. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1, 2] A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing

[1] Counter-Defendants cast this as a "balancing" analysis with different "factors" to be considered. *See* Docket No. 219. That is wrong. This is a test with requirements that must be satisfied to warrant a stay of discovery; the failure to satisfy any of the requirements may be fatal to the request. *See, e.g.*, *Las Vegas Sun, Inc. v. Adelson*, 2020 WL 2114352, at *4 n.6 (D. Nev. May 4, 2020). Courts routinely deny motions to stay discovery based solely on the fact that the preliminary peek shows an insufficient likelihood of success on the underlying dispositive motion. *See, e.g.*, *in re J&J Invs. Litig.*, 2022 WL 4536948, at *1 (D. Nev. Sept. 28, 2022).

[2] In a footnote, Counter-Defendants invite the Court to stay discovery without conducting a preliminary peek. *See* Docket No. 212 at 15 n.13. Courts do not generally consider arguments raised without meaningful development. *Kor Media*, 294 F.R.D. at 582 n.3; *see also Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996) (declining to consider issue raised without reasoning in a footnote).

that discovery should be stayed. *See Holiday Sys., Int'l of Nev. v. Vivarelli, Schwarz, and Assocs.*, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012).

When the underlying motion challenges personal jurisdiction, the pendency of that motion strongly favors a stay or, at a minimum, limitations on discovery until the question of jurisdiction is resolved. *E.g.*, *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013). Nonetheless, the filing of a motion challenging personal jurisdiction does not mandate a stay of discovery and the Court retains discretion to require discovery to go forward. *See AMC Fabrication, Inc. v. KRD Trucking West, Inc.*, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012); *see also Holiday Systems*, 2012 WL 3860824, at *2 (affirming magistrate judge's denial of request to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction); *Edwards v. Juan Martinez, Inc.*, 2020 WL 5648319, at *2-6 (D. Nev. Sept. 22, 2020) (denying motion to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction); *Kabo Tools*, 2013 WL 5947138, at *2 (same).

## III. ANALYSIS

The issue before the Court is whether Counter-Defendants should be permitted to avoid discovery during the pendency of the motions to dismiss for lack of personal jurisdiction. The Court concludes that they should not.

Having conducted a preliminary peek, the Court does not find Simic's motion to dismiss sufficiently likely to succeed to warrant a stay of discovery.[3] The amended counterclaims include a cause of action for defamation, as well as related torts. *See* Docket 133 at ¶¶ 188-197 (defamation claim); *see also id.* at ¶¶ 198-215 (false light and intentional inflection of emotional distress claims). The amended counterclaims allege on information and belief that "Simic was in Nevada in November/December 2021 [at which time he] further defamed Dr. Mintas to others while here."

---

[3] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motions to dismiss may have a different view of their merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of those motions is not intended to prejudice their outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motions to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motions and subsequent briefing.

*Id.* at ¶ 13. The amended counterclaims also allege on information and belief that the contents of such communications in Nevada included, *inter alia*, that Simic "told other business partners that Dr. Mintas sabotaged the FTX deal." *Id.* at ¶ 15. It appears that deposition testimony supports Counter-Plaintiff's allegations that Simic made allegedly disparaging comments while he was physically in Nevada. *See* Docket No. 196 (motion to supplement).[4] Hence, Counter-Plaintiff has alleged and provided evidence that Simic committed the alleged torts in question within the state of Nevada. That is significant given the Ninth Circuit authority that "[a] defendant who travels to Nevada and commits an intentional tort there can be sued in that state, absent circumstances that would make such a suit unreasonable." *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 600 (9th Cir. 2018) (noting further that this "outcome appears obvious"); *see also id.* at 603 ("Schmidt's allegedly defamatory statement was made in Nevada, and the cause of action arises from that statement. Because Plaintiffs allege that Defendants committed the intentional tort of defamation while present in the forum state, the first two prongs of the minimum contacts test are satisfied here").[5, 6] It appears likely that this Court has personal jurisdiction over Simic.

The undersigned also finds that PlayUp Ltd.'s motion to dismiss is not sufficiently likely to succeed to warrant a stay of discovery. Counter-Plaintiff's employment contract includes a forum selection clause identifying Nevada as the forum for any legal actions related to her employment. Docket No. 22-1 at 29-30 ("Any lawsuit relating to this Agreement and/or Executive's employment shall be brought exclusively in the state or federal courts of Nevada, and the parties' [sic] consent to the laying of venue in, and the exercise of personal jurisdiction by,

---

[4] Simic opposes the motion to supplement on various grounds. Docket No. 204. Those arguments do not move the needle much. At bottom, the undersigned is not persuaded that Simic will likely be dismissed on personal jurisdiction grounds given the allegations and deposition testimony that he made disparaging comments in Nevada.

