UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br><br> **Order** <br><br> [Docket No. 221] |

"No one said it would be easy/ But no one said it'd be this hard." Sheryl Crow, *No One Said It Would Be Easy* (A&M Records 1993). Despite the fact that discovery should involve minimal judicial involvement and that counsel have an overriding obligation to engage in discovery with a spirit of cooperation, *see Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015), the Court now addresses the umpteenth discovery dispute arising in this case. In the latest dispute, Counter-Defendants Daniel Simic and PlayUp Ltd. ask the Court to put on hold its order that they must participate in discovery while they seek review of that order from the assigned district judge. Docket No. 221 (motion to stay magistrate judge order); *see also* Docket No. 222 (objection to order). The motion to stay magistrate judge order was filed on an emergency basis, *see* Docket No. 221 at 1 n.1, so the Court shortened the briefing schedule, Docket No. 224. Counter-Plaintiff Laila Mintas filed a response in opposition. Docket No. 225. Counter-Defendants filed a reply. Docket No. 227. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, Counter-Defendants' motion to stay magistrate judge order is **DENIED**.

## I. BACKGROUND

PlayUp is an online sports betting platform. Docket No. 134 at ¶ 21. Mintas was the Chief Executive Officer of PlayUp's American entity. *See id.* at ¶ 27. That employment ended on November 30, 2021. *Id.* at ¶ 95. The parties have drastically different accounts as to how that employment ended. Plaintiff brought suit alleging contractual and tort claims against Mintas.

Mintas responded with her own contractual and tort counterclaims. The counterclaims were brought not only against PlayUp's American entity (PlayUp Inc.), but also against its Australian parent company (PlayUp Ltd.) and the Director of PlayUp and its subsidiaries (Simic). Docket No. 52 (amended counterclaims). Counter-Defendants PlayUp Ltd. and Simic filed motions to dismiss for lack of personal jurisdiction. *See* Docket Nos. 143, 144; *see also* Docket No. 152 (corrected image). Although they did not file a motion to stay discovery, Counter-Defendants refused to participate in the discovery process based on the pendency of these motions to dismiss. *See, e.g.*, Docket No. 203-7. That stance prompted Counter-Plaintiff to file a motion to compel Counter-Defendants to provide responses to the discovery that had been served. Docket No. 203. Counter-Defendants then filed a motion to stay discovery pending resolution of the motions to dismiss. Docket No. 213.

On September 29, 2022, the Court denied the motion to stay discovery and granted the motion to compel discovery. Docket No. 220. That ruling was predicated on the fact that the motions to dismiss for lack of personal jurisdiction were not sufficiently meritorious to warrant a stay of discovery. With respect to Simic, the Court noted that the allegations and evidence that he made defamatory statements within Nevada made it "appear[] obvious" (in the words of controlling Ninth Circuit authority) that the first two prongs of the personal jurisdiction test were satisfied. *See id.* at 3-4 (discussing *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 600, 603 (9th Cir. 2018)). The Court also found that the exercise of personal jurisdiction over Simic appeared to not be unreasonable. *See* Docket No. 220 at 4 n.5. With respect to PlayUp Ltd., the Court noted that Counter-Plaintiff's employment contract includes a forum selection clause identifying Nevada as the forum for any legal actions related to her employment. *Id.* at 4-5. The Court noted further that Counter-Plaintiff's responsibilities as described in that agreement

explicitly include work for PlayUp Ltd. and Simic appears to have signed the agreement as a PlayUp Ltd. officer, which make it likely that PlayUp Ltd. is subject to the Court's personal jurisdiction. *See id.* Given that a stay of discovery was not warranted, the Court ordered Counter-Defendants to participate in discovery by granting Counter-Plaintiff's motion to compel.

The parties are now before the Court on Counter-Defendants' request to stay the operation of that order.

**II.   STANDARDS**

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge may decide a non-dispositive pretrial matter. Fed. R. Civ. P. 72(a). A magistrate judge's non-dispositive ruling is subject to review by the district judge if a party files an objection within 14 days. *Id.* When a timely objection is filed, the district judge may modify or set aside a magistrate judge's non-dispositive order if it is clearly erroneous or contrary to law. *Id.*

"We begin with the basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). "It is well-established law that the filing of an objection to a magistrate judge's order on a non-dispositive motion does not automatically stay that order's operation." *Castelan-Gutierrez v. Bodega Latina Corp.*, No. 2:17-cv-01877-JAD-NJK, 2018 WL 4050493, at *1 (D. Nev. Mar. 30, 2018); *accord Ignite Spirits, Inc. v. Consulting by AR, LLC*, No. 2:21-cv-01590-JCM-EJY, 2022 WL 4112222, at *2 (D. Nev. Aug. 22, 2022); *U.S. Commodity Futures Trading Comm'n v. Banc De Binary, Ltd.*, No. 2:13-cv-992-MMD-VCF, 2015 WL 3454412, at *1 (D. Nev. June 1, 2015); *Garity v. Donahoe*, No. 2:11-cv-01805-RFB-CWH, 2014 WL 4402499, at *2 (D. Nev. Sept. 5, 2014); *Morales v. Allied Building*

*Crafts, Inc.*, No. CV-S-04-1365-LRH-LRL, 2005 WL 8161664, at *2 (D. Nev. Oct. 6, 2005).[1] It is also axiomatic that the filing of a motion to stay does not impact the obligation to proceed; only an order granting such relief imposes a stay. *E.g.*, *Willemijn Houdstermaatschaapij BV v. Apollo Comput. Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989) ("Defendant's argument assumes that the moment it has filed a motion to stay discovery on the damages issue, it need no longer obey basic discovery rules. Defendant is in effect granting itself a stay of discovery. Simple logic teaches that defendant has put the presumption on the wrong side: unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all").

