# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.,<br><br>　　　　　Plaintiff(s),<br><br>v.<br><br>DR. LAILA MINTAS,<br><br>　　　　　Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK<br><br>**Scheduling Order**<br><br>[Docket Nos. 233, 235] |

Pending before the Court are the parties' competing assertions as to how the scheduling order should be modified in light of recent orders concerning Counter-Defendants.  Docket Nos. 233, 235.  The Court finds the schedule proposed by Counter-Defendants, with some adjustment, to be the better option.

Accordingly, the Court **SETS** deadlines as follows:

- Initial disclosures:  November 28, 2022
- Amend pleadings/add parties:  closed
- Initial experts:  February 15, 2023[1]
- Rebuttal experts:  March 15, 2023
- Discovery cutoff:  April 3, 2023
- Dispositive motions:  May 3, 2023
- Joint proposed pretrial order:  June 2, 2023, or 30 days after resolution of dispositive motions

---

[1] Counter-Defendants ask for expert disclosure deadlines after the close of fact discovery, Docket No. 235 at 4, but no explanation has been provided for that request.  The Court will rely on the default structure by which expert disclosures are made prior to the close of discovery.  *See, e.g.*, Local Rule 26-1(b)(3).

Lastly, the Court notes that it would have of course preferred that counsel file a joint statement as to the deadlines they seek, even if they did have some disagreement as to the specifics. *Cf.* Local Rule 26-1(a).  Such a task was apparently too tall of an order here.  *See* Docket No. 235 at 2 n.1.  The acrimony between counsel and between the parties is evident, but litigation does not need to devolve in this manner:

> Litigation in general and discovery in particular are subject to an overriding requirement that attorneys act in good faith.  The guiding principles of navigating the discovery process are not obstruction and nastiness, but rather they are cooperation, practicality, and sensibility.  The Federal Rules of Civil Procedure have been amended for the specific purpose of emphasizing the importance of common-sense cooperation between counsel, and to curb the culture of scorched earth litigation tactics.  Similarly, the oath taken upon becoming a barred attorney in this state requires an acknowledgment of the need for civility, as is also required by the rules of this Court. . . . Obstructive refusal to make reasonable accommodation . . . not only impairs the civility of our profession and the pleasures of the practice of law, but also needlessly increases litigation expense to clients.

*Cardinali v. Plusfour, Inc.*, 2019 WL 3456630, at *11 (D. Nev. June 20, 2019) (internal citations and quotations omitted).  The Court urges counsel to set aside their personal animosity, reset their relationship, and move forward with discovery in the required spirit of cooperation.

IT IS SO ORDERED.

Dated: October 26, 2022

_____
Nancy J. Koppe
United States Magistrate Judge