UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> DR. LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br> **Order** <br> [Docket Nos. 218, 234, 275] |

Pending before the Court are Defendant's motion to compel production of video evidence, Docket No. 218, Plaintiff's motion for protective order regarding documents designated as confidential, Docket No. 234, and Defendant's motion to compel further deposition testimony, Docket No. 275. For the reasons discussed more fully below, each of these motions is **DENIED** without prejudice.

The legal community has long recognized that the discovery process has often devolved away from the search for truth and into gamesmanship marked by scorched earth litigation tactics. *See, e.g.*, *in re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 330-32 (N.D. Cal. 1985). Over the years, such recognition has resulted in the implementation of various measures designed to guard against such conduct. *See, e.g.*, Fed. R. Civ. P. 37(a)(1) (requiring a good faith conference prior to filing motion to compel); Fed. R. Civ. P. 37(a)(5)(A), (B) (creating presumption of award of expenses for party prevailing on a motion to compel). Unfortunately, these historical efforts at creating a culture of cooperation in federal discovery practice have not been entirely successful.

As chronicled by Judge Leen, the drafters of the 2015 amendments to the Federal Rules of Civil Procedure endeavored once again to change the legal profession for the better in this context. *Roberts v. Clark County School District*, 312 F.R.D. 594, 603-04 (D. Nev. 2016). Two amendments are of particular note here. First, the text of Rule 1 was amended to make clear that attorneys and their clients have a duty to advance cases in a manner that secures the just, speedy,

and inexpensive determination of the actions. Fed. R. Civ. P. 1.[1]  Hence, attorneys and parties must act in a reasonable, cooperative manner to advance the litigation process (including discovery).  Second, the text of Rule 26 was amended to highlight the requirement that discovery be conducted in a manner that is proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1). Hence, practicality and common sense should be at the forefront of discovery efforts.

While the 2015 amendments to the Federal Rules of Civil Procedure may not have been front-page news, they are designed to spur significant change in the practice of law in federal court. *Cf.* Tracy Chapman, *Talkin' Bout A Revolution* (Elektra/Asylum Records 1988) ("Don't you know/ They're talkin' about a revolution/ It sounds like a whisper").  Chief Justice Roberts explained that these rule changes are "a big deal" even though they may not seem so at first glance, particularly since they impose on lawyers representing adverse parties "an affirmative duty to work together" in a cooperative manner.  John Roberts, 2015 Year-End Report on the Federal Judiciary at 5-6 (Dec. 31, 2015) (available at http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf).  Chief Justice Roberts further explained that these amendments "are a major stride toward a better federal court system," but warned that this advancement can be realized "only if the entire legal community, including the bench, bar, and legal academy, step up to the challenge of making real change."  *Id.* at 9.

Given the record in this case, it appears that counsel may not have sufficiently familiarized themselves with these changes and, consequently, that counsel do not fully appreciate their duty to work cooperatively through the discovery process.  Accordingly, the pending discovery motions (Docket Nos. 218, 234, 275) are **DENIED** without prejudice.[2]  All counsel of record (Jennifer Braster, Amanda Brookhyser, Benjamin Gordon, Meredith Markwell, and Michael Popok) must

---

[1] The local rules governing civil practice in this District have likewise been amended to emphasize this same principle:  "It is the obligation of attorneys, as officers of the court, to work toward the prompt completion of each case and to minimize litigation expense. . . . Effective advocacy depends on cooperative use of these rules to manage cases in a cost-effective manner." Local Rule 1-1(b).

[2] This order is directed only to the pending discovery motions, though there are several other motions pending.  Of course, the dictates and duties in Rule 1 apply to all motion practice. Nothing herein prevents counsel from conferring on any other matter and, to the extent applicable, withdrawing other motions in light of compromises reached.

read the following in their entirety: (1) Rule 1 of the Federal Rules of Civil Procedure; (2) Rule 1 of this Court's Local Rules on civil practice; (3) *in re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Cal. 1985); (4) *Roberts v. Clark County School District*, 312 F.R.D. 594 (D. Nev. 2016); and (5) the Chief Justice's 2015 Year-End Report on the Federal Judiciary (Dec. 31, 2015). A notice of compliance must be filed by December 15, 2022. Thereafter, counsel must return to the meet-and-confer process on these discovery motions in an effort to eliminate or narrow the issues in dispute. Counsel must approach this process with a spirit of cooperation and with an eye toward practicality. The Court's strong preference is for the conference(s) to take place in-person, but the conference(s) may also be conducted by video.[3] The conference(s) must include robust conversation of the issues in dispute. *See, e.g.*, *Nev. Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). In the event the conferral process does not result in the elimination of all of these disputes, the aggrieved counsel must consider whether any remaining dispute represents a "truly significant" issue that warrants judicial consideration. *See, e.g.*, *Convergent Technologies*, 108 F.R.D. at 331. Subject to the above requirements, any renewed motion(s) must be filed by January 6, 2023.[4]

The Court issues this order to afford counsel the opportunity to "step up to the challenge of making real change." In the words of Judge Hoffman, it is time for counsel "to recalibrate and shift their energy to move this case forward in a manner befitting of their respective professional reputations." *Luangisa v. Interface Operations*, 2011 WL 6029880, at *6 (D. Nev. Dec. 5, 2011).

IT IS SO ORDERED.

Dated: December 8, 2022

Nancy J. Koppe
United States Magistrate Judge

---

[3] Given the circumstances of this case, the Court will not allow telephonic conferences for these discovery motions. *See* Local Rule IA 1-4 (judges may modify the local rules if the interest of justice so requires). Written correspondence is also insufficient. Local Rule IA 1-3(f).

[4] To be clear, the documents at issue in the motion for protective order (Docket No. 234) that have been designated as confidential pursuant to the stipulated protective order must continue to be treated as confidential at this juncture. *See* Docket No. 61 at ¶ 9.