# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PLAYUP, INC.,

      Plaintiff(s),

v.

DR. LAILA MINTAS,

      Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**Order**

[Docket Nos. 238, 257]

Pending before the Court is Defendant's motion to disqualify opposing counsel and for sanctions. Docket No. 238. Plaintiff filed a response in opposition. Docket No. 248. Defendant filed a reply. Docket No. 272. Also pending before the Court is Plaintiff's counter-motion for sanctions. Docket No. 257. Defendant filed a response in opposition. Docket No. 274. Plaintiff filed a reply. Docket No. 282. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, both motions are **DENIED**.[1]

"Disqualification is a drastic measure which courts should hesitate to impose except when absolutely necessary." *Hernandez v. Guglielmo*, 796 F. Supp. 2d 1285, 1289-90 (D. Nev. 2011).[2] "Courts deciding attorney disqualification motions are faced with the delicate and sometimes

---

[1] Resolution of a motion to disqualify counsel is a matter within a magistrate judge's authority. *Quatama Park Townhomes Owners Ass'n v. RBC Real Estate Finance, Inc.*, 365 F. Supp. 3d 1129, 1133 (D. Ore. 2019); *see also Bona Fide Conglomerate, Inc. v. SourceAmerica*, No. 3:14-cv-00751-GPC-DHB, 2016 WL 4361808, at *5 (S.D. Cal. Aug. 16, 2106) (collecting cases). Resolution of a motion for non-dispositive sanctions is a matter within a magistrate judge's authority to resolve. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990).

[2] Federal courts apply state law to decide whether to disqualify a lawyer. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). To the extent the Nevada Supreme Court has not addressed a particular issue pertinent to the pending motion, the Court must predict how it would rule using as guides intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements. *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232, 1237 (9th Cir. 2009).

difficult task of balancing competing interests:  the individual right to be represented by counsel of one's choice, each party's right to be free from the risk of even inadvertent disclosure of confidential information, and the public's interest in the scrupulous administration of justice. While doubts should generally be resolved in favor of disqualification, parties should not be allowed to misuse motions for disqualification as instruments of harassment or delay." *Nevada Yellow Cab Corp. v. Eighth Judicial Dist. Ct.*, 123 Nev. 44, 53 (2007).  "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted).

The movant bears the burden of establishing facts to justify disqualification.  *Hernandez*, 796 F. Supp. 2d at 1289.  A court may disqualify an attorney from representing a party when there is (1) a clear violation of the professional rules of conduct (2) that affects the public view of the judicial system or the integrity of the Court and (3) is serious enough to outweigh the party's interest in having the counsel of its choice.  *Kalinauskas v. Wong*, 808 F. Supp. 1469, 1472 (D. Nev. 1992).  The concerns identified in the motion to disqualify must not be "merely anticipatory and speculative."  *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 658 F.2d 1355, 1361 (9th Cir. 1981).  "Given the seriousness of the matter, the movant has a 'high standard of proof to meet in order to prove that counsel should be disqualified.'"  *Shahroki v. Harter*, No. 2:21-cv-01126-RFB-NJK, 2021 WL 4981565, at *2 (D. Nev. Oct. 26, 2021) (quoting *FLS Transp. Servs., Inc. v. Casillas*, Case No. 3:17-cv-00013-MMD (VPC), 2017 WL 6043611, at *3 (D. Nev. Dec. 6, 2017)).

Defendant has not established a clear violation of the governing rules.  Her motion is predicated on alleged violations of Rule 3.6(a) of the Nevada Rules of Professional Conduct, which (subject to limitations) prohibits a lawyer from making extrajudicial public statements that the lawyer knows or should know "will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter."  Although Defendant has identified extrajudicial statements by Plaintiff's counsel, she has not shown that there is a substantial likelihood that these statements may "materially prejudice" this proceeding.  Material prejudice is unlikely given that trial is not

imminent and has not even been set yet.  *See, e.g.*, *Muhaymin v. City of Phoenix*, No. CV-17-04565-PHX-SMB, 2020 WL 3050572, at *3 (D. Ariz. June 5, 2020).  Moreover, any lingering concerns as to prejudice from the identified statements can be ameliorated at the time of trial through voir dire or other appropriate means.  *See, e.g.*, *S.E.C. v. Christian Stanley, Inc.*, No. CV 11-7147-GHK (MANx), 2012 WL 13012479, at *2 (C.D. Cal. June 4, 2012) (citing *Ignacio v. People of Territory of Guam*, 413 F.2d 513, 517 (9th Cir. 1969)).[3]  Hence, the Court is not persuaded that there is a substantial likelihood that counsel's remarks would materially prejudice the proceedings.[4]  Because Defendant has not established a clear violation of a governing rule of conduct, the motion to disqualify opposing counsel and for monetary sanctions will be denied.[5]

The Court is also unpersuaded by Plaintiff's counter-motion for monetary sanctions.  That motion is predicated on the assertion that Defendant's motion to disqualify is frivolous and was motivated to gain a tactical advantage.  *See* Docket No. 257 at 24-26.  Although the Court is denying the motion to disqualify, it is not persuaded that sufficient grounds exist to impose monetary sanctions for filing it.

Accordingly, Defendant's motion to disqualify opposing counsel and for sanctions is **DENIED**, and Plaintiff's counter-motion for sanctions is also **DENIED**.

IT IS SO ORDERED.

Dated: January 20, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] Defendant argues that the statements are likely to reach significant numbers of potential jurors given the prevalence of gaming employment in this District.  Docket No. 238 at 5, 21.  Such an assertion was not meaningfully developed, including failing to provide any information as to the distribution or readership statistics for the subject media.

[4] Plaintiff disputes that the statements otherwise violate the rule, *see* Docket No. 248 at 27-28 (arguing that the substance of the statements was permissible), but the Court need not resolve that there is no substantial likelihood of materially prejudicing the proceedings regardless.

[5] The papers at times stray well beyond the subject matter of the motion to disqualify.  The Court herein addresses the request for sanctions only as it relates to the motion to disqualify.  *See* Local Rule IC 2-2(b) (separate papers must be filed for different requests).