UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.,<br>   Plaintiff(s),<br>v.<br>DR. LAILA MINTAS,<br>   Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK<br>**Order**<br>[Docket No. 246] |

Pending before the Court is Plaintiff's motion for Rule 11 sanctions. Docket No. 246. Defendant filed a response in opposition. Docket No. 273. Plaintiff filed a reply. Docket No. 283. The motion was referred to the undersigned magistrate judge. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for Rule 11 sanctions is **DENIED** without prejudice.[1]

A key issue to the litigation is what (or who) caused a potential business deal between Plaintiff and FTX to fall through. Plaintiff alleges that the conduct of Defendant is to blame. *See, e.g.*, Docket No. 134 at ¶ 65 (First Amended Complaint alleging that, "[i]mmediately following these surreptitious meetings conducted by Mintas, FTX walked away from the PlayUp deal, expressing concerns about erroneous matters that they had learned from Mintas during their meeting"). Defendant filed counterclaims alleging that she was not at fault and, instead, it was Plaintiff's CEO Daniel Simic who caused the deal's collapse. *See, e.g.*, Docket No. 133 at ¶ 99 (Second Amended Counterclaims alleging that "FTX did not pass on the deal because Dr. Mintas

---

[1] Denial of a motion for Rule 11 sanctions is a matter within a magistrate judge's authority to resolve, even when the motion seeks dispositive relief. *See Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747 (9th Cir. 1990); *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) (denial of a request for dispositive sanctions is within a magistrate judge's authority given that the effect of such order is non-dispositive in nature).

1

disparaged PlayUp but because Simic made unreasonable and unethical demands"). In the current Rule 11 motion practice, Plaintiff contends that the evidence obtained through discovery belies Defendant's allegations. *See, e.g.*, Docket No. 246 at 16.[2] Defendant counters that her allegations have evidentiary support. *See, e.g.*, Docket No. 273 at 11-12. Defendant also argues that Plaintiff's arguments are more suited to an opening argument at trial than to a Rule 11 motion. *Id.* at 3.

The Court declines to enter this fact-based thicket at this juncture. "The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation." Fed. R. Civ. P. 11, Advisory Committee Notes (1983). To that end, "[c]ourts should, and often do, defer consideration of [Rule 11] sanctions motions until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits." *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999); *see also Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998). Such deferral is especially appropriate where the Rule 11 motion is targeting factual disputes regarding allegations in a pleading that go to the core of the case because "a Rule 11 motion is not a proper substitute for a motion for summary judgment." *Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003); *see also in re New Motor Vehicles Canadian Export Antitrust Litig.*, 236 F.R.D. 53, 57 (D. Me. 2006); *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 686 F. Supp. 1319, 1351 (N.D. Ill. 1988). Courts within the Ninth Circuit routinely defer Rule 11 motions regarding the pleadings until the case is resolved on its merits. *See, e.g.*, *Waidhofer v. Cloudflare, Inc.*, 2021 WL 8532943, at *8 (C.D. Cal. Sept. 29, 2021); *United Specialty Ins. Co. v. Dorn Homes Inc.*, 2020 WL 8416010, at *3 (D. Ariz. Jan. 9, 2020); *Remington v. Mathson*, 2017 WL 3421966, at *5-6 (N.D. Cal. Aug. 9, 2017); *Belda v.*

---

[2] This case has been a knock-down, drag-out fight. Par for the course, the motion practice raises wide-ranging accusations of misconduct by both sides beyond the core issue of whether the allegations in the Second Amended Counterclaims had a sufficient basis to withstand a Rule 11 motion, including alleged discovery violations and alleged misconduct in motion practice. At bottom, all of the arguments center on the evidence for (or against) the core allegations discussed herein. Given that the arguments are intertwined with the core issues in the pleadings, the Court finds deferral to be the most appropriate course notwithstanding that Plaintiff alleges related misconduct beyond the pleadings.

1 *Bank of Am.*, 2016 WL 7444913, at *10 (C.D. Cal. June 20, 2016); *Bighorn Capital, Inc. v. Security Nat'l Guaranty, Inc.*, 2015 WL 9489897, at *4 (N.D. Cal. Dec. 30, 2015); *GN Resound A/S v. Callpod, Inc.*, 2013 WL 5443046, at *5 (N.D. Cal. Sept. 30, 2013); *Golden Gate Way, LLC v. Stewart*, 2011 WL 3667496, at *5 (N.D. Cal. Aug. 22, 2011); *Rodriguez v. Serv. Emps. Int'l*, 2010 WL 3464365, at *2 (N.D. Cal. Sept. 1, 2010); *Mitchel v. City of Santa Rosa*, 695 F. Supp. 2d 1001, 1013 (N.D. Cal. 2010); *Wingle v. United States*, 2005 WL 2604184, at *5 (E.D. Cal. Oct. 13, 2005); *see also Telesaurus VPC, LLC v. Power*, 888 F. Supp. 2d 963, 972 (D. Ariz. 2012).[3]

In the instant motion, Plaintiff seeks a sanction of dismissal and other relief based on the contention that Defendant's allegations are contrary to the evidence. This is effectively a motion for summary judgment masquerading as a Rule 11 sanctions motion. Rather than weigh in on such issues through the lens of a Rule 11 motion, such issues are better addressed after the resolution of the factual disputes on summary judgment or at trial.

Accordingly, Plaintiff's motion for Rule 11 sanctions is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: January 20, 2023

Nancy J. Koppe
United States Magistrate Judge

---

[3] Such a deferral does not run afoul of the safe harbor procedures. *See, e.g., United Specialty Insurance*, 2020 WL 8416010, at *3 n.5.