UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br><br>    Plaintiff(s), <br><br> v. <br><br> DR. LAILA MINTAS, <br><br>    Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br><br> **Order** <br><br> [Docket Nos. 312, 313, 314] |

Pending before the Court is PlayUp, Inc.'s and Daniel Simic's motion for a protective order, Docket No. 312, motion for sanctions, Docket No. 313, and motion to shorten time, Docket No. 314.[1]  All three motions are **DENIED** as stated below.[2]

**I.    MOTION TO SHORTEN TIME**

The instant motion practice was filed after 10:00 p.m. on February 27, 2023.  *See, e.g.*, Docket No. 314 (notice of electronic filing).  The movants seek emergency adjudication of their motions given that they relate to depositions scheduled for March 1, 2023 (Kleiman), March 2, 2023 (Drazin), and March 7, 2023 (Simic).  *See* Docket No. 314 at 7-8.[3]  Hence, the motion

---

[1] The Court cites herein to the CMECF pagination for these filings, as opposed to the native pagination provided therein.

[2] Given the short timeframe at issue, *see* Section I, the analysis provided herein will be truncated.

[3] From the short time the Court has had to review the 78 pages of motion text and exhibits, the circumstances are not entirely clear as to the depositions of Drazin and Kleiman.  The Court reminds the parties that disputes regarding subpoenaed depositions for non-party witnesses taking place outside this District must be presented in the first instance to the courts where the deposition will be held.  *See* Docket No. 159; *see also* Fed. R. Civ. P. 30(b)(4) (for remote depositions, "the deposition takes place where the deponent answers the questions").  Any future filings regarding non-party depositions must include a sufficient basis for the Court to adjudicate whether it has jurisdiction over the dispute.  The Court assumes for purposes of this order only that these deposition disputes are properly in this venue because the Court is denying the requests for relief without prejudice at any rate.

1

essentially asks the Court to resolve this motion in less than a day, which raises a variety of concerns. *See Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) ("The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them"). The Court concludes that the disputes are not properly resolved on their merits in the current posture as explained below, so it denies as moot the motion to shorten time.

**II.      MOTION FOR PROTECTIVE ORDER**

The movants seek three forms of relief through their motion for protective order, each of which the Court will address in turn below.

### A.      Scope of Discovery as to Depositions

The movants seek issuance of an order limiting the scope of deposition questioning to only the claims and defenses between Mintas and Simic. *See* Docket No. 312 at 11-13. Courts possess the discretion to limit upcoming depositions to discoverable information within the confines of Rule 26 of the Federal Rules of Civil Procedure, *see Desert Valley Painting & Drywall v. United States*, 829 F. Supp. 2d 931, 939-40 (D. Nev. 2011); *see also V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 313-14 & n.9 (D. Nev. 2019), but courts may conversely decide that such intervention is premature given that it is not entirely clear what questions will be asked and the parties may confer on disputes that arise during the deposition with the potential for motion practice thereafter based on a fuller record if absolutely necessary, *see, e.g.*, *Cardinali v. Plusfour, Inc.*, 2018 WL 7502644, at *4 (D. Nev. Oct. 9, 2018). Particularly given the imminence of these depositions, the Court finds the latter course preferrable in the circumstances of this case. As such, this aspect of the motion for protective order will be denied without prejudice.

### B.      Enforcement of the Parties' Agreement

The movants also seek an order requiring opposing counsel to comply with a stipulation reached by the parties regarding the deposition of Kleiman. Docket No. 312 at 13. Unless doing so implicates Court deadlines or proceedings, parties are able to stipulate to discovery procedures without judicial oversight. Fed. R. Civ. P. 29. Although the movants worry that opposing counsel may not abide by their agreement, such concern amounts to speculation and does not appear ripe

for judicial involvement. *E.g.*, Docket No. 314-1 at ¶ 11 ("Ms. Braster conceded that she was not likely to go beyond the stipulation"). As such, this aspect of the motion for protective order will be denied without prejudice.

### C. Deposition Scheduling

The movants also seek an order prohibiting opposing counsel from setting future depositions without input from movants' counsel. Docket No. 312 at 14. The Court has frequently reminded counsel of the need to work cooperatively, which extends to the scheduling of depositions. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 2022 U.S. Dist. Lexis 86816, at *1 (D. Nev. May 13, 2022) (noting that deposition scheduling is not generally a dispute that should require judicial intervention because it should be resolved by the parties). At the same time, the movants have cited no legal authority that it is appropriate to prohibit outrightly the unilateral scheduling of depositions. *Cf. Macalpine v. CRA Sols., Inc.*, 2018 WL 11432983, at *1 (S.D. Fla. Nov. 28, 2018) ("The Federal Rules of Civil Procedure, however, do not prohibit the unilateral setting of depositions"). At bottom, deposition scheduling is a matter that should be resolved by counsel without the need for Court intervention, whether it is addressed by conferring before a date is set or by conferring after a date has been set without consultation. Because meaningfully developed argument has not been presented that an order should issue that it must always be the former, this aspect of the motion for protective order will be denied without prejudice. *Cf. Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not generally consider arguments raised without meaningful development).

### III. MOTION FOR SANCTIONS

The movants also seek the imposition of sanctions against Mintas and her counsel. Docket No. 313 at 14-16. The arguments as to an entitlement to sanctions are intertwined with the arguments on the discovery disputes that the Court has declined to resolve herein for the reasons stated above. As such, the motion for sanctions will be denied without prejudice.

## IV.    CONCLUSION

For the reasons discussed more fully above, the Court **DENIES** without prejudice PlayUp, Inc.'s and Daniel Simic's motion for a protective order, Docket No. 312, motion for sanctions, Docket No. 313, and motion to shorten time, Docket No. 314.

IT IS SO ORDERED.

Dated: February 28, 2023

                                              _____
                                              Nancy J. Koppe
                                              United States Magistrate Judge