**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PLAYUP, INC., | Case No.: 2:21-cv-02129-GMN-NJK |
| Plaintiff, | |
| vs. | **ORDER** |
| LAILA MINTAS, | |
| Defendant. | |
| LAILA MINTAS, | |
| Counter-Claimant, | |
| vs. | |
| PLAYUP INC., *et al.*, | |
| Counter-Defendants. | |

Pending before the Court is Defendant and Counter-Claimant Laila Mintas's ("Mintas's") Objection/Appeal, (ECF No. 182), to the Magistrate Judge's Order, (ECF No. 178), denying Mintas's Motion to Compel Discovery and for Sanctions, (ECF No. 154). Plaintiff and Counter-Defendant PlayUp, Inc. ("PlayUp US") filed a Response, (ECF No. 186), to the Objection.

Further pending before the Court is Mintas's Motion to Supplement, (ECF No. 231), which seeks to supplement her Objection. PlayUp US filed a Response, (ECF No. 240), to which Mintas filed a Reply, (ECF No. 243).

Further pending before the Court is Mintas's Second Motion to Supplement, (ECF No. 315), which also seeks to supplement her Objection. PlayUp US did not file a Response.

For the reasons discussed below, the Court **DENIES** Mintas's Objection and **DENIES** Mintas's Motions to Supplement.[1]

### I.     BACKGROUND

This action arises from a dispute between a company and its former CEO. (*See generally* First Am. Compl. ("FAC"), ECF No. 134). Defendant and Counter-Claimant Laila Mintas ("Mintas") was the CEO for PlayUp Inc. ("PlayUp US"), a Delaware corporation, from 2019 to 2021. (Second Am. Counterclaim ("SACC") ¶¶ 7, 29, 86, ECF No. 133). The parties have drastically different accounts as to how that employment ended. (*Compare* FAC *with* SACC).

Around the same time Mintas's employment with PlayUp US ended, PlayUp US's Australian parent company, PlayUp Ltd. ("PlayUp AUS"), was engaged in business negotiations with another company, FTX. (FAC ¶ 31). These negotiations included FTX's possible acquisition of PlayUp AUS (the "FTX deal"). (*Id.*). For reasons bitterly disputed amongst the parties, the FTX deal fell through. (*Compare* FAC ¶ 75 *with* SACC ¶ 99).

On November 30, 2021, PlayUp US filed this suit against Mintas, alleging tort and contract claims relating to her employment with PlayUp US. (*See* Compl., ECF No. 1).[2] Following resolution of PlayUp US's Motion for Temporary Restraining Order and Emergency Motion for Preliminary Injunction, Mintas filed counterclaims against PlayUp US, as well as

---

[1] The Court may grant a motion to supplement for good cause. D. Nev. Local R. 7-2(g). Good cause under LR 7-2(g) exists if a party seeks leave to file supplemental briefing in a reasonably diligent manner, *see, e.g.*, *De Luna v. Sunrise Hosp. & Med. Ctr., LLC*, No. 2:17-cv-01052-JAD-VCF, 2018 WL 4053323, at *5 (D. Nev. Aug. 24, 2018), and "the supplement will make a substantive difference," *Leftenant v. Blackmon*, No. 2:18-cv-01948-EJY, 2022 WL 348453, at *1 (D. Nev. Feb. 4, 2022). The Court finds that Mintas failed to establish good cause to supplement her objection. At most, the supplementations may strengthen Mintas's arguments in front of the magistrate judge; they would not make a "substantive difference" in demonstrating that the magistrate judge's order was clearly erroneous or contrary to law. *See 4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, No. 2:21-cv-01081-GMN-NJK, 2022 WL 3159324, at *3 (D. Nev. Aug. 6, 2022). Additionally, "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Even if Mintas could establish good cause to supplement, the Court would decline to exercise its discretion to consider evidence presented for the first time in this Objection to a discovery order.

