UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> DR. LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br><br> **SECOND ORDER TO SHOW CAUSE** |

In late February 2023, the parties were gearing up for the deposition of, *inter alia*, Counter-Defendant Daniel Simic that was noticed for March 7, 2023. *See, e.g.*, Docket No. 314 at 8 (motion for protective order). On February 28, 2023, the Court denied without prejudice the motion for protective order with respect to that deposition. Docket No. 316.

On March 1, 2023, attorneys for the law firm of Zumpano Patricios Popok & Helsten, PLLC filed a motion to withdraw as counsel for Simic and Plaintiff/Counter-Defendant PlayUp Inc. Docket No. 317. The motion to withdraw was signed by both attorney Michael Popok and attorney Amanda Brookhyser. *See id.* at 5 (signature of Popok); *see also* Docket No. 17 (notice of electronic filing showing the motion was electronically filed by attorney Brookhyser).[1] That motion to withdraw makes clear that granting relief would delay Simic's deposition. *See* Docket No. 17 at 3 (noting two outstanding depositions of Simic and Drazin before indicating that allowing withdrawal would result in only postponing two depositions). The motion to withdraw was predicated on the fact that, "[w]ithout violating attorney-client privilege, undersigned counsel can represent to the Court that it [sic] has irreconcilable differences with its [sic] Clients that Counsel

---

[1] "The filing of a document through the use of an authorized filer's login and password constitutes the 'signature' of that attorney or party for purposes of Fed. R. Civ. P. 11." Local Rule IC 2-1(i).

has attempted to resolve but has not been able to, despite diligent efforts." Docket No. 317-1 (Popok declaration) at ¶ 5. Despite serial assertions of "irreconcilable differences," no other details were provided. Nonetheless, the term irreconcilable differences in this context refers to a withdrawal in circumstances where "[a] client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement." Nev. R. Prof. Cond. 1.16(b)(4).[2] In an accommodation to Simic being located in Australia and in an effort to not unnecessarily probe privileged information, the Court granted the motion to withdraw without holding a hearing by taking counsel at their word that an irreconcilable difference had arisen. Docket No. 323.[3]

The Court ordered PlayUp Inc. and Simic to obtain new counsel by April 4, 2023. Docket No. 323 at 1.[4] PlayUp Inc. and Simic violated that order. On April 20, 2023, the Court ordered PlayUp Inc. and Simic to show cause why case-dispositive sanctions should not be imposed. Docket No. 337.[5] The deadline to respond to the order to show cause was set for May 4, 2023, at which time the previously-withdrawn counsel filed a notice of re-appearance, Docket No. 339, and a response to the order to show cause, Docket No. 341. The response to the order to show cause explained that there was never any real intention of proceeding with different counsel and, further, that the dispute between counsel and their clients was really about "economic issues." *See, e.g.*,

---

[2] Such an understanding is not only common sense, but is reconfirmed by the cases cited in the motion to withdraw itself. In *United States ex rel. Sarkissian v. Tulane University Medical School*, irreconcilable differences were found given that the client was refusing to appear for hearings as ordered by the Court and as instructed by counsel. *See* 2016 U.S. Dist. Lexis 127272, at *1 (D. Nev. Aug. 23, 2016). In *Miller v. Target Corp.*, irreconcilable differences were found given that counsel was having increasing difficulty in communicating with the client and they were having differences of opinions regarding prosecuting the case. 2021 U.S. Dist. Lexis 251953, at *1; *see also* No. 2:20-cv-01227-RFB-DJA, Docket No. 23 at 3 (D. Nev. Mar. 24, 2021) (motion to withdraw itself articulating the basis for seeking to withdraw).

[3] Opposing counsel also took withdrawing counsel at their word, filing a non-opposition to the motion to withdraw. Docket No. 319 at 2 ("Dr. Mintas takes no position as to whether withdrawal is necessary at this time due to irreconcilable differences, as that is an issue between counsel and their clients").

[4] The Court also provided Simic the option of filing a notice to proceed *pro se*. *See id.*

[5] That order to show cause remains pending and is not being resolved through the issuance of this order.

Docket No. 341 at 3-4. The response to the order to show cause also insists that the withdrawal, and subsequent un-withdrawal, of counsel was not an effort at delay or bad faith. Docket No. 341 at 22.

These circumstances are troubling. Nowhere in the motion to withdraw does it identify any sort of financial dispute as the basis for withdrawal. Instead, the motion to withdraw indicates that there are irreconcilable differences, the details of which were omitted since they implicate attorney-client privilege issues.[6] No explanation has been advanced as to how an "economic dispute" that counsel and the clients were trying to resolve could constitute an "irreconcilable difference."[7] No explanation has been advanced as to how withdrawal of counsel (with a pending deposition) is appropriate to discuss resolution of an economic dispute between an attorney and client. Moreover and significantly, although the current response to the pending order to show cause asserts that there is no dilatory or bad faith motivation, that is the implication from the circumstances.

In short, the circumstances show the potential of a lack of candor and misrepresentations in the prior motion to withdraw. Attorney Michael Popok is hereby **ORDERED** to show cause in writing, no later than May 22, 2023, why his *pro hac vice* status should not be revoked, *see, e.g.*, Local Rule IA 11-2(f), why he should not be referred to the Nevada and New York bars for disciplinary investigation, *see, e.g.*, Local Rule IA 11-7(a), and why he should not be sanctioned in any fees or costs incurred by Mintas and/or a Court fine of up to $5,000, *see, e.g.*, Fed. R. Civ. P. 11(c); 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (addressing inherent authority). All factual representations made by Attorney Michael Popok in responding to this

---

[6] "[F]ee information generally is not privileged" because the "[p]ayment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications arising from the professional relationship." *E.g.*, *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988). The previously withdrawn attorneys are plainly aware of the non-privileged nature of this information since the current papers identify the economic dispute on the public docket.

[7] As a simple matter of linguistics, the economic dispute was obviously not "irreconcilable" given that counsel and the clients were apparently attempting to overcome their economic difference and did, in fact, resolve the issue.

order to show cause must be attested to in a sworn declaration that complies with 28 U.S.C. § 1746.

Attorney Amanda Brookhyser is hereby **ORDERED** to show cause in writing, no later than May 22, 2023, why she should not be referred to the Nevada bar for disciplinary investigation, *see, e.g.*, Local Rule IA 11-7(a), and sanctioned in any fees or costs incurred by Mintas and/or a Court fine of up to $5,000, *see, e.g.*, Fed. R. Civ. P. 11(c); 28 U.S.C. § 1927; *Chambers*, 501 U.S. at 46. All factual representations made by Attorney Amanda Brookhyser in responding to this order to show cause must be attested to in a sworn declaration that complies with 28 U.S.C. § 1746.

Counter-Defendant Simic is hereby **ORDERED** to file, no later than May 15, 2023, a declaration in compliance with 28 U.S.C. § 1746 that identifies with particularity the nature of the economic dispute with counsel, states with particularity the date on which "[t]he Board approved the resolution" regarding the economic dispute, and attaches (and swears to the accuracy of) the Board minutes and any other documentation of the approval of that resolution.

Lastly, Mintas will be given an opportunity to address the responses to both the prior order to show cause directed at potential case-dispositive sanctions and to the responses to this order to show cause. The deadline for Mintas to file her responses to the two orders to show cause will be set at June 1, 2023.

IT IS SO ORDERED.

Dated: May 8, 2023

_____
Nancy J. Koppe
United States Magistrate Judge