UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.,<br>    Plaintiff(s),<br>v.<br>DR. LAILA MINTAS,<br>    Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK<br>**Order**<br>[Docket No. 347] |

Pending before the Court are two orders to show cause, one addressing whether case-dispositive sanctions should be imposed for failing to comply with the order to obtain counsel by the deadline provided, Docket No. 337, and the other addressing attorney conduct in withdrawing and then un-withdrawing as counsel of record, Docket No. 343. With respect to the latter, the subject attorneys have now filed a motion for *in camera* review. Docket No. 347.

The motion for *in camera* review contends that counsel's upcoming response to the second order to show cause will divulge attorney-client privileged material. *Id.* at 4. Sufficient explanation has not been provided to support that contention. Counsel have now represented to the Court that their prior withdrawal was motived by the existence of a dispute over "economic issues." Docket No. 341 at 3-4. More specifically, counsel now represent that the motivation for withdrawing previously was based on reasons "that were of a *purely economic nature* related to financing the litigation." *Id.* at 6 (emphasis added). As the Court has already explained, such a monetary issue does not appear to implicate attorney-client privilege. Docket No. 343 at 3 n.6 ("'[F]ee information generally is not privileged' because the '[p]ayment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications arising from the professional relationship.' *E.g.*, *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988). The previously withdrawn attorneys are plainly aware of the

non-privileged nature of this information since the current papers identify the economic dispute on the public docket"). The instant motion provides no meaningful argument as to how information concerning a "purely economic" issue could implicate the attorney-client privilege, nor has it explained why other information that may be privileged would need to be presented in responding to the order to show cause given the representations now made as to the reason for withdrawal. Particularly given the disfavored nature of *in camera* submissions, *e.g.*, *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 700 (D. Nev. 1994), the Court declines to grant such permission without any meaningful explanation as to how the information that will be submitted could be privileged.[1]

Accordingly, the motion for *in camera* review is **DENIED** without prejudice. Any renewed motion must be filed by May 15, 2023, and must include meaningful argument as to how information concerning economic issues could be protected by the attorney-client privilege and/or why any privileged information on other issues will be presented in responding to the order to show cause. Any response thereto must be filed by May 16, 2023, and any reply must be filed by noon on May 17, 2023.[2]

IT IS SO ORDERED.

Dated: May 11, 2023

                                                            Nancy J. Koppe
                                                            United States Magistrate Judge

---

[1] The motion also appears to seek a preemptive ruling as to sealing. Docket No. 347 at 4. The Court declines to make such a ruling at this juncture. To the extent sealing is sought, the subject documents must be filed under seal with a concurrently-filed motion to seal, explaining the basis for the sealing request. Local Rule IA 10-5(a). The Court will then decide, based on the contents of the sealed materials and the arguments presented in the motion to seal, whether the materials may continue to be sealed on the docket.

[2] The Court reminds counsel that CMECF may automatically generate different briefing deadlines, but that this order governs the briefing schedule regardless of any conflicting courtesy notice(s). Local Rule IC 3-1(d).