UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.,<br>  Plaintiff(s),<br>v.<br>DR. LAILA MINTAS,<br>  Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK<br>**Order**<br>[Docket No. 357] |

Pending before the Court is a motion to seal and for partial *in camera* review filed by PlayUp and Daniel Simic.[1] Docket No. 357. Mintas filed a response. Docket No. 362. PlayUp filed a reply. Docket No. 367. The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to seal and for partial *in camera* review is **DENIED**. Nonetheless, the Clerk's Office is **INSTRUCTED** to continue sealing the subject material at this time. *See* Section III.E.

**I. BACKGROUND**

The motion to withdraw as counsel for PlayUp was predicated on the representation that, "[w]ithout violating attorney-client privilege, [PlayUp's] counsel can represent to the Court that it [sic] has irreconcilable differences with its [sic] Clients that Counsel has attempted to resolve but has not been able to, despite diligent efforts." Docket No. 317-1 at ¶ 5. When the same counsel later reappeared as the attorneys of record, the papers represented that the withdrawal was motivated by an issue "of a purely economic nature related to financing the litigation." *E.g.*, Docket No. 341 at 6. The Court issued an order to show cause raising concerns as to these circumstances. *See* Docket No. 343. PlayUp seeks to seal responses to the second order to show cause and seeks partial *in camera* treatment of that material.

---

[1] The Court will refer herein to PlayUp and Simic collectively as "PlayUp."

1

## II. STANDARDS

### A. Sealing

There is a strong presumption of public access to judicial records. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Parties seeking to keep secret from the public documents filed in relation to non-dispositive motions must make a "particularized showing" of "good cause." *Id.* at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).[2] The Ninth Circuit has made clear that secrecy of judicial filings may be appropriate when the records could become a vehicle for improper purposes, such as the use of the records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179. On the other hand, "[t]he mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

### B. In Camera Submission

An *in camera* submission impedes not only the public's right to access judicial filings, but also the adversarial process through which courts function best. *See Wiener v. F.B.I.*, 943 F.2d

---

[2] The standard applicable to a motion to seal turns on whether the underlying materials are submitted in conjunction with a dispositive or a non-dispositive motion. *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Because PlayUp has not met even the most lenient standard, the Court need not decide at this juncture whether the information may be considered submitted in relation to a dispositive matter. *See* Docket No. 337 (order to show cause raising potential for case-dispositive sanctions).

972, 979 (9th Cir. 1991); *see also Doyle v. F.B.I.*, 722 F.2d 554, 556 (9th Cir. 1983) (providing overview of the "danger inherent" in relying on *ex parte*, *in camera* submissions). Given these concerns, requests for *in camera* submission are disfavored. *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 700 (D. Nev. 1994). A request for *in camera* review must be supported by "compelling reasons," which is a stringent standard that is not easily met. *Cf. Maxson v. Mosaic Sales Sols. U.S. Op'g Co.*, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015).[3] Compelling reasons may be established by showing that revealing the subject information to the opposing party and to the public would irreparably harm the movant. *See, e.g.*, *Stamicarbon, N.V. v. Am. Cyanamid Co.*, 506 F.2d 532, 540 (2d Cir. 1974) (addressing trade secret material).[4]

## III. ANALYSIS

The primary thrust of the motion to seal and for partial *in camera* treatment is that a client's nonpayment of legal fees is privileged or of such a sensitive nature that it cannot be disclosed to the public or to the opposing party.[5] PlayUp has not met its burden to obtain such relief.

### A. Attorney-Client Privilege

The Court begins with the most significant reason advanced in seeking secrecy, that the information is subject to the attorney-client privilege.

---

[3] A request for *in camera* review is seeking three forms of relief: (1) keeping information secret from the public, (2) keeping information off the official docket, and (3) keeping information secret from the opposing counsel and party. Hence, the analysis of the propriety of *in camera* treatment properly incorporates the standards for sealing (*i.e.*, keeping information secret from the public) and the standards for *ex parte* submissions (*i.e.*, filings made without notice to the opposing side). *See, e.g.*, Local Rule IA 7-2(a).

[4] Sealing requests are by design made concurrently with the filing of the sealed information. Local Rule IA 10-5(a). Analyzing the propriety of *in camera* submission is sometimes done before that information is lodged with the Court. Given the circumstances of this case, the Court instructed the sealed and *in camera* submissions both be made before a decision was reached as to the propriety of either procedure. Docket No. 354 at 2. As that order made clear—and as PlayUp's own filings urged—the Court would thereafter determine whether the information would be disclosed to the opposing side and to the public. *Id.*; *see also* Docket No. 353 at 5 (PlayUp's brief indicating that "the Court's exercise of its discretion to review these documents *in camera* does no prejudice to Mintas as the Court is free to determine, after its review, that the documents should be disclosed"). As such, the Court here is determining whether the submitted information should *remain* secret, as opposed to whether it may be submitted in secrecy in the first instance.

