UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>DR. LAILA MINTAS,<br><br>　　　　Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK<br><br>**Order**<br><br>[Docket No. 392] |

　　　　Pending before the Court is Counter-Defendant PlayUp Ltd.'s motion to stay discovery pending resolution of its motion to dismiss for lack of personal jurisdiction. Docket No. 392; *see also* Docket No. 374 (motion to dismiss).  Counter-Plaintiff Mintas filed a response in opposition. Docket No. 397.  PlayUp Ltd. filed a reply.  Docket No. 399.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed more fully below, the motion to stay discovery is **GRANTED**.

　　　　The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).  The fact that conducting discovery while a potentially dispositive motion is pending may involve inconvenience or expense is not sufficient, standing alone, to impose a stay of discovery. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quoting *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)).  Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and finds the motion sufficiently meritorious to warrant a stay.  *See*

*Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed. *See Holiday Sys., Int'l of Nev. v. Vivarelli, Schwarz, and Assocs.*, 2012 WL 3860824, at *2 (D. Nev. Sept. 5, 2012).

Although it does not mandate imposition of a stay of discovery, the pendency of a personal jurisdiction challenge strongly favors a stay or, at a minimum, limitations on discovery until the question of jurisdiction is resolved. *E.g.*, *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013). When an assigned district judge has previously addressed personal jurisdiction in a given case, such ruling warrants significant consideration in weighing the merits of another jurisdictional motion in that same case. *Cf. id.* (in addressing stay motion practice premised on motion to reconsider earlier jurisdictional ruling, noting that the Court already had an understanding of the district judge's view of the personal jurisdiction issues at play).

The Court is persuaded that a stay of discovery is warranted with respect to PlayUp Ltd. If granted, the motion to dismiss would be dispositive as to PlayUp Ltd. *See Tradebay*, 378 F.R.D. at 602 ("the pending motion must be potentially dispositive of the entire case or at least dispositive on the issue on which discovery is sought").[1] Moreover, whether discovery is needed is an issue that can be resolved in conjunction with the district judge's evaluation of the motion to dismiss. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, 2015 WL 1600768, at *2 (D. Nev. Apr. 8, 2015). Lastly, although the jurisdictional arguments of Mintas carry some force, the merits of the motion to dismiss suffice for purposes of a stay of discovery in the context of a personal jurisdiction challenge.[2]

---

[1] To be clear, the stay being granted herein is limited to discovery involving PlayUp Ltd. only. *White v. Am. Tobacco Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989).

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss and may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of the motion to dismiss is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.

2

Accordingly, PlayUp Ltd.'s motion to stay discovery is **GRANTED**. In the event the resolution of the motion to dismiss does not result in PlayUp Ltd.'s termination from this case, a proposed schedule for completing discovery involving PlayUp Ltd. must be filed within 14 days of the order resolving that motion.

IT IS SO ORDERED.

Dated: September 13, 2023

_____
Nancy J. Koppe
United States Magistrate Judge