# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., | Case No. 2:21-cv-02129-GMN-NJK |
|      Plaintiff(s), | **Order** |
| v. | [Docket No. 405] |
| DR. LAILA MINTAS, | |
|      Defendant(s). | |

Pending before the Court is Counter-Defendant Daniel Simic's motion to compel Counter-Plaintiff Laila Mintas to respond to requests for admission. Docket No. 405. Mintas filed a response in opposition. Docket No. 416. Simic filed a reply. Docket No. 420. The motion is properly resolved without a hearing. Local Rule 78-1.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel must strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) (quoting *in re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985)). Courts routinely hold parties to the compromise positions their counsel have taken during the conferral process. *See, e.g.*, *D.S. v. Clark Cnty. Sch. Dist.*, No. 2:22-cv-00246-JCM-NJK, 2023 WL 3584256, at *2 n.4 (D. Nev. May 22, 2023).

In this case, counsel reached a compromise position during the conferral process that Mintas respond to 175 requests for admission. *See, e.g.*, Docket Nos. 405-6. The Court will hold the parties to their mutual compromise positions on the appropriate number of requests for

admissions.[1] The only issue outstanding is the amount of time for the responses. The parties previously reached an impasse with Simic seeking responses within 20 days and Mintas seeking a longer period of 60 days to respond. *See, e.g.*, Docket No. 405-7. In the motion practice, Simic now asks for responses within 10 days. *See, e.g.*, Docket No. 405 at 1. Given the circumstances, the Court finds that Simic must serve the narrowed set of 175 requests for admission within 14 days of the issuance of this order,[2] and Mintas must respond to those requests for admission within 30 days of the service of the narrowed set of 175 requests for admission.

For the reasons discussed more fully above, Simic's motion to compel is **GRANTED** in part and **DENIED** in part.[3]

IT IS SO ORDERED.

Dated: November 22, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Simic contends in a footnote in reply that he is not bound by his counsel's compromise position because an "agreement" was not reached. Docket No. 420 at 12 n.7. The conferral process is designed to "resolve issues by agreement <u>or to at least narrow and focus matters in controversy before judicial resolution is sought</u>." *Nevada Power v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993) (emphasis added). The Court declines to relieve the parties of their mutual compromise position that responses should be provided to 175 requests for admission simply because they could not agree on a timeframe for those responses.

[2] The Court has provided a few extra days to narrow the requests for admission to account for the Thanksgiving holiday. Of course, nothing prevents Simic from serving the narrowed requests earlier if he would like to do so.

[3] When a motion to compel is granted in part and denied in part, the Court has broad discretion in deciding whether to award expenses. *See, e.g.*, *Prodox, LLC v. Prof. Doc. Servs., Inc.*, 2021 WL 5370236, at *5 (D. Nev. Nov. 16, 2021); Fed. R. Civ. P. 37(a)(5)(C). The circumstances here do not justify an award of expenses, so Simic's request for them is **DENIED**.