**ZUMPANO PATRICIOS POPOK & HELSTEN, PLLC**
Michael S. Popok
New York Bar No. 2475226
(Admitted *pro hac vice*)
134 East 38th Street
New York, New York 10016
212-542-2564
MPopok@zplaw.com

Amanda J. Brookhyser
Nevada Bar No. 11526
1210 South Valley View Blvd., Suite 215
Las Vegas, NV 89102
702-583-3326
ABrookhyser@zplaw.com
Attorneys for Plaintiff PlayUp US,
Putative Counter-Defendant, PlayUp, Ltd.
and Counter-Defendant Daniel Simic

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| PlayUp, Inc., a Delaware Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>Dr. Laila Mintas, an individual,<br><br>        Defendant.<br>_____<br>Dr. Laila Mintas, an individual,<br><br>        Counter-Claimant,<br><br>v.<br><br>PlayUp, Inc., a Delaware Corporation; PlayUp Ltd., an Australian company; Daniel Simic, an Individual,<br><br>        Counter-Defendants. | Case No. 2:21-cv-02129-GMN-NJK<br><br>**REPLY IN SUPPORT OF PUTATIVE COUNTER-DEFENDANT PLAYUP, LTD.'S, COUNTER-DEFENDANT DANIEL SIMIC'S AND PLAINTIFF PLAYUP INC.'S MOTION FOR PROTECTIVE ORDER AGAINST THE ENFORCEMENT OF SUBPOENAS WITH INCORPORATED MEMORANDUM OF LAW** |

Putative Counter-Defendant PlayUp, Ltd. ("PU Ltd"), Counter-Defendant Daniel Simic, ("Mr. Simic"), and Plaintiff/Counter-Defendant PlayUp Inc. ("PlayUp US", and collectively with Mr. Simic and Putative Counter-Defendant[1] PU Ltd., "Movants"), by and through their

---

[1] The District Court dismissed PU Ltd. for lack of personal jurisdiction. Mintas filed, without leave of court, yet another amended pleading, which by her own admission, does not add any new substantive allegations against PU Ltd. This compelled PU Ltd. to file yet another motion to dismiss for lack of personal jurisdiction and for sanctions, which remains pending. In the

i

undersigned counsel, hereby file this Reply in support of Movants' request pursuant to Federal Rules of Civil Procedure 26(c) and 45 for a protective order: (a) against the enforcement of certain subpoenas; (b) enforcing the stay of this Court's Order, dated September 13, 2023[2] (the "Stay Order"), granting Putative Counter-Defendant PU Ltd.'s Motion to Stay discovery pending resolution of its Motion to Dismiss for lack of personal jurisdiction; (c) granting Movants their fees and costs; and (6) any further relief the Court deems just.  Dkt No. 392; *see also* Dkt No. 374 (motion to dismiss); Dkt. No. 400.

Dated this 8th day of December 2023.

Respectfully submitted,

**ZUMPANO PATRICIOS POPOK & HELSTEN, PLLC**

/s/ Amanda J. Brookhyser
Michael S. Popok
New York Bar No. 2475226
(Admitted *pro hac vice*)
134 East 38th Street
New York, New York 10016
212-542-2564
MPopok@zplaw.com

Amanda J. Brookhyser
Nevada Bar No. 11526
1210 South Valley View Blvd., Suite 215
Las Vegas, NV 89102
702-583-3326
ABrookhyser@zplaw.com

*Attorneys for Plaintiff PlayUp US and Putative Counter-Defendant PlayUp, Ltd. and Counter- Defendant Daniel Simic*

---

interim, and in light of the prior dismissal order, this Court entered an order staying discovery until the District Court rules.  Dkt. No. 400.  We continue to maintain that PU Ltd. is dismissed and a putative counter-defendant to this action.

[2]     Mintas attempts to score points by claiming that Movants misquoted the date of the Stay Order as September 13, 2023.  Dkt. No. 433, p. 4.  Movants are perplexed as to where Mintas gets her claim that the Stay Order is dated September 19, 2023, as it very clearly is not.

