UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> DR. LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br> **Order** <br> [Docket Nos. 387, 391] |

Pending before the Court is a motion to redact and for partial *in camera* review filed by PlayUp, Inc. and Daniel Simic.[1]  Docket No. 387.  Mintas filed a response.  Docket No. 389; Docket No. 390 (sealed).  PlayUp filed a reply.  Docket No. 393.  Also pending before the Court is Mintas' related motion to seal.  Docket No. 391.  PlayUp filed a response.  Docket No. 394.  Mintas filed a reply.  Docket No. 396.  The motions are properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed below, the motions are both **GRANTED**.

**I.    STANDARDS**[2]

There is a strong presumption of public access to judicial records.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Parties seeking to keep secret from the public documents filed in relation to non-dispositive matters must make a "particularized showing" of "good cause."  *Id.* at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Parties seeking to keep secret from the public documents filed in relation to dispositive matters must show "compelling reasons" sufficient to outweigh the public's interest in disclosure.  *Kamakana*, 447 F.3d at 1179.  Under either standard, secrecy of judicial filings may be appropriate when the records could become a vehicle for improper purposes, such as the use of

---

[1] The Court will refer herein to PlayUp, Inc. and Simic collectively as "PlayUp."

[2] As the parties are familiar with the background, the Court will not provide one herein.

the records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id*. In considering whether to permit secrecy, courts also weigh relevant factors, including the public's interest in understanding the judicial process. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 & n.6 (9th Cir. 2010). Any request to seal must be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).

An *in camera* submission impedes not only the public's right to access judicial filings, but also the adversarial process through which courts function best. *See Wiener v. F.B.I.*, 943 F.2d 972, 979 (9th Cir. 1991); *see also Doyle v. F.B.I.*, 722 F.2d 554, 556 (9th Cir. 1983) (providing overview of the "danger inherent" in relying on *ex parte*, *in camera* submissions). Given these concerns, requests for *in camera* submission are disfavored. *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 700 (D. Nev. 1994). A request for *in camera* review must be supported by "compelling reasons," which is a stringent standard that is not easily met. *Cf. Maxson v. Mosaic Sales Sols. U.S. Op'g Co.*, 2015 WL 4661981, at *1 (D. Nev. July 29, 2015).[3] Compelling reasons may be established by showing that revealing the subject information to the opposing party and to the public would irreparably harm the movant. *See, e.g., Stamicarbon, N.V. v. Am. Cyanamid Co.*, 506 F.2d 532, 540 (2d Cir. 1974) (addressing trade secret material).

## II.   ANALYSIS

The instant motions arise out of the circumstances of counsel's withdrawal and subsequent reappearance on behalf of PlayUp, which resulted in issuance of two orders to show cause. Docket Nos. 337, 343. The Court has resolved those orders to show cause on the public docket, including providing certain factual details for which secrecy is not warranted. *See* Docket No. 378; *see also* Docket No. 379. PlayUp and its counsel have also themselves disclosed some of the pertinent

---

[3] A request for *in camera* review is seeking three forms of relief: (1) keeping information secret from the public, (2) keeping information off the official docket, and (3) keeping information secret from the opposing counsel and party. Hence, the analysis of the propriety of *in camera* treatment properly incorporates the standards for sealing (*i.e.*, keeping information secret from the public) and the standards for *ex parte* submissions (*i.e.*, filings made without notice to the opposing side). *See, e.g.*, Local Rule IA 7-2(a).

information on the public docket. *See, e.g.*, Docket No. 342-2 at 3 (notice of attorney's lien). After the Court denied the prior requests for secrecy as overly broad, *see* Docket No. 379, PlayUp has proposed much more limited redactions in conjunction with its renewed request for redaction and *in camera* treatment, *see* Docket No. 387 at 3. Hence, the Court notes at the outset that the public and Mintas have significant access to information to understand the judicial process as it relates to the orders to show cause. *Cf. Pintos*, 605 F.3d at 679 n.6.

With respect to the reason secrecy is sought, PlayUp attests that some of the information relates to the granular details of the attorney-client relationship that was shared in confidence. *See, e.g.*, Docket No. 387-1. PlayUp also attests that some of the information, including from board minutes, is proprietary and its release would cause competitive disadvantage. *See, e.g.*, Docket No. 387-2.[4] PlayUp also argues that such information is not pertinent to the claims and defenses in the case, and that there is no need for the public or Mintas to know such information. *See, e.g.*, Docket No. 393 at 4. The Court agrees with PlayUp that sufficient justification has been shown for secrecy of this information.

Accordingly, the Court finds that a sufficient showing for secrecy has been made and, particularly in light of the much more limited redactions now sought, that an appropriate balance has been reached to protect the interests of all involved.

### III.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** PlayUp's motion to redact and for partial *in camera* review. Docket No. 387. It appears that PlayUp submitted its proposed redactions *in camera* only, *see* Docket No. 387-1 at 8-10; *see also* Docket No. 389 at 2, so PlayUp must file a notice attaching these materials (with the now-approved redactions) on the public

---

[4] Mintas challenges this assertion in light of evolving circumstances of PlayUp's business. Docket No. 389 at 5-6. Given the attestation under penalty of perjury of competitive disadvantage, however, the Court credits Simic's declaration on these issues. *See* Docket No. 387-2.

docket by February 14, 2024.[5]  The Court also **GRANTS** the related motion to seal.  Docket No. 391.

IT IS SO ORDERED.

Dated: January 30, 2024

                                                            _____
Nancy J. Koppe
United States Magistrate Judge

---

[5] This notice must also attach in unredacted form any other material for which secrecy is no longer sought, such as the earlier declaration of Amanda Brookhyser.  *See* Docket No. 387 at 3 n.2 ("The Court also considered *in camera* the Declaration of Amanda J. Brookhyser, but we are not seeking continued *in camera* submission or sealing of that Declaration").

4