UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.,<br><br>        Plaintiff(s),<br><br>v.<br><br>DR. LAILA MINTAS,<br><br>        Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK<br><br>**Order**<br><br>[Docket No. 457] |

        General discovery is set to close today, January 31, 2024.  Docket No. 385 at 2.  On December 1, 2023, the PlayUp parties indicated that they would conduct 11 additional depositions. *See* Docket No. 445-1 at ¶¶ 7, 10.  On December 8, 2023, Mintas indicated that she would conduct 11 additional depositions.  *See id.* at ¶ 12.  Upon the filing of a motion for protective order as to the scheduling difficulties in conducting all of these depositions in the twilight of the discovery period, Docket No. 445, the Court ordered the parties to "confer on a schedule for the remaining depositions," Docket No. 447.  The parties then filed a stipulation seeking a limited extension of discovery to accommodate scheduling of "the proposed depositions," with a caveat that "either Party can seek leave of Court to conduct additional deposition[s] should new evidence not previously disclosed be produced or adduced as a result of the depositions conducted as a result of the amended order."  Docket No. 448 at 1-2.  On January 5, 2024, the Court granted that stipulation, ordering that "[t]he deadline to complete *these depositions as set forth above* shall be extended from **January 31, 2024**, to **April 1, 2024**."  Docket No. 449 at 4 (bolding in original, italics added).  Hence, the discovery cutoff in general is set to close today, January 31, 2024, except as to the specific depositions that were previously identified by the parties.

        On January 30, 2024, PlayUp, Inc. and Daniel Simic filed a motion for protective order seeking relief as to the deposition of their attorney, Michael Popok.  Docket No. 457.  The motion

1

indicates that this deposition was not sought until January 15, 2024, and is noticed for February 22, 2024. *Id.* at 6.  Given that this deposition was not within the universe of depositions at issue in the stipulation and order providing a limited extension of discovery, and given that leave to conduct this deposition was not sought or granted, the obvious, threshold issue is whether conducting this deposition violates the scheduling order.[1]

Accordingly, PlayUp, Inc. and Daniel Simic must file a supplement providing meaningfully developed argument on this timeliness issue by February 6, 2024.  The supplement must be no longer than eight pages.  In responding to the motion for protective order, Mintas must provide meaningfully developed argument on the issues raised in the motion for protective order and as to this timeliness issue.  Mintas must provide those arguments in a single brief filed by February 13, 2024.

In the interim, the Popok deposition is **VACATED** pending resolution of the motion for protective order.

IT IS SO ORDERED.

Dated: January 31, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Although the motion for protective order identifies this timing issue, it does not appear to seek relief from the deposition on the basis that it was noticed in violation of the scheduling order. Nonetheless, the Court is empowered to enforce its own scheduling order *sua sponte*. *Bonavito v. Nev. Prop. 1 LLC*, 2014 WL 5364077, at *4 (D. Nev. Oct. 21, 2014); *see also Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 n.2 (D. Nev. 2019). Moreover, parties are not empowered to agree among themselves without judicial approval to conduct depositions outside the discovery period. *See* Fed. R. Civ. P. 29(b); *see also Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 U.S. Dist. Lexis 70295, at *3 n.1 (D. Nev. Apr. 21, 2023) (collecting cases).