[5] For the sake of completeness, the undersigned notes further that it does not appear likely that personal jurisdiction will be rejected on reasonableness grounds in this case.

[6] It does not appear that the parties cited this case in their briefing on the motion to dismiss or motion to supplement. Given that Ninth Circuit authority is binding on this District and given the similarities of issues involved, counsel may wish to consider whether they have an ethical obligation to formally advise the district judge of this precedent. *See* Nev. R. Prof. Cond. 3.3(a)(2); *see also Kor Media*, 294 F.R.D. at 584 n.7.

such courts"). While PlayUp Ltd. is not identified explicitly as a party to that agreement, Counter-Plaintiff's responsibilities as described in that agreement explicitly include work for PlayUp Ltd., *see, e.g.*, *id.* at 21 (requiring Counter-Plaintiff to perform any work "as may be specifically directed by and as requested by the Board or CEO of PlayUp Ltd."), Simic appears to have signed the agreement as a PlayUp Ltd. officer, *see, e.g.*, *id.* at 30 (title stated as "CEO – Global"), and courts have found that non-parties may be bound by forum selection clauses, *see, e.g.*, *White Knight Yacht LLC v. Certain Lloyds at Lloyd's London*, 407 F. Supp. 3d 931, 947 (S.D. Cal. 2019). It appears likely that this Court has personal jurisdiction over PlayUp Ltd.

In light of these circumstances, the Court concludes that a stay of discovery is not warranted based on the pending motions to dismiss.[7, 8]

## IV. SANCTIONS

Counter-Plaintiff also seeks an award of sanctions in her motion to compel. Docket No. 203 at 22-23. Attorneys' fees sought in relation to a successful motion to compel are generally governed by Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure. *See, e.g.*, *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020). Counter-Plaintiff does not seek fees under that provision. *See* Docket No. 203 at 21-22.

Instead, Counter-Plaintiff seeks sanctions under the Court's inherent authority and pursuant to Rule 37(c) of the Federal Rules of Civil Procedure. *See id.* "Particularly when there exists a rule tailored to a particular issue, courts are generally reluctant to stretch other rules as

---

[7] Counter-Defendants note that they have also sought a stay of the case from the district judge, arguing that it is therefore improper for Counter-Plaintiff to push for discovery from the undersigned magistrate judge. *See, e.g.*, Docket No. 213 at 8. It is axiomatic that the act of filing a motion to stay does not have any effect on the parties' obligations to proceed; only an order granting such relief imposes a stay. *E.g.*, *Willemijn Houdstermaatschaapij BV v. Apollo Comp. Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("Defendant's argument assumes that the moment it has filed a motion to stay discovery on the damages issue, it need no longer obey basic discovery rules. Defendant is in effect granting itself a stay of discovery. Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all"). The mere fact that a motion to stay the case remains pending is not a bar to the undersigned denying the motion to stay discovery and compelling Counter-Defendants to provide discovery.

[8] Because the motion to stay discovery fails on its merits, the Court need not address Counter-Plaintiff's argument that Counter-Defendants waived their right to obtain such a stay by not seeking one earlier in the case.

potential bases to impose sanctions." *Borenstein v. Animal Found.*, 2022 WL 3649284, at *5 (D. Nev. Aug. 24, 2022). Counter-Plaintiff has not explained why sanctions sought in conjunction with a motion to compel should be judged based on inherent authority or Rule 37(c).

Accordingly, the request for sanctions will be denied without prejudice.

## V. CONCLUSION

For the reasons discussed above, the cross-motion to stay discovery (Docket No. 213) is **DENIED** and the motion to compel (Docket No. 203) is **GRANTED**. Counter-Defendants must respond to the identified discovery[9] by October 13, 2022.

Given the procedural posture of the case and the ruling made herein, it is not clear whether the scheduling order needs to be modified. The parties must promptly confer and must file a joint statement on that issue by October 6, 2022.

IT IS SO ORDERED.

Dated: September 29, 2022

Nancy J. Koppe
United States Magistrate Judge

[9] *See* Docket No. 203 at 5-18.