While a stay is not available as a matter of right, federal courts possess the inherent authority to impose stays pending challenges to their orders in appropriate circumstances. *See Nken v. Holder,* 556 U.S. 418, 426 (2009). Litigants may seek relief from the operation of a magistrate judge's non-dispositive order by filing a motion to stay that order. *See Esparza*, 200

---

[1] Sound policy considerations support this conclusion. First, "decisions by a magistrate judge should not be considered ineffective, advisory, or nonfinal simply because they may be reviewed by the district [judge]." *Kimbrell v. ADIA, S.A.*, 834 F. Supp. 1313, 1317 (D. Kan. 1993). A magistrate judge is empowered by statute to "determine" non-dispositive matters, as opposed to merely making recommendations. 28 U.S.C. § 636(b)(1). Allowing for an automatic stay of a magistrate judge's non-dispositive order would erode that authority: "A magistrate [judge]'s order will not determine anything if it can be automatically stayed by filing an objection. Indeed, such an interpretation would essentially reduce the magistrate [judge]'s order to the status of a recommendation where an objection is raised." *White v. Burt Enterps.*, 200 F.R.D. 641, 642 (D. Colo. 2000) (quoting *Williams v. Texaco, Inc.*, 165 B.R. 662, 673 (D.N.M. 1994)); *see also in re Air Crash at Taipei, Taiwan on Oct. 31, 2000*, No. MDL 1394-GAF(RCx), 2002 WL 32155477, at *5 (C.D. Cal. Oct. 23, 2002). Second, allowing the act of filing an objection to automatically stay a magistrate judge's order would incentivize frivolous objections. *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989). "Such misuse of the objection process would further burden district judges," contrary to the purpose of having magistrate judges to lighten the load. *Esparza v. Bridgestone/Firestone, Inc.*, 200 F.R.D. 654, 657 (D. Colo. 2001). Third, an automatic stay brings an inherent risk of delay regardless of the merits (or lack thereof) of any objection, which could be "enormous[]" given "this time of congested dockets." *See id*. Courts must guard against such an intolerable clog on the pretrial process. *See Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964); *see also Litton Industries*, 124 F.R.D. at 79. In short, "[d]iscovery matters have been delegated to the magistrate judges in order to promote judicial efficiency and the speedy resolution of pre-trial disputes which might interfere with an orderly discovery process." *Nat'l Excess Ins. Co. v. Civerolo, Hansen & Wolf, P.A.*, 139 F.R.D. 401, 404 (D.N.M. 1991). Allowing for unjustified stays of the enforcement of non-dispositive orders threatens to undermine these goals. *Id.*

4

F.R.D. at 657.² "In considering whether to stay a magistrate judge's order pending Rule 72 objections, courts typically apply the same four-factor test used for a stay pending appeal." *Pablovich v. Rooms to Go La. Corp.*, Civ. No. 20-617, 2021 WL 928030, at *2 (E.D. La. Mar. 11, 2021) (collecting cases). As such, courts adjudicate motions to stay a magistrate judge's non-dispositive order by analyzing: (1) whether the movant is likely to succeed on its objection; (2) whether the movant will suffer irreparable injury in the absence of a stay; (3) whether the other parties will be substantially injured by a stay; and (4) where the public interest lies. *E.g.*, *Trs. of N. Nev. Operating Eng'rs Health & Welfare Tr. Fund v. Mach 4 Constr., LLC*, No. 3:08-cv-00578-LRH-RAM, 2009 WL 1940087, at *2 (D. Nev. July 7, 2009).³ The first two factors are the most critical. *Nken,* 556 U.S. at 434. Courts exercise their discretion in deciding whether to impose such a stay based on the circumstances of the particular case. *Great-West Life & Annuity Ins. Co. v. Am. Econ. Ins. Co.*, No. 2:11-cv-02082-APG-CWH, 2013 WL 5954470, at *2 (D. Nev. Nov. 6, 2013) (quoting *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012)).

Imposing a stay is an intrusion into the ordinary processes of administration and judicial review. *Nken,* 556 U.S. at 427. "A stay of a magistrate judge's discovery order should be granted sparingly." *Granato v. City & Cnty. of Denver*, No. 11-cv-0304-MSK-BNB, 2011 WL 1335854, at *2 (D. Colo. Apr. 7, 2011). The party requesting a stay bears the burden of showing the circumstances justify an exercise of the Court's discretion. *Nken,* 556 U.S. at 433-34. In the context of a request to stay a magistrate judge's non-dispositive discovery order, this burden is a steep hill to climb because, as discussed more fully below, it is difficult to establish a sufficient likelihood of success given the deferential standard of district judge review and irreparable harm is generally not established based on the burden or expense of providing discovery. *See, e.g.*, *Castelan-Gutierrez*, 2018 WL 4050493, at *3-4 & n.3. Because "[t]hese are difficult hurdles to

---

² The motion to stay must be filed sufficiently in advance of the date ordered for compliance to provide the court an opportunity to rule on the motion prior to that deadline. *In re Lernout & Hauspie Sec. Litig.*, 219 F.R.D. 28, 30-31 (D. Mass. 2003).