[2] The Court later granted PlayUp US leave to amend its Complaint. The operative complaint at this stage is located at ECF No. 134.

PlayUp AUS and its CEO Daniel Simic, who were not initially parties to this case. (*See generally* SACC). The Court has since dismissed all claims against PlayUp AUS for lack of personal jurisdiction. (Order, ECF No. 301).

The parties have engaged in motion practice on several discovery disputes. The instant Objection relates to a dispute as to whether PlayUp US is required to produce documents in the possession of PlayUp AUS. Magistrate Judge Koppe issued an Order denying Mintas's Motion to Compel, noting that "[c]ourts generally recognize the formal separateness of related companies." (MJ Order 2:24–25, ECF No. 178). Mintas now appeals this Order. (Obj., ECF No. 182).

## II. LEGAL STANDARD

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

///

///

### III. DISCUSSION

The Court finds that Mintas fails to establish that the Magistrate Judge's Order was clearly erroneous or contrary to law. Mintas contends that PlayUp US is "unilaterally select[ing] certain documents to be those of its parent company, [PlayUp AUS], and therefore 'sitting abroad' and outside its control." (Obj. 2:13–14). Mintas objects to the Magistrate Judge's Order denying her motion to compel because the ruling "effectively means that a subsidiary company that shares officers and/or board members with a parent company and shares email addresses with a parent company will never have to produce discoverable emails or documents from that shared email address(es) and from those shared officers and/or board members." (*Id.* 3:15–19). Mintas's disagreement with the Magistrate Judge's decision is not sufficient to find the Order clearly erroneous or contrary to law.

Throughout her Objection, Mintas asserts that PlayUp US should be compelled to disclose documents in the possession of PlayUp AUS because the two entities share email addresses and officers and are "effectively one business." (*Id.* 8:18–10:14, 14:12). But as the Magistrate Judge's Order notes, "Courts generally recognize the formal separateness of related companies." (MJ Order 2:24–25) (citing *Transure, Inc. v. March & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985)). Indeed, the Court has previously determined that it lacks personal jurisdiction over PlayUp AUS because PlayUp US and PlayUp AUS are legally distinct entities. (*See* Order, ECF No. 301).

Mintas further argues that the Magistrate Judge "based the order on the incorrect assumption that the documents sought are those of [PlayUp AUS]," even though Mintas has not conceded these point and "repeatedly referred to these documents as those [PlayUp US] deems 'sitting abroad.'" (Obj. 15:13–18). But Mintas's legal arguments, both in front of the Magistrate Judge and in the instant Objection, rely on the commonalities between PlayUp US and PlayUp AUS. (*Compare* Mintas's Renewed Mot. Compel, ECF No. 154, *with* Obj.); *see*

*also Ctr. for Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1200 (S.D. Cal. 2003) (denying objection to magistrate judge's order when objecting parties raised essentially the same arguments in objection as they did before the magistrate judge). Mintas does not contend that the Magistrate Judge's Order applied an incorrect legal standard or is otherwise contrary to law, nor does Mintas persuade the Court that the Magistrate Judge's factual findings were clearly erroneous.[3] Accordingly, the Court DENIES Mintas's Objection.[4]

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Mintas's Objection/Appeal, (ECF No. 182), is **DENIED**.

**IT IS FURTHER ORDERED** that Mintas's Motions to Supplement, (ECF Nos. 231, 315), are **DENIED**.

**DATED** this __27__ day of March, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[3] The Court further finds that it was not contrary to law or clearly erroneous for the Magistrate Judge to dismiss Mintas's waiver argument without discussion because the Magistrate Judge denied Mintas's Motion to Compel on other grounds.

[4] Mintas further argues that she is entitled to sanctions. (Obj. 18:7–21). Lower courts have "particularly wide latitude" in exercising their discretion to impose sanctions concerning discovery disputes. *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 242 (D. Nev. 2017) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The Court defers to the Magistrate Judge's discretionary decision to deny Mintas's request for sanctions relating to this discovery dispute.