[5] The Court rules herein on the primary issues advanced for secrecy. As discussed in Section III.E, the Court leaves for another day whether other information is sufficiently sensitive to remain secret.

The party seeking to claim a privilege bears the burden of establishing its elements. *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992). That information pertains to the attorney-client relationship does not render it automatically privileged. *See Howard v. State*, 291 P.3d 137, 144 (Nev. 2012).[6] Mere facts are not privileged, but rather only the communications about facts may be privileged. *Wynn Resorts, Ltd. v. Eighth Jud. Dist. Ct.*, 399 P.3d 334, 341 (Nev. 2017). Moreover, the attorney-client privilege protects confidential communications "[m]ade for the purpose of facilitating the rendition of professional legal services to the client." N.R.S. 49.095. It is well-settled law that "fee information generally is not privileged" because the "[p]ayment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications arising from the professional relationship." *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir. 1988). The Ninth Circuit has summarily rejected the contention that fee amounts owed by clients, as well as the pertinent dates and details of payments, falls within the attorney-client privilege under Nevada law. *United States v. Cromer*, 483 F.2d 99, 101-02 (9th Cir. 1973).[7]

---

[6] In diversity cases, the Court applies state law as to the existence of the attorney-client privilege. Fed. R. Evid. 501. When the Nevada Supreme Court has not spoken on a particular issue regarding privilege, judges look primarily to decisional law by the Ninth Circuit and district courts within the Ninth Circuit. *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 627 (D. Nev. 2013).

[7] In seeking secrecy now, PlayUp makes an overarching argument that courts should be mindful to not intrude unnecessarily regarding the details underlying a motion to withdraw as counsel. *See, e.g.*, Docket No. 351 at 2. The case law cited does not hold, however, that the Court may never inquire as to the reasons for the withdrawal. The caselaw cited is instructive. In one such case, the withdrawing counsel represented that there had been no communication with the client, which made prosecution of the case impossible, in addition to attesting to "a permanent and irreparable break in the attorney-client relationship." *Alvarez v. Bimbo Bakeries USA, Inc.*, 2019 WL 7875050, at *1-2 (C.D. Cal. Oct. 8, 2019). Although the short period of non-communication was deemed insufficient to allow withdrawal, the *Alvarez* judge took counsel at their word as to the breakdown of the relationship because he had "*no reason to doubt* Counsel's assertion that there was a breakdown in the attorney-client relationship." *Id.* at *2 (emphasis added).

The Court did precisely the same thing here. It granted the motion to withdraw upon the representation that an irreconcilable difference had arisen, the details of which were not being provided to protect attorney-client privileged information. Docket No. 323. At that time, the Court had "no reason to doubt" the representation being made, so it inquired no further. But the subsequent reappearance of the same counsel, particularly given the statements made concurrently therewith and the posture of the case, gave the Court reason to doubt. The Court is plainly permitted to require PlayUp to explain itself in this circumstance and to provide a justifiable basis for seeking secrecy for the explanation it does provide.

PlayUp has now had three opportunities to substantiate its position that its nonpayment of legal fees is privileged. Docket Nos. 347, 351, 347. It has not done so. As controlling Ninth Circuit authority applying Nevada law makes perfectly clear, the nonpayment of fees is a *fact*, not a privileged communication. *Cromer*, 483 F.2d at 101-02 ("[w]e fail to see how the specific information requested can be considered a confidential communication"). Indeed, PlayUp itself has already made clear that the withdrawal of counsel stemmed from a "purely economic" issue. Docket No. 341 at 6.[8] In addition, "[n]o privilege exists if the communications are accessible to the general public in other manners, because the communications are therefore not confidential." *Wynn*, 399 P.3d at 374. PlayUp's counsel served a notice of attorney's lien identifying $359,541.50 in outstanding legal fees and costs for services rendered. Docket No. 342-2 at 3. PlayUp has expressly acknowledged this nonpayment of fees on the public docket, as well as Mintas' knowledge of that fact. Docket No. 351 at 5 n.2 (PlayUp's briefing that "Defendant knew of the fee dispute as Movants *served Defendants' counsel with a copy of their lien on the case for nonpayment of fees*" (italics in original, underlying added)). PlayUp's nonpayment of legal fees is not even "confidential" at this juncture; the cat is out of the bag. At bottom, the Court has been presented with no legal authority or meaningfully developed argument that the facts of a client's nonpayment of legal fees could possibly constitute a confidential communication made for the purposes of facilitating legal services.

In short, PlayUp has not met its burden of establishing the attorney-client privilege.