**PRELIMINARY STATEMENT**

Mintas' Response to Putative Counter-Defendant PU Ltd.'s, Plaintiff PlayUp US' and Couter-Defendant Mr. Simic's request for a protective order against subpoenas that (1) violate the Stay Order of this Court preventing further discovery against Putative Counter-Defendant PU Ltd., and (2) seek irrelevant information, offers only non-sensical arguments in opposition. Specifically, Mintas makes the illogical argument that her subpoenas avoid violating the Court's Stay Order preventing further discovery against Putative Counter-Defendant PU Ltd. because discovery against it is not stayed at all; only "served discovery" is stayed, whatever that means. Dkt. No. 433, pp. 10-11; *see also* Dkt. No. 392, pp. 4, 7, 22. This Court's Stay Order stayed all discovery against Putative Counter-Defendant PU Ltd. whether currently pending or served/noticed in the future, and any argument to the contrary is non-sensical, and should not be countenanced. Dkt. No. 400.

Mintas also makes an improper "lack of standing" argument to try to defeat the Motion. Dkt. No. 433, pp. 11-14. Not only does this argument stand in direct contradiction to *motions that Mintas herself has filed in this case* (Dkt. Nos. 100, 101), but it also ignores well-settled Nevada law that a party or non-party may invoke Rule 26 to seek a protective order against the enforcement of third-party subpoenas. *Monte H. Greenawalt Revocable Tr. v. Brown*, No. 2:12-cv-01983-LRH-VCF, 2013 U.S. Dist. LEXIS 178802, at *6 (D. Nev. Dec. 18, 2013) (citing *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005)) (holding that a party may bring a motion for protective order under Rule 26(c) regarding subpoenas served on non-parties, where the party's legitimate interests are affected).

Lastly, to save her subpoenas issued and served in direct violation of the Court's Stay Order, Mintas argues that the invalid subpoenas nonetheless seek relevant information. Dkt. No. 433, pp. 14-17. To hear Mintas tell it, her subpoenas are proper because "that is what third-party discovery is for." But this misses the point entirely. The Court has already ruled in Putative Counter-Defendant PU Ltd.'s favor to prevent discovery, third party or otherwise. Dkt. No. 400. So, the issue is not whether the subpoenas are "relevant" to something or not, it is whether subpoenas concerning a dismissed or soon to be dismissed party in violation of a Court's direct

order is saved because the party claims they are relevant. Given that Mintas has already conceded that the subpoenas are mere fishing expeditions in search of relevant evidence, the Motion should be granted for this reason alone. Dkt. No. 411-1 ¶ 13. For the reasons set forth below and in the opening papers, the Court should (a) grant the motion for protective order and (b) enter an award of sanctions against Mintas.

## ARGUMENT

### I. MOVANTS ARE ENTITLED TO ANOTHER ORDER AGAINST THE ENFORCEMENT OF THE SUBPOENAS[3] AND TO UPHOLD THE LETTER AND SPIRIT OF THE COURT'S PRIOR STAY ORDER PREVENTING DISCOVERY.

#### A. The Subpoenas Violate the Court's Stay Order.

Mintas' view that the Court's Stay Order as to Putative Counter-Defendant PU Ltd. only includes a stay of "served discovery" not only contradicts the scope of relief requested by Putative Counter-Defendant PU Ltd. in its underlying Motion to Stay Discovery (Dkt. No. 392), which the Court granted in full, but it is also illogical when considering the purposes behind a stay of discovery. It cannot be just against the already propounded or "served" discovery, but against all future discovery as well. Dkt. No. 433, pp. 2–5, 7–8, 10–11; *Wide Voice, LLC v. Sprint Communs. Co. L.P.*, No. 2:15-cv-1604-GMN-VCF, 2016 U.S. Dist. LEXIS 4104, at *3 (D. Nev. Jan. 12, 2016) (citing *Sou v. Bash*, No. 2:15-cv-698-APG-VCF, 2015 U.S. Dist. LEXIS 153186, 2015 WL 7069297 *at 2 (D. Nev. Nov. 10, 2015)) ("The purpose [of a stay of discovery] is to protect a party from the expense of engaging in discovery where fundamental issues, like jurisdiction, venue, or immunity, exist"). Of course, nowhere in the Stay Order is it limited to the service of written

---

[3] Mintas makes the argument that because Bank of George and Caesar's Entertainment have already produced documents pursuant to the subpoenas, the Motion and the relief it requests is moot. Dkt. No. 433, p. 2–3. However, as Mintas must concede there is no authority to support this proposition and her position is belied by the significant authority this Court has to control discovery. *Lopez v. Nevada*, 2:21-cv-01161-ART-NJK, 2023 U.S. Dist. LEXIS 153811, at *2 (D. Nev. Aug. 30, 2023) (denying the motions to compel and explaining that "the Court has broad discretionary power to control discovery") (Koppe J.). Mintas makes no showing or precedent that prevents the Court from entering a new order providing that the documents produced in violation of the Stay Order are irrelevant, cannot be used by Mintas, and must be destroyed. *Bd. Of Trs. of the S. Nev. Joint Mgmt. & Culinary & Bartenders Training Fund v. Fava*, 2:18-cv-00036-JCM-DJA, 2019 U.S. Dist. LEXIS 234554, at *6–10 (D. Nev. Oct. 31, 2019) (ordering party that received bank records via improper subpoena to destroy the records).