³ The Ninth Circuit has addressed a sliding scale approach by which a stronger showing on one element can offset a weaker showing of another. *See, e.g.*, *Al Otro Lado v. Wolf*, 952 F.3d 999, 1010 (9th Cir. 2020). Nonetheless, the case law also provides for certain threshold minimum showings. *See, e.g.*, *id.* at 1007.

clear, [] federal courts often deny motions to stay a magistrate judge's discovery orders." *Montgomery v. Risen*, No. 15-20782-CIV, 2015 WL 5167628, at *2 (S.D. Fla. Sept. 3, 2015). "Hence, the presumption is that discovery ordered by a magistrate judge will proceed regardless of the filed objection." *Ignite Spirits*, 2022 WL 4112222, at *2 (citing *in re Application of O'Keeffe*, No. 2:14-cv-01518-RFB-CWH, 2016 WL 2771697, at *6 (D. Nev. Apr. 4, 2016)).[4]

### III.  ANALYSIS

#### A.  Likelihood of Success on the Merits

The Court begins its analysis with Counter-Defendants' likelihood of success on the merits of their objection. Counter-Defendants contend that they are highly likely to succeed in their objection to the denial of their motion to stay discovery, pointing to various aspects of that order they contend are erroneous. *See* Docket No. 221 at 8-9; Docket No. 227 at 4-7; *see also* Docket No. 222 (objection). Counter-Plaintiff responds that magistrate judges have broad discretion to deny a motion to stay discovery and that the Court did not commit any error in doing so here, so Counter-Defendants have not made a sufficient showing of likely success on their objection. *See* Docket No. 225 at 3-5. Counter-Plaintiff has the better argument.

There is no "precise specification of the exact degree of likely success" necessary to justify a stay of a magistrate judge's order. *Garity*, 2014 WL 4402499, at *2. It is clear, though, that it is "not enough that the likelihood of success on the merits is 'better than negligible' or that there is a 'mere possibility of relief.'" *Lair*, 697 F.3d at 1204 (quoting *Nken*, 556 U.S. at 434). The

---

[4] In reply, Counter-Defendants urge that a stay should be imposed to "preserve the status quo." *See, e.g.*, Docket No. 227 at 5. Maintaining the status quo is not a talisman and is not among the factors analyzed in deciding whether to stay a magistrate judge's order. *See, e.g.*, *Garity*, 2014 WL 4402499, at *2 (quoting *Golden Gate Rest. Ass'n v. City & Cnty. of San Francisco*, 512 F.3d 1112, 1116 (9th Cir. 2008)). At any rate, Counter-Defendants misunderstand the status quo. <u>As no stay has ever been entered by the Court, the status quo is that Counter-Defendants have been required to participate in discovery all along</u>. *See, e.g.*, *Willemijn Houdstermaatschaapij*, 707 F. Supp. at 1441 (the filing of a motion to stay does not impose a stay and the movant must continue to participate in discovery as if no motion to stay was filed); *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) (the filing of a dispositive motion does not act to automatically stay discovery); *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, No. 2:12-cv-00146-LDG-CWH, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012) (the filing of a motion to dismiss for lack of personal jurisdiction, in particular, does not "mandate" a stay of discovery); *Castelan-Gutierrez*, 2018 WL 4050493, at *1 (the filing of an objection to a magistrate judge's order compelling discovery does not automatically stay that order). It is Counter-Defendants who are attempting to alter the status quo by seeking to avoid their discovery obligations.

Ninth Circuit has identified several largely interchangeable iterations of the standard, all of which require the movant to show at a minimum that there is a "substantial case for relief on the merits." *Lair*, 697 F.3d at 1204.

Courts do not conduct this analysis in a vacuum. Courts must be mindful of the standards that apply to the underlying challenge. *See Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 897 (9th Cir. 2009) (accounting for the "narrow and deferential standard of review" in finding a failure to demonstrate sufficient likelihood of success). A party seeking review of a magistrate judge's non-dispositive ruling faces a daunting standard of review. Magistrate judges possess "broad discretion" in resolving discovery matters, including whether to stay discovery pending resolution of a dispositive motion. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). This broad discretion is reflected in the clear error standard governing review of such orders. *Thunderbird Hotels, LLC v. City of Portland*, 670 F. Supp. 2d 1164, 1167 (D. Ore. 2009); *see also Am. Rock Salt Co. v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D.N.Y. 2005). While not impossible, it is "extremely difficult" to satisfy this clear error standard. 12 Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Federal Practice and Procedure, § 3069, at 395-97 (2022 suppl.). Hence, discovery and other non-dispositive orders of a magistrate judge are entitled to "great deference" on objection to a district judge. *Toven v. Metro. Life Ins. Co.*, 517 F. Supp. 2d 1174, 1175 (C.D. Cal. 2007) (quoting *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001)). Lastly, but significantly, it is important to keep in mind that clear error is established based on the existence of <u>controlling</u> legal authority; a magistrate judge is not bound by the decisions of another magistrate judge and the mere existence of persuasive authority contrary to a magistrate judge's order does not establish clear error. *See Schueneman v. Arena Pharms., Inc.*, No. 3:10-cv-01959-CAB-BLM, 2017 WL 3587961, at *2 (S.D. Cal. Aug. 21, 2017) (finding objection to magistrate judge's non-dispositive order "frivolous" and collecting cases that a magistrate judge does not clearly err when there is no controlling authority to the contrary); *see also Reno v. W. Cab Co.*, No. 2:18-cv-00840-APG-NJK,

2020 WL 2462900, at *3-4 (D. Nev. May 1, 2020).[5] The formidable standard of review, in turn, means that a party seeking a stay pending resolution of its objection to a magistrate judge's non-dispositive ruling is generally unable to make a strong showing of likely success on the merits of the objection. *See Oracle USA, Inc. v. Rimini St., Inc.*, No. 2:10-cv-00106-LRH-PAL, 2012 WL 6100306, at *13 (D. Nev. Dec. 7, 2012).