B.   Potential Misuse of Information

PlayUp's motion also rests in part on the contention that the details of the information provided may be used improperly, pointing to an earlier filing by Mintas. Docket No. 357 at 3. The Ninth Circuit has made clear that secrecy of judicial filings may be appropriate when the records could become a vehicle for improper purposes, such as the use of the records to gratify

---

[8] PlayUp's quotation to caselaw is telling. *See* Docket No. 357 at 5. For example, the Ninth Circuit explained that legal *billing records* may be privileged if they reflect information that "reveal[s] the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of the law." *United States v. Amlani*, 169 F.3d 1189, 1195 (9th Cir. 1999). PlayUp has not revealed any such information being disclosed in divulging that its client failed to pay outstanding fees for services rendered.

private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179. On the other hand, "[t]he mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court is not persuaded by PlayUp's argument. The Court is well aware of the ubiquitous assertions of alleged wrongdoing flung in both directions in this case, but PlayUp has not made a sufficient factual showing to support this argument.[9] At any rate, the core information at issue is already known to Mintas as discussed above, and PlayUp makes not meaningful showing why secrecy is warranted now on this basis for already-known information.[10]

In short, PlayUp has not met its burden of showing secrecy is warranted based on the potential for misuse.

### C.   Sensitive Nature of Information

PlayUp next contends that secrecy is warranted given that documents contain "sensitive financial information" that is "highly private" and unrelated to the litigation. Docket No. 357 at 3-4. As to the information regarding the fact of PlayUp's nonpayment of its legal fees and the decision to withdraw based on nonpayment, the Court is not persuaded by this argument. At the risk of repetition, PlayUp's counsel served a notice of attorney's lien identifying $359,541.50 in outstanding costs and fees for services rendered. Docket No. 342-2 at 3. At any rate, particularly in the context of a motion to withdraw as counsel, the nonpayment of legal fees is not generally considered sufficiently sensitive or private to warrant secrecy. To the contrary, courts routinely note in public orders addressing motions to withdraw that the reason for the withdrawal was nonpayment of fees. *See, e.g.*, *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 550 (8th Cir. 2016);

---

[9] Mintas redacted and sought to seal the subject information in responding to the order to show cause, *see* Docket Nos. 363-64, but she included in her publicly-filed response to the motion to seal quotations from the declarations that were filed under seal, *see* Docket No. 362 at 6. Mintas' counsel must be more careful moving forward and are **CAUTIONED** for this shortcoming. Nonetheless, a sufficient showing has not been made that information cannot be shared with Mintas out of concern that it will be used publicly to, *inter alia*, gratify private spite.

[10] If PlayUp is relying on the fact that the subject documents contain additional "details" of the nonpayment of fees, *see* Docket No. 357 at 3, it fails to meaningfully develop that argument.

*Brandon v. Blech*, 560 F.3d 536, 539 (6th Cir. 2009); *T1 Payments LLC v. Beyond Wealth Pte LLC*, 2021 WL 408089, at *2 (D. Nev. Feb. 5, 2021); *Bank of N.Y. Mellon v. Ravenstar Invs., LLC*, 2018 U.S. Dist. Lexis 52691, at *2 (D. Nev. Mar. 29, 2018); *Travelers Cas. & Sur. Co. of Am. v. Williams Bros., Inc.*, 2014 U.S. Dist. Lexis 44547, at *4 (D. Nev. Mar. 31, 2014); *Travelers Cas. & Sur. Co. of Am. v. Big Town Mech., LLC*, 2013 U.S. Dist. Lexis 122923, at *4 (D. Nev. Aug. 27, 2013); *21st Century Cmtys. v. Muzlink, LLC*, 2013 U.S. Dist. Lexis 84721, at *2 (D. Nev. June 17, 2013); *Chan v. Pan Western Corp.*, 2011 WL 2976793, at *1 (D. Nev. July 21, 2011). Indeed, PlayUp is plainly aware that such information may be disclosed publicly and to the opposing party given its own quotations of case law stating on the public record that the client failed to pay for the legal services rendered. *See, e.g.*, Docket No. 351 at 3-4.

The fact of PlayUp's nonpayment of its legal fees and the decision to withdraw based on nonpayment will not be sealed based on this ground.