discovery on the Putative Counter-Defendant PU Ltd., as argued in the Response. Dkt. Nos. 433, 400. In the Motion to Stay, Putative Counter-Defendant PU Ltd. did not limit its request for a stay to only a stay of written discovery being served on it, but requested that *all* discovery be stayed:

> As discussed below, based on the procedural history of this case, the pendency of the Second Jurisdictional Motion with Judge Navarro, the Court, following its required "preliminary peek" analysis, **should exercise its discretion to stay the discovery process as against PU Ltd.,** and deny Mintas the discovery she seeks now.
>
> In light of the likelihood that the District Court will grant PU Ltd.'s motion to dismiss for lack of personal jurisdiction a second time, **this Court should not hesitate but to exercise its discretion to stay discovery as to PU Ltd.**
>
> **This Court should exercise its discretion and stay discovery as against PU Ltd. for two reasons**."
>
> Accordingly, the Magistrate Judge should **exercise her discretion to grant PU Ltd.'s motion for a protective order and stay discovery until the Second Jurisdictional Motion is resolved by the District Court,** and for such other and further relief as this Court deems just.

Dkt. No. 392, pp. 4, 7, 22 (emphasis added). This Court granted the Motion to Stay in its entirety and entered the Stay Order. Dkt. No. 400.

Not only does Putative Counter-Defendant PU Ltd.'s Motion to Stay, and the Court's resulting Stay Order, bely this position, but Mintas' position runs counter to the very purposes of a stay of discovery in the first place. *McComb v. Crehan*, 2:06-cv-00852-RCJ-PAL, 2007 U.S. Dist. LEXIS 118240, at *5 (D. Nev. Sep. 5, 2007) (granting the motion to stay discovery and explaining that a stay of discovery preserves scarce public resources and promotes judicial economy); *Solida v. United States Dep't. of Fish & Wildlife*, 288 F.R.D. 500, 502–03 (D. Nev. Jan 14, 2013) (explaining that the district court has wide discretion in controlling discovery and staying discovery furthers the goal of efficiency for the court and the litigants).

To take Mintas' argument to its logical conclusion, she would be able to depose Putative Counter-Defendant PU Ltd.'s corporate representative because that would not be "serving discovery." That cannot be what the Court envisioned when it granted the Stay Order. *See Scott v. Angelone*, No. 91-16182, 1992 U.S. App. LEXIS 32256, at *5 (9th Cir. Nov. 27, 1992) ("A

3

district court enjoys broad discretion in controlling discovery … A district court may limit discovery to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense"); *Page v. Shumaker Mallory, LLP*, 2:21-cv-02002-KJD-BNW, 2022 U.S. Dist. LEXIS 78945, at *10 (D. Nev. Apr. 29, 2022) (granting motion to stay discovery and explaining that "it is more just to delay … discovery … to accomplish the inexpensive determination of the case" than to "speed the parties along in discovery …").

Mintas does not cite a single case that conducting third-party discovery practice involving the party that has obtained a stay of discovery is permitted. Rather, the law (and common sense) is clear that a stay of discovery means that Mintas is in violation of the Stay Order. *See Zitan Techs., LLC v. Liang Yu*, No. 3:18-cv-00395-RCJ-WGC, 2019 U.S. Dist. LEXIS 148120, at *5-6 (D. Nev. Aug. 29, 2019) (Court finding that a third-party subpoena violated the discovery stay and forbidding the offending party from using produced materials); *Navajo Health Found. - Sage Mem'l Hosp. v. Razaghi Dev. Co.*, No. 2:19-cv-00329-GMN-EJY, 2021 U.S. Dist. LEXIS 49010, at *18-19 (D. Nev. Jan. 15, 2021) (Court entering an order denying several pending discovery motions as moot "because discovery is stayed"); *see also Mireskandari v. Daily Mail & Gen. Tr. PLC*, No. CV 12-02943 MMM (FFMx), 2013 U.S. Dist. LEXIS 197396, at *6-7 (C.D. Cal. Sep. 23, 2013) ("Moreover, because the stay remains in effect, Mireskandari's service of subpoenas violated the stay"); *Kiskadee Communications (Bermuda), Ltd. v. Father*, No. C 10-05277 WHA, 2011 U.S. Dist. LEXIS 124023, 2011 WL 5085284, *1-2 (N.D. Cal. Oct. 26, 2011) (granting a motion to enforce a stay order and ordering plaintiff to withdraw an improperly served subpoena); *Hill v. Robert's Am. Gourmet Food, LLC*, No. C-13-80166 MISC JST (EDL), 2013 U.S. Dist. LEXIS 131381, 2013 WL 5118943, *3 (N.D. Cal. Sept. 13, 2013) (granting a motion to quash where plaintiff subpoenaed records from a third party in violation of a court order staying discovery). Because Mintas has violated the Court's Stay Order, the Court should grant the protective order and enter sanctions.