With these standards in mind, the Court will analyze Counter-Defendants' likelihood of success on their objection. Counter-Defendants have raised a host of purported errors in the subject order, but the Court concludes that they have not established a likelihood of success on their objection.[6] Counter-Defendants attempt to establish legal error by asserting that a magistrate judge is required to consider whether "good cause" exists for a stay of discovery separate and apart from conducting a preliminary peek at the merits of the dispositive motions. *See* Docket No. 222 at 9. Counter-Defendants raised this alternative argument in the prior motion practice in a footnote, Docket No. 212 at 15 n.13, so it was not properly before the Court in the order now at issue, *see* Docket No. 220 at 2 n.2 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996) and *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013)). The district judge may likewise decline to consider this argument on the objection. *Kiessling v. Rader*, No. 2:16-cv-00690-GMN-NJK, 2018 WL 1401972, at *3 (D. Nev. Mar. 20, 2018) ("The appropriate time to raise these additional arguments has passed as Defendants should have raised these arguments

---

[5] Such sentiment is particularly important in the context of a request to stay discovery given that there are divergent means by which district courts within the Ninth Circuit have judged such requests, resulting in conflicting persuasive authority. *See, e.g., Tradebay*, 278 F.R.D. at 602-03 (identifying three different approaches taken by district courts within the Ninth Circuit, before adopting the preliminary peek framework long used in this District). Were the mere existence of persuasive authority taking a contrary approach sufficient to establish clear error, then every decision resolving a motion to stay discovery would be subject to reversal in light of the legal landscape within the Ninth Circuit.

[6] Counter-Defendants have resorted to both a scatter-shot approach and a shifting-sands approach in their objection, so the Court will not address every argument raised. Nonetheless, the Court has found a lack of likely success on the merits for any issue not expressly addressed herein. *See V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 314 n.12 (D. Nev. 2019). With respect to the arguments that are addressed herein, the Court will provide a somewhat truncated analysis given that the Court is tasked with assessing the likelihood of success on the merits of the objection, but it is ultimately the district judge who will decide the outcome of the objection.

before Judge Koppe. Consequently, these claims do not convince the Court that the Order is incorrect because these arguments were not previously presented to Judge Koppe for analysis").[7]

Counter-Defendants attempt to establish legal error by asserting that the Court "missed [a] key distinction" by failing to appreciate that the preliminary peek is applied more leniently in the context of a personal jurisdiction challenge. Docket No. 222 at 8. In particular, citing predominately cases written by the undersigned, Counter-Defendants contend that the Court failed

---

[7] Even were this argument to be considered on its merits, it is not likely to establish legal error. Judges in this District have relied on the preliminary peek framework in hundreds (if not thousands) of cases for decades, including specifically within the context of denying motions to stay discovery pending resolution of a personal jurisdiction challenge. *See, e.g.*, *Hernandez v. Backgroundchecks.com, LLC*, No. 2:20-cv-01766-GMN-BNW, 2021 WL 1997253, at *1-2 (D. Nev. Apr. 6, 2021) (Weksler, J.) (applying preliminary peek in denying motion to stay discovery pending resolution of challenge to personal jurisdiction); *Edwards v. Juan Martinez, Inc.*, No. 2:20-cv-00570-JAD-EJY, 2020 WL 5648319, at *2-6 (D. Nev. Sept. 22, 2020) (Youchah, J.) (same); *Joshco Tech, LLC v. Eagle Rising Veteran Consulting, LLC*, No. 2:20-cv-00451-RFB-DJA, 2020 WL 10574932, at *2 (D. Nev. Sept. 7, 2020) (Albregts, J.) (same); *Sciara v. Campbell*, No. 2:18-cv-01700-RFB-CWH, 2019 WL 8128163, at *2 (D. Nev. Jan. 29, 2019) (Hoffman, J.) (same); *Bliss v. CoreCivic, Inc.*, No. 2:18-cv-01280-JAD-GWF, 2018 WL 8783789, at *3-4 (D. Nev. Nov. 21, 2018) (Foley, J.) (same); *Kabo Tools Co. v. Porauto Indus. Co.*, No. 2:12-cv-01859-LDG-NJK, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013) (Koppe, J.) (same). This preliminary peek framework <u>is the good cause analysis</u>. *See, e.g.*, *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 555-56 (D. Nev. 1997) (quoting *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)) (explaining that the preliminary peek framework is used to determine whether good cause exists for an order staying discovery to be issued pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and explaining further that it is not good cause for a stay that discovery will involve some inconvenience and expense). In short, by employing the preliminary peek framework, a court is engaging in the good cause analysis.

The cases cited by Counter-Defendants emanate from a single magistrate judge who has eschewed the preliminary peek framework in some cases, but not in others. *See* Docket No. 222 at 9 (citing *Page v. Shumaker Mallory, LLP*, No. 2:21-cv-02002-KJD-BNW, 2022 WL 1308286 (D. Nev. Apr. 29, 2022); *Jaramillo v. Area 15 Las Vegas LLC*, No. 2:21-cv-00891-RFB-BNW, 2021 WL 5826312 (D. Nev. Dec. 8, 2021); and *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324 (D. Nev. Oct. 14, 2021)); *but see Kramer v. JPMorgan Chase Bank, N.A.*, No. 2:21-cv-01585-RFB-BNW, 2021 WL 5889527, at *2 (D. Nev. Dec. 13, 2021) ("While this Court has previously found that the preliminary peek test can be problematic because it is often inaccurate and inefficient, the issues presented here are simple enough where the test can be easily applied"); *Hernandez*, 2021 WL 1997253, at *1-2 (denying motion to stay discovery based on personal jurisdiction challenge by utilizing the preliminary peek framework). The cited cases acknowledge that the preliminary peek jurisprudence is not legally erroneous and "remains valid authority." *See Jaramillo*, 2021 WL 5826312, at *3. The cited cases chart a different course based on the predicate that decisions at the district court level are only "persuasive authority" that do not bind other judges within the same District. *See id.* at *2 n.2. In short, the cited cases make clear that it is not error to apply the preliminary peek analysis to a motion to stay discovery and that the cited cases charting a different path themselves are not binding on any other judge within this District. As such, these cases do not establish legal error in this case. *See, e.g.*, *Schueneman*, 2017 WL 3587961, at *2.