### D. Secrecy Requested for Public Information

PlayUp's request for secrecy is otherwise plainly overbroad to the extent it seeks secrecy as to public information. As an example, PlayUp seeks *in camera* consideration (i.e., secrecy from both Mintas and the public) for a statement regarding "well-publicized" facts, Docket No. 360 at ¶ 23, and for a statement as to what is already "on the public record," *id.* at ¶ 43. PlayUp also seeks sealing for information that it has filed elsewhere on the public docket. *E.g.*, *compare* Docket No. 341-2 at ¶ 8 (declaration filed publicly regarding reconciliation efforts) *with* Docket No. 361 at ¶ 47 (declaration filed under seal regarding same information); *compare* Docket No. 369 at ¶ 62 (declaration filed publicly describing discussions) *with* Docket No. 360 at ¶ 40 (declaration seeking *in camera* treatment for same information); *compare* Docket No. 351 at 5 (motion filed publicly referencing legal proceeding) *with* Docket No. 360 at ¶ 47 (declaration seeking *in camera* treatment for same information); *see also* Docket No. 356 (providing on the public docket extensive discussion and summaries of information contained in declarations filed under seal). It

is axiomatic that secrecy in judicial filings is not warranted for public information. *Victory Sports & Ent., LLC v. Pedraza*, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019) (collecting cases).[11]

### E. Additional Information

In light of the above, the Court concludes that PlayUp failed to meet its burden that the information submitted is privileged. The Court also concludes that the core information at issue (the nonpayment of fees) is not sealable. There are also wide swaths of additional information that will not meet the standards for sealing or *in camera* review.[12] Based on the Court's independent review of the materials, however, there is certain discrete information within the submissions for which secrecy *might* be warranted. *See, e.g.*, Docket No. 361 at 13-17 (board minutes); *id.* at ¶¶ 52, 67 (discussing efforts to raise funds). Nonetheless, the Court lacks basic information specific to that information. As an example, PlayUp did not file a declaration that the board minutes are generally kept confidential or that their disclosure would cause competitive harm. *Cf. Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *2 (D. Nev. June 29, 2023). It is the movant's responsibility, not the Court's, to make a particularized showing for relief. *Kamakana*, 447 F.3d at 1180. Since PlayUp has clearly failed to make the required showing, the Court would be justified in disclosing on the public docket the entirety of the submissions presented. As a courtesy to PlayUp to protect any legitimately sensitive information, however, the Court will provide one final opportunity to make the showings necessary. On an interim basis, the Court will allow the filings to remain sealed and *in camera*.

---

[11] This does not mean, of course, that a litigant can thwart an opponent's sealing options by itself filing the information publicly. *See Motogolf.com, LLC v. Top Shelf Golf, LLC*, 2021 WL 5761770, at *2 (D. Nev. Dec. 3, 2021); *Garcia v. Serv. Emps. Int'l Union*, 2019 WL 8750273, at *2 (D. Nev. May 23, 2019); *Ashcraft v. Welk Resort Grp.*, 2017 WL 4038397, at *2 n.2 (D. Nev. Sept. 12, 2017).

[12] The Court has not endeavored to catalogue all of the information that is plainly beyond the scope of a properly sealable or *in camera* submission. There are abundant examples of other information that is not properly kept secret, including the professional background of counsel, *see, e.g.*, Docket No. 358 at ¶¶ 1-17, and recitation of docketed information, *id.* at ¶¶ 78-79. Requests to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *E.g.*, *Ervine*, 214 F. Supp. 3d at 919. To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also Roman Catholic Archbishop*, 661 F.3d at 425.

To the extent PlayUp continues to seek such relief, it must file a motion with robust argument making a particularized showing that is supported by evidence (*e.g.*, a declaration attesting to why the specific information must be shielded from the public and/or from Mintas). This showing must be made on a line-by-line basis. *Cf. in re Yahoo! Inc. Customer Data Security Breach Litig.*, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018). Any request for *in camera* treatment must be accompanied by a declaration that the subject information is not already known or available to Mintas or her counsel. Any request for sealing must be accompanied by a declaration that the subject information is not already known or available to the public. The motion cannot incorporate by reference arguments or evidence filed elsewhere. *Lescinsky v. Clark Cnty. Sch. Dist.*, 539 F. Supp. 3d 1121, 1129 n.8 (D. Nev. 2021).[13] A courtesy copy must be provided to the undersigned's box highlighting redactions for secrecy in yellow and highlighting redactions for *in camera* treatment in blue.

### IV.  CONCLUSION

For the reasons discussed above, PlayUp has not met its burden of establishing the attorney-client privilege and it has otherwise not met its burden of showing that secrecy is warranted. Accordingly, the motion to seal and for partial *in camera* review is **DENIED**. Nonetheless, the Clerk's Office is **INSTRUCTED** to continue sealing the subject material at this time. *See* Section III.E. Any renewed motion for secrecy must be filed by August 3, 2023. Courtesy copies must be submitted by noon on August 4, 2023.

The Court **SEALS** Docket No. 362 on an interim basis. If PlayUp continues to seek secrecy for any of the information contained therein, it must file a proper motion by August 3, 2023.

IT IS SO ORDERED.

Dated: July 19, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[13] It appears that the current motion includes a request to incorporate by reference. *See* Docket No. 357 at 2 (referring to Docket No. 351). The Court reviewed the cited filing in preparing this order, but it will not allow incorporation by reference moving forward.