**B.   Movants Have Standing to Seek Relief.**

Mintas' "lack of standing" argument is equally unavailing. Dkt. No. 433, pp. 11-13. Plaintiff PlayUp US, Counter-Defendant Mr. Simic, and Putative Counter-Defendant PU Ltd. have

4

standing to challenge the subpoenas issued to Caesar's Entertainment and Bank of George because they have a personal right in the records sought and the records contain privileged information, because the subpoenas seek irrelevant information, and because in the case of Putative Counter-Defendant PU Ltd., it has already obtained the Stay Order to prevent this type of third-party discovery practice. *Proficio Mortg. Ventures, llc v. Fed. Sav. Bank*, No. 2:15-cv-510-RFB-VCF, 2016 U.S. Dist. LEXIS 50355, at *5 (D. Nev. Apr. 14, 2016) ("A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information"). As explained in Movants' opening papers, the subpoenas are a blatant attempt to conduct discovery against Putative Counter-Defendant PU Ltd. while it is protected by the Court's Stay Order. Dkt. No. 411, p. 1. And as conceded by Mintas' counsel, the subpoenas constitute nothing more than a fishing expedition, seeking an unnecessarily broad range of irrelevant documents and information involving Movants and non-parties. Dkt. No. 411-1 ¶ 13.

Mintas' standing argument contradicts established law that a party can move for a protective order under Rule 26 in regard to a subpoena issued to a non-party if it believes its own interests are jeopardized by discovery sought from a third party. *Monte H. Greenawalt Revocable Tr.*, 2013 U.S. Dist. LEXIS 178802, at *6 (citing *Auto-Owners Ins. Co.*, 231 F.R.D. at 429) (holding that a party may bring a motion for protective order under Rule 26(c) regarding subpoenas served on non-parties, where the party's legitimate interests are affected)[4]; *In re REMEC, Inc. Sec. Litig.*, No. 04cv1948 JLS (AJB), 2008 U.S. Dist. LEXIS 47412, at *15 (S.D. Cal. May 30, 2008) (granting in part and denying in part defendants' motion for protective order for subpoenas served on third parties).

Mintas incorrectly argues that Movants do not have standing under Rule 26 to challenge the subpoenas served upon Caesar's Entertainment and Bank of George because purportedly their

---

[4] Mintas' argument also contradicts her conduct in this case. Mintas ignores that she filed two Motions for Protective Order when PlayUp US sought information through third-party subpoenas from her former employers. Dkt. Nos. 100, 101.

5

own interests are not jeopardized by the discovery sought. Dkt. No. 433, pp. 11-14. But this runs counter to well-settled law of this jurisdiction that recognizes that entities like Movants have standing to seek protective orders concerning third party subpoenas. *See generally T1 Payments LLC v. New U Life Corp.*, 2:19-cv-01816-APG-DJA, 2021 U.S. Dist. LEXIS 7414, at *22–23 (D. Nev. Jan. 14, 2021) (finding that the plaintiff had standing to challenge the subpoenas because they concerned its registration and financial records); *Morrison v. Quest Diagnostics Inc.*, No. 2:14-cv-01207-RFB-PAL, 2016 U.S. Dist. LEXIS 10167, at *12 (D. Nev. Jan. 27, 2016) (a party may "seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information"); *Scalia v. Unforgettable Coatings*, No. 2:20-cv-00510-KJD-DJA, 2020 U.S. Dist. LEXIS 252056, at *5 (D. Nev. Nov. 24, 2020) (party has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information).