9

to appreciate that a magistrate judge need not be "convinced" that a dispositive motion will succeed to allow a stay of discovery in the personal jurisdiction context. *Id.*[8] This contention is unlikely to succeed. The Court notes at the outset that Counter-Defendants' own motion to stay discovery identifies the "convincing" preliminary peek standard as governing its request, Docket No. 213 at 6 ("A stay is justified when: (i) the pending motion is potentially dispositive; (ii) the potentially dispositive motion can be decided without additional discovery; and (iii) the Court determines through a 'preliminary peek' at the merits and [sic] is *convinced* that the plaintiff will be unable to state a claim for relief" (emphasis added)); *see also id.* at 3 ("Generally, there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort" (emphasis in original)), so Counter-Defendants are in the unenviable position of arguing that the Court erred by adopting the standard they identified. Nonetheless, the entire predicate of this argument is faulty because the Court did not adopt or apply the "convincing" preliminary peek standard. Instead, the Court made clear explicitly that it was following its precedent relying on a more lenient approach in the personal jurisdiction context. Docket No. 220 at 3 ("When the underlying motion challenges personal jurisdiction, the pendency of that motion strongly favors a stay or, at a minimum, limitations on discovery until the question of jurisdiction is resolved. *E.g.*, *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013)"). Nowhere in the order denying Counter-Defendants' motion to stay discovery did the Court indicate that it was applying the more stringent "convincing" standard. *See* Docket No. 220. The Court

---

[8] It is not readily apparent that Counter-Defendants are correct in the underlying premise that a magistrate judge clearly errs by applying a convincing standard for a preliminary peek in the personal jurisdiction context. *See, e.g.*, *Hernandez*, 2021 WL 1997253, at *1 ("Having conducted this preliminary peek, the Court is not convinced that Plaintiff will be unable to proceed with his claims in this Court. Rather, it appears possible (based on controlling Ninth Circuit caselaw) that this Court has personal jurisdiction over Defendant and that venue is proper here. . . . In the Court's broad discretion, it will order the parties to proceed with discovery because it is not convinced Defendant will succeed on its dispositive motion"); *Eagle Rising Veteran Consulting*, 2020 WL 10574932, at *2 ("Having taken a preliminary peek at the Motion to Dismiss [challenging personal jurisdiction], the Court is not convinced that Defendants will succeed in obtaining the relief requested"); *Bliss*, 2018 WL 8783789, at *2-4 (noting that the standards are not "as strict" in the personal jurisdiction context, but also denying motion to stay discovery pending resolution of personal jurisdiction challenge because "[t]he Court is not convinced, however, that this district lacks specific personal jurisdiction over the non-Nevada class claims"). Because this Court did not actually apply a convincing standard, however, the Court need not address whether Counter-Defendants are likely to succeed in arguing that it is error to do so.

simply found that a stay of discovery was not warranted under the circumstances even though a personal jurisdiction challenge generally favors a stay of discovery. *See id.* at 3.[9]

Counter-Defendants attempt to establish legal error by asserting that the Court's preliminary peek did not "indicate that the Court had analyzed the totality of the arguments raised." Docket No. 221 at 9. This contention is unlikely to succeed. "[T]he Court need not explicitly discuss each and every argument in any order. The Court's refusal to discuss an argument constitutes an implicit rejection of [that] argument[]." *Roy v. Cnty. of Los Angeles*, No. CV 12-09012-AB (FFMx), 2018 WL 3439168, at *4 (C.D. Cal. July 11, 2018) (citing, *inter alia*, *Clemons v. Miss.*, 494 U.S. 738, 747 n.3 (1990)). These same principles apply to a magistrate judge's non-dispositive orders. *See V5 Technologies*, 334 F.R.D. at 314 n.12. Indeed, magistrate judges commonly deny motions to stay discovery without providing "an in-depth analysis of [the] evaluation of the motion to dismiss" challenging personal jurisdiction. *Hernandez*, 2021 WL 1997253, at *1-2; *see also Eagle Rising Veteran Consulting*, 2020 WL 10574932, at *2; *Sciara*, 2019 WL 8128163, at *2; *Kabo Tools*, 2013 WL 5947138, at *2 & n.6. In this case, the Court's written analysis struck a balance of providing sufficient detail of its view of the underlying motions to enable review by the district judge, while declining to provide a point-by-point recitation of its

---

[9] Counter-Defendants argue that a magistrate judge errs in not imposing a stay because the pendency of a personal jurisdiction challenge weighs in favor of a stay, which essentially boils down to a proposition that a magistrate judge is not empowered to deny a motion to stay discovery in the context of a personal jurisdiction challenge. That is wrong. A personal jurisdiction challenge weighs in favor of staying discovery; "[e]ven in such cases, however, a stay of discovery is not automatically granted." *Bliss*, 2018 WL 8783789, at *3 (emphasis added). There is nothing improper or unusual about a magistrate judge denying a motion to stay discovery that is predicated on a pending personal jurisdiction challenge. *See, e.g., Holiday Sys. Int'l of Nev. v. Vivarelli, Schwarz, and Assocs., S.A. de C.V.*, No. 2:10-cv-00471-MMD-GWF, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012) (Du, J.) (affirming magistrate judge's denial of request to stay discovery pending resolution of motion to dismiss for lack of personal jurisdiction because requiring discovery to proceed remains within the magistrate judge's discretion); *Hernandez*, 2021 WL 1997253, at *1-2 (denying motion to stay discovery based on personal jurisdiction challenge); *Edwards*, 2020 WL 5648319, at *2-6 (same); *Eagle Rising Veteran Consulting*, 2020 WL 10574932, at *2 (same); *Sciara*, 2019 WL 8128163, at *2 (same); *Bliss*, 2018 WL 8783789, at *3-4 (same); *Kabo Tools*, 2013 WL 5947138, at *2 (same).

analysis. *See* Docket No. 220 at 3 n.3.[10] Nonetheless, the Court reviewed the underlying motion practice closely and considered all arguments that were made. *Id*.