Mintas cites *International Game Technology v. Illinois National Insurance Co.*, No. 2:16-cv-02792-APG-NJK, 2017 U.S. Dist. LEXIS 227932, at *4–6 (D. Nev. Oct. 31, 2017) and *4R4 Sons, LLC v. TRU G. Wilhelm, Inc.*, No. 2:21-cv-01081-GMN-NJK, 2022 U.S. Dist. LEXIS 130260, at *12–20 (D. Nev. Jul. 22, 2022) to argue that PlayUp US and Mr. Simic cannot challenge the subpoenas because the discovery is not being "sought from them." Dkt. No. 433, p. 12. However, *International Game Technology* is inapposite because it did not involve the violation of a court's stay of discovery order, it involved subpoenas issued to non-party witnesses for depositions and the Court found that the party challenging the subpoenas did not have standing because it did not have a personal right or privilege. *Int'l Game Tech.*, 2017 U.S. Dist. LEXIS 227932 at *4–6. The Court noted that a party can challenge subpoenas issued to non-parties. *Id*. Further, in *4R4 Sons, LLC,* Mintas' other lead case*,* this Court did not discuss standing at all. *4R4 Sons, LLC*, 2022 U.S. Dist. LEXIS 130260, at *17 (D. Nev. Jul. 22, 2022) ("Because the Court has not located clear guidance from the Ninth Circuit on the issue of standing, the Court will leave for another day the resolution of the standing issues").

To argue that an entity may challenge a subpoena issued to a non-party only in rare circumstances, Mintas cites *KeyBank Nat'l Ass'n v. Neumann Dermatology LLC*, No. CV-21-00133-PHX-JJT, 2022 U.S. Dist. LEXIS 193763, at *5–7 (D. Ariz. Jan. 3, 2022), an out of

jurisdiction case. Dkt. No. 433 at 12. However, *Keybank National* is distinguishable because it did not involve a stay of the very discovery sought by the subpoenas. *KeyBank Nat'l Ass'n*, 2022 U.S. Dist. LEXIS 193763, at 5–7. Here Putative Counter-Defendant PU Ltd.'s jeopardized interests are much more significant in that the discovery sought directly violates the Court's Stay Order.

Lastly, Mintas' reliance upon *Paws Up Ranch, LLC v. Green*, No. 2:12-cv-01547-GMN-NJK, 2013 U.S. Dist. LEXIS 167174, at *4–6 (D. Nev. Nov. 22, 2013) is misplaced because this Court, in language identical to that used in *4R4 Sons, LLC*, noted that it was not resolving the issue of standing. *Paws Up Ranch, LLC,* 2013 U.S. Dist. LEXIS 167174, at *4–6 ("Because the parties did not brief these issues and the Court has not located clear guidance from the Ninth Circuit, the Court leaves for another day resolution of these standing issues"). In fact, this Court actually acknowledged that some other courts have held that a party has standing to challenge a subpoena to a third party seeking its bank records because the party has a "personal right" in its bank records. *Id*. at 5–6. Indeed, in prior filings with this Court, Mintas cited *Proficio Mortgage Ventures, LLC v. Fed. Savings Bank*, where the Court held that a party had standing to seek a protective order to challenge a subpoena to a third party. *Proficio Mortgage Ventures, LLC,* 2016 U.S. Dist. LEXIS 50355, at *5 (cited in Dkt. No. 101, p. 9) (Court granting a protective order to party against subpoena to third party). Mintas is simply wrong on the law and Movants do have standing to seek a protective order here.

C. **The Subpoenas Seek Irrelevant Information.**

Mintas' Response also does nothing to rebut Movants' contention that the information sought by the subpoenas as it pertains to "affiliated entities" that are not parties to this litigation is irrelevant to this case. Dkt. No. 411, pp. 1–2, 5; *see generally* Dkt. No. 433. Mintas contends that she is allowed to seek discovery related to non-parties because if she could not, "why would the federal rules even permit third-party discovery?" Dkt. No. 433, p. 15. Mintas' rhetorical flourish does nothing to explain how this third-party discovery is relevant. Discovery sought from a third party that is relevant to the claims and defenses at issue can be sought through a subpoena seeking information *about a party to the case*. But that is not what Mintas has done here. Rather, Mintas

*served a subpoena on a third-party seeking information regarding non-parties.* Mintas cites no authority that financial and other sensitive information from a third-party about a non-party could even be arguably relevant to any of Mintas' counterclaims or PlayUp US' claims. *Id.*