Counter-Defendants attempt to establish legal error by asserting that the Court failed to apply or consider the objectives in "Rule 1." Docket No. 222 at 8-10, 14-15. This contention is unlikely to succeed. The goals of Rule 1 for the just, speedy, and inexpensive resolution of cases are baked into the standards governing motions to stay discovery. *See Tradebay*, 278 F.R.D. at 603 (explaining rationale for the preliminary peek framework); *see also Kor Media*, 294 F.R.D. at 583 (explaining that the Court must "adopt a standard" for the preliminary peek that effectuates the goals of Rule 1). When an underlying motion to dismiss is not sufficiently meritorious to warrant a stay of discovery, the Court is determining that the desire to avoid unnecessary delay (in Rule 1 parlance, the goal of a "speedy" resolution) outweighs the potential burden on the defendant in engaging in discovery while the motion to dismiss remains pending (in Rule 1 parlance, the goal of an "inexpensive" resolution). *See Tradebay*, 278 F.R.D. at 603; *see also Kor Media*, 294 F.R.D. at 583. While there is certainly no prohibition against addressing the goals of Rule 1 in denying a motion to stay discovery, *see, e.g.*, *JoshCo Tech, LLC v. MJJ&L Holdings, LLC*, No. 2:20-cv-00428-APG-NJK, 2020 WL 8254262, at *1-2 (D. Nev. Sept. 2, 2020) (denying motion to stay discovery filed in the twilight of the discovery period based on Rule 1 considerations), controlling legal authority has not been cited that there is a requirement that a magistrate judge must explicitly address how the decision rendered advances the Rule 1 goals, *cf. Hernandez*, 2021 WL 1997253, at *1-2 (denying motion to stay discovery based solely on preliminary peek that the personal jurisdiction challenge was not sufficiently meritorious to warrant a stay).

---

[10] Counter-Defendants take the opposite tack with respect to the explicit analysis that was provided, arguing that the Court was improperly making "a substantive ruling" on an issue that will ultimately be decided by the district judge. *See, e.g.*, Docket No. 22 at 7. There is also nothing erroneous or improper about a magistrate judge explaining the basis for her preliminary peek analysis. *See, e.g.*, *Edwards*, 2020 WL 5648319, at *2-6 (in denying motion to stay discovery pending resolution of personal jurisdiction challenge, providing extensive analysis of jurisdictional arguments in conducting preliminary peek); *Bliss*, 2018 WL 8783789, at *3-4 (same). The amount of explicit analysis to provide in conducting a preliminary peek is, at bottom, a matter left to each magistrate judge's discretion.

Counter-Defendants attempt to establish legal error by asserting that a magistrate judge must stay discovery pending resolution of a dispositive motion whenever such motion can be resolved without discovery. *See* Docket No. 222 at 10. The cited Ninth Circuit cases hold that a district court does not abuse its discretion in staying discovery when the dispositive motion does not require discovery, *see Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987),[11] but that a district court abuses its discretion in staying discovery if it is necessary to decide the dispositive motion, *see Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993); *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984). None of the holdings in these Ninth Circuit cases forecloses a magistrate judge from denying a motion to stay discovery based on her evaluation that the underlying dispositive motions are not sufficiently meritorious to delay discovery. *See, e.g.*, *Hernandez*, 2021 WL 1997253, at *1-2 (denying motion to stay discovery based solely on preliminary peek that the personal jurisdiction challenge was not sufficiently meritorious to merit a stay); *cf. Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (addressing analysis of likely success of underlying dispositive motion in assessing whether to stay discovery); *B.R.S. Land Invs. v. United States*, 596 F.2d 353, 356 (9th Cir. 1979) (same). Indeed, these same Ninth Circuit cases are explicitly accounted for in the long-standing case law within this District formulating the preliminary peek framework and concluding that a magistrate judge should not stay discovery unless she determines that the underlying dispositive motion is sufficiently meritorious to warrant such delay. *See, e.g.*, *Tradebay*, 278 F.R.D. at 601-03 (discussing *Alaska Cargo*, *Jarvis*, and

---

[11] Counter-Defendants suggest that *Jarvis* "held" that courts must find good cause for a stay of discovery any time discovery is not necessary to resolve the underlying dispositive motion. *See* Docket No. 222 at 10. While there is some language in that decision to support such an assertion, it was not the Ninth Circuit's holding. The pertinent holding in *Jarvis* was that the district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve. *See Jarvis*, 833 F.2d at 155 ("since the appellants' complaint did not raise factual issues that required discovery for their resolution, the district court did not abuse its discretion in staying discovery pending a hearing on the motion to dismiss); *see also Tradebay*, 278 F.R.D. at 601 (describing *Jarvis* as "holding [that the] district court did not abuse its discretion in denying discovery when the complaint did not raise factual issues requiring discovery to resolve"). Indeed, a holding as stated by Counter-Defendants would effectively mean that discovery is automatically stayed whenever a Rule 12(b)(6) motion is properly filed challenging the sufficiency of the pleadings. *See Schneider v. Cal. Dept. of Corrections*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint" (emphasis in original)); *see also Kor Media*, 294 F.R.D. at 582 (in analyzing a motion to stay discovery, noting that a Rule 12(b)(6) motion by its nature does not require discovery because it is focused on the sufficiency of the pleadings).

*Wood*).[12] Of course, to conclude otherwise would open the floodgates to defendants delaying their discovery obligations for potentially lengthy periods by filing meritless motions to dismiss.