As explained in our underlying Motion, Mintas' subpoenas are nothing but an admitted fishing expedition. Mintas does not even address the statements by her counsel that she had no idea how records from Bank of George could be relevant to claims in this case, specifically the claims concerning Mintas' intentional interference as it pertains to the separation of former employee Adrianna Samuels. Dkt. No. 433, pp. 14-16. The lack of connection of these documents to any claims or defenses in this case is irrefutable evidence of their irrelevance. *Bd. of Trs. of the S. Nev. Joint Mgmt. & Culinary & Bartenders Training Fund v. Fava*, No. 2:18-cv-00036-JCM-DJA, 2019 U.S. Dist. LEXIS 234554, at *6-10 (D. Nev. Oct. 31, 2019) (granting motion for protective order regarding third-party subpoena seeking bank records because the court could not find any "connection to the claims raised" in the case); *Anahauac Mgmt. v. Mazer*, 2:09-cv-01590-RLH-PAL, 2011 U.S. Dist. LEXIS 91488, at *11–13 (D. Nev. Aug. 11, 2011) (issuing a protective order regarding bank records sought by subpoenas and ordering the attorney that obtained the records to destroy them because the subpoenas were overbroad and sought records unrelated to the claims in the case).

### D. Sanctions are Warranted Especially Given Mintas has Violated the Court's Stay Order.

Mintas' position here that her subpoenas do not violate the Stay Order because the stay was only against "served discovery" is as absurd as it is disingenuous, and it is certainly not "substantially justified" to warrant a denial of sanctions. There is no good faith reading of Putative Counter-Defendant PU Ltd.'s Motion to Stay or this Court's Stay Order that would support Mintas' contention. *See* Dkt. Nos. 392, 400; *see* Fed. R. Civ. P. 37(a)(5)(A); *see also Sciara v. Campbell*, 2021 U.S. Dist. LEXIS 257731, at *16 (D. Nev. Mar. 12, 2021) (Court granting an award of attorney's fees incurred in having to bring a motion for protective order); *Leftenant v. Blackmon*, No. 2:18-CV-01948-EJY, 2020 U.S. Dist. LEXIS 122919, at *9 (D. Nev. July 13, 2020) (same). Indeed, according to the United States Supreme Court in *Pierce v. Underwood*, 487 U.S. 552, 565

8

(1988), "substantial justification" may be satisfied when "there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." Here, there is no genuine dispute. As noted above, Putative Counter-Defendant PU Ltd.'s Motion sought <u>a stay of all discovery</u>, and that was granted by the Court. Dkt. Nos. 392, 400. No reasonable person or practitioner could believe in good faith that continuing to conduct discovery when it was stayed is substantially justified. *Racing Optics v. Aevoe Corp.*, No. 2:15-cv-1774-RCJ-VCF, 2016 U.S. Dist. LEXIS 98776, at *7-9 (D. Nev. July 27, 2016) (Court awarding costs incurred in bringing a motion for protective order).

## CONCLUSION

Based upon the foregoing, Movants respectfully request this Honorable Court enter a protective order: (a) against the enforcement of certain subpoenas; (b) enforcing the Stay Order; (c) granting Movants their fees and costs; (d) and such further relief as the Court deems just. Dated this 8th day of December 2023.

Respectfully submitted,

**ZUMPANO PATRICIOS POPOK & HELSTEN, PLLC**

/s/ Amanda J. Brookhyser
Michael S. Popok
New York Bar No. 2475226
(Admitted *pro hac vice*)
134 East 38th Street
New York, New York 10016
212-542-2564


Amanda J. Brookhyser
Nevada Bar No. 11526
1210 South Valley View Blvd., Suite 215
Las Vegas, NV 89102
702-583-3326
ABrookhyser@zplaw.com
Attorneys for Plaintiff PlayUp Inc., Putative Counter-Defendant PlayUp Ltd., and Counter-Defendant Daniel Simic

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023, I caused to be filed the foregoing **PUTATIVE COUNTER-DEFENDANT PLAYUP, LTD.'S, COUNTER-DEFENDANT DANIEL SIMIC'S AND PLAINTIFF PLAYUP INC.'S MOTION FOR PROTECTIVE ORDER AGAINST THE ENFORCEMENT OF SUBPOENAS WITH INCORPORATED MEMORANDUM OF LAW** with the Clerk of Court, using the Court's ECF system, which will automatically send notice of the filing to counsel of record.

Executed on December 8, 2023, in Las Vegas, Nevada.

/s/ Amanda J. Brookhyser
Amanda J. Brookhyser