Counter-Defendants attempt to establish legal error by asserting that the undersigned magistrate judge usurped the district judge's authority because she has also been presented with motion practice regarding discovery. *See* Docket No. 222 at 9. This contention is unlikely to succeed. The law is settled that the act of asking a judge to avoid discovery does not actually provide any such relief. *Willemijn Houdstermaatschaapij*, 707 F. Supp. at 1441 ("unless and until it is granted a stay, defendant should be required to conduct discovery as if no motion had been filed at all"). That the parties have separate motion practice regarding discovery before the district judge does not have any effect on the requirement to engage in discovery. Moreover, motions to stay discovery are referred for resolution to magistrate judges in this District. *See* Local Rule 26-6(a); *see also* Local Rule IB 1-1(a); Local Rule IB 1-7(u). Particularly when the preliminary peek reveals that the underlying motion to dismiss has sufficient merit to justify a stay, a magistrate judge may defer issues related to jurisdictional discovery given overlapping requests pending before the district judge. *See, e.g.*, *Hologram USA, Inc. v. Cirque Du Soleil My Call, LLC*, No. 2:14-cv-00916-RFB-NJK, 2014 WL 12792490, at *1 (D. Nev. Nov. 24, 2014) (after concluding that the personal jurisdiction arguments in the underlying motion to dismiss "have sufficient weight to warrant staying discovery," expressing a preference for the district judge to decide the issue of jurisdictional discovery). Nonetheless, controlling legal authority has not been cited that a magistrate judge is prohibited from denying a motion to stay discovery simply because related

---

[12] Counter-Defendants attempt to establish legal error by suggesting that a magistrate judge is not permitted to take a preliminary peek at the merits of the underlying dispositive motion at all, but rather should only look to whether the underlying motion could dispose of the entire case and whether it can be decided without additional discovery. *See* Docket No. 222 at 8-9. Ample case law shows that magistrate judges can (and do) evaluate the merits of the underlying personal jurisdiction challenge in deciding whether to stay discovery. *See, e.g.*, *Hernandez*, 2021 WL 1997253, at *1-2; *Eagle Rising Veteran Consulting*, 2020 WL 10574932, at *2; *Edwards*, 2020 WL 5648319, at *2-6; *Bliss*, 2018 WL 8783789, at *3-4; *Kabo Tools*, 2013 WL 5947138, at *2. Indeed, the very citation provided by Counter-Defendants belies their argument. *See Bank of N.Y. Mellon v. Stewart Info. Servs.*, No. 2:21-cv-01492-RFB-DJA, 2022 WL 494213, at *3 (D. Nev. Jan. 11, 2022) (finding a stay appropriate under the "three-part *Kor Media Group* test" because, *inter alia*, "in taking its preliminary peek, the Court is not convinced that the Plaintiff will overcome the arguments SISC makes regarding jurisdiction").

14

disputes may be pending with the district judge. *Cf. Eagle Rising Veteran Consulting*, 2020 WL 10574932, at *2 (in denying motion to stay discovery pending resolution of challenge to personal jurisdiction, rejecting argument that issue must be decided by the district judge as part of request for jurisdictional discovery); *Edwards*, 2020 WL 5648319, at *10 (upon denying motion to stay discovery pending resolution of challenge to personal jurisdiction, denying as moot motion to conduct jurisdictional discovery).

Counter-Defendants attempt to establish legal error by asserting that the Court improperly considered deposition testimony attesting that Counter-Defendant Simic made defamatory statements within Nevada. *See, e.g.*, Docket No. 222 at 4, 11; Docket No. 227 at 7. This contention is unlikely to succeed. In making this assertion of error, Counter-Defendants rely on cases addressing motions to dismiss for failure to state a claim.[13] By contrast, courts may consider facts outside the complaint in addressing motions to dismiss for lack of personal jurisdiction. *CMB Infrastructure Grp. IX, LP v. Cobra Energy Inv. Fin., Inc.*, 572 F. Supp. 3d 950, 964 n.55 (D. Nev. 2021) (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)); *see also, e.g.*, *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1130 (9th Cir. 1995) ("[c]rediting, as we must, ASR's version of the facts *contained in the affidavits and submitted documentary evidence*, it appears that B & C had sufficiently extensive contacts with California to support a finding that it purposefully availed itself of the privilege and opportunity of doing business in California" (emphasis added)); *Microsoft Corp. v. Very Competitive Comput. Prods. Corp.*, 671 F. Supp. 1250, 1254 n.2 (N.D. Cal. 1987) (holding that deposition testimony is properly considered with respect to opposition to motion to dismiss for lack of personal jurisdiction).[14] Indeed, Counter-Defendants themselves acknowledge elsewhere in their briefing that courts are permitted to weigh evidence in the context of a motion to dismiss for lack of personal jurisdiction,

---

[13] In *Klaizner v. Countrywide Financial*, the Court indicated that it "may not look beyond the complaint in a motion to dismiss *brought under Rule 12(b)(6)*." No. 2:14-cv-01543-JCM-PAL, 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) (emphasis added). In *Harris v. Amalgamated Transit Union Local 1637*, the Court indicated similarly that, "*[i]n determining the propriety of a Rule 12(b)(6) dismissal*, a court may not look beyond the complaint." No. 2:19-cv-01537-GMN-EJY, 2020 WL 5775768, at *4 n.5 (D. Nev. Sept. 28, 2020) (emphasis added).

[14] Moreover and significantly, "factual disputes are construed in the plaintiff's favor" in this context. *Freestream Aircraft*, 905 F.3d at 602.

15

*see* Docket No. 222 at 15 (citing *Harris Rutsky*, 328 F.3d at 1129), and they themselves ask the Court to consider facts outside the complaint in conjunction with their personal jurisdiction challenge, *see, e.g.*, Docket No. 144-2 (declaration of Counter-Defendant Simic).

In short, there is not a "substantial case for relief on the merits" of Counter-Defendants' objection. This alone dooms the motion to stay the operation of the Court's order. *See, e.g.*, *Humane Society*, 558 F.3d at 897.

### B. Irreparable Injury

Even though the motion to stay is fatally flawed for the reasons addressed above, the Court will also address whether Counter-Defendants established irreparable injury. *Cf. Doe #1 v. Trump*, 957 F.3d 1050, 1061-62 (9th Cir. 2020). Counter-Defendants argue that they will be irreparably harmed if a stay is not imposed because they must otherwise engage in the discovery process despite the pendency of their personal jurisdiction challenges. *See* Docket No. 221 at 9-10; *see also* Docket No. 227 at 8-9. Counter-Plaintiff responds that any injury in engaging in discovery is not sufficient to warrant a stay, particularly given Counter-Defendants' preexisting involvement in this case. *See* Docket No. 225 at 6-10. Counter-Plaintiff has the better argument.

This consideration addresses whether the movant will be irreparably injured absent a stay. *Nken*, 556 U.S. at 434. Adopting a "possibility" standard of irreparable injury would be "too lenient." *Id.* at 435 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). This consideration instead requires the movant to make a threshold showing that irreparable harm is "probable" absent a stay. *See Leiva-Perez v. Holder*, 640 F.3d 962, 965, 968 (9th Cir. 2011) (per curiam). Moreover, a "key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough." *Al Otro Lado*, 952 F.3d at 1008 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Ample case law finds that the burden of meeting one's discovery obligations does not generally constitute irreparable injury. *See, e.g.*, *Agerkop v. Sisyphian LLC*, No. CV 19-10414-CBM (JPRx), 2021 WL 4348734, at *4 (C.D. Cal. July 26, 2021) (collecting cases). That remains true even when an assertion of irreparable harm is predicated on the fact that a threshold challenge has been made to the defendant's participation in the case. *See, e.g.*, *Castaneda v. United States*, No. CV 07-07241

16

DDP (JCx), 2008 WL 9449576, at *4 (C.D. Cal. May 20, 2008) (requiring discovery to advance despite appeal raising immunity argument).[15]

Counter-Defendants have not established irreparable harm here. Counter-Defendants rely on the "expense" of engaging in discovery, *see, e.g.*, Docket No. 221 at 10,[16] but such discovery expense does not generally constitute irreparable harm, *see, e.g.*, *Agerkop*, 2021 WL 4348734, at *4.[17] Moreover, the Court has already concluded that Counter-Defendants are unlikely to prevail on their underlying personal jurisdiction challenges, Docket No. 220 at 3-5, or on their objection to the order denying their motion to stay discovery, *see* Section III.A., militating further against a finding of irreparable injury arising out of complying with discovery obligations, *see, e.g.*, *Castelan-Gutierrez*, 2018 WL 4050493, at *4 n.3. The Court also agrees with Counter-Plaintiff that the assertion of irreparable injury is strained given that Counter-Defendants are by no means strangers to this case, having already engaged in the litigation in various ways. *See* Docket No. 225 at 6-10; *see also* Docket No. 217 at 3 & 6 n.2 (noting additional ways in which Counter-Defendant Simic has participated in the case).

---

[15] A sufficient showing of irreparable harm arising out of complying with a discovery order is generally limited to instances in which the required disclosure involves "arguably privileged information, trade secrets to a competitor, or the like." *Granato*, 2011 WL 1335854, at *2; *see also in re: Platinum Partners Value Arbitrage Fund, L.P.*, No. 18-cv-5176 (DLC), 2018 WL 3207119, at *6 (S.D.N.Y. June 29, 2018). A finding of irreparable harm is not a foregone conclusion even in those circumstances, however. *See Nikon Corp. v. GlobalFoundries U.S., Inc.*, No. 17-mc-80071-BLF, 2017 WL 4865549, at *2 (N.D. Cal. Oct. 26, 2017) (finding production of sensitive information would not cause irreparable harm given existence of protective order issued in that case).

[16] Counter-Defendants already raised a different variation on the same theme in their motion to stay discovery. *See, e.g.*, Docket No. 213 at 6 (citing *Liberty Media Holdings, LLC v. Letyagin*, No. 2:12-cv-00923-LRH-GWF, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012)). At the risk of repetition, the Court acknowledges that the existence of a personal jurisdiction challenge weighs in favor of staying discovery, but it is also established law that it is not automatic that discovery must be stayed in this context. *See, e.g.*, *Holiday Systems*, 2012 WL 3860824, at *2. Counter-Defendants' argument would (again) effectively negate a magistrate judge's ability to order discovery to proceed whenever there is a pending personal jurisdiction challenge.

[17] Counter-Defendants claim injury because "there is no way to put the toothpaste back in the proverbial tube" once they have provided discovery. Docket No. 221 at 10. Such is the case with any order compelling discovery and that circumstance does not constitute irreparable injury. *See, e.g.*, *HRC-Hainan Holding Co. v. Yihan Hu*, No. 19-mc-80277-TSH, 2020 WL 1274877, at *5 (N.D. Cal. Mar. 17, 2020) (quoting *in re Nogeur*, No. 18-mc-498 (JMF), 2019 WL 1034190, at *4 (S.D.N.Y. Mar. 5, 2019)).

In short, Counter-Defendants fail to show that irreparable harm is probable absent a stay. This alone also dooms the motion to stay the operation of the Court's order. *Leiva-Perez*, 640 F.3d at 965.

### C. Other Considerations

Because Counter-Defendants fail to establish either sufficient likelihood of success or sufficient probability of irreparable harm, it is unnecessary to address the remaining factors. *See Mount Graham Coal. v. Thomas*, 89 F.3d 554, 558 (9th Cir. 1996).

### IV. CONCLUSION

For the reasons discussed more fully above, Counter-Defendants' motion to stay magistrate judge order is **DENIED**. The Court has already modified the scheduling order by extending the dispositive motion deadline. Docket No. 228. To the extent the parties believe additional modification of the scheduling order is warranted in light of the ruling made herein, they must file a request for such relief by October 25, 2022.

IT IS SO ORDERED.

Dated: October 18, 2022

_____
Nancy J. Koppe
United States Magistrate Judge