**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PLAYUP, INC., ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> LAILA MINTAS, ) <br> ) <br> Defendant. ) <br> _____ ) <br> LAILA MINTAS ) <br> ) <br> Counter-Claimant, ) <br> vs. ) <br> ) <br> PLAYUP INC., *et al.*, ) <br> ) <br> Counter-Defendants. ) <br> _____ ) | Case No.: 2:21-cv-02129-GMN-NJK <br><br> **ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Pending before the Court are the Motions to Dismiss and/or Strike, (ECF Nos. 373, 374),[1] filed by Plaintiff and Counter-Defendant PlayUp Ltd.  Defendant and Counter-Claimant Laila Mintas filed a Response, (ECF No. 375), to which PlayUp Ltd. filed a Reply, (ECF No. 382).

Also pending before the Court is Mintas's Motion to Exceed Page Limits, (ECF No. 376).  PlayUp Ltd. filed a Response, (ECF No. 377), to which Mintas filed a Reply, (ECF No. 383).

Because the Court lacks personal jurisdiction over PlayUp Ltd., the Court **GRANTS** the Motions to Dismiss and/or Strike and **DENIES as moot** the Motion to Exceed Page Limits.[2]

---

[1] ECF Nos. 373 and 374 are identical.  The Court cites ECF No. 374 only throughout the rest of this Order, but the Order applies to ECF Nos. 373 and 374 equally.

[2] Mintas's Response exceeds the page limit by eight pages.  Because the Court does not rely on those pages to decide the Motions to Dismiss and/or Strike, Mintas's Motion to Exceed Page Limit is moot.

## I. BACKGROUND

This action arises from a dispute between a company and its former CEO. (*See generally* First Am. Compl. ("FAC"), ECF No. 134). The Court set forth the details of the dispute in its Orders on prior motions to dismiss and incorporates that background information herein. (*See* Orders, ECF Nos. 301, 324). The Court expands on facts relevant to the instant motion below.

The Court previously found that it lacked personal jurisdiction over PlayUp Ltd. ("PlayUp AUS"), PlayUp Inc.'s ("PlayUp US's") Australian parent company. (*See generally* 12(b)(2) Order 7:17–8:16, ECF No. 301). In doing so, the Court noted that the "only alleged connection PlayUp AUS has with Nevada stems from the employment agreements between PlayUp US and Mintas, to which PlayUp AUS was not a signatory." (*Id.* 8:10–11). Moreover, even if PlayUp AUS were a signatory, "[e]ntering into a contract [] is insufficient to establish minimum contacts." (*Id.* 8:11).

Shortly after dismissing Mintas's counterclaims against PlayUp AUS for lack of personal jurisdiction, the Court granted in part and denied in part PlayUp US's Motion to Dismiss for failure to state a claim. (*See* 12(b)(6) Order, ECF No. 324). The Court expressly granted Mintas leave to amend the claims dismissed without prejudice. (*See* Min. Order, ECF No. 326).

Mintas timely filed her Third Amended Counterclaim (the "TACC") in light of the Court's (12)(b)(6) Order. In addition to re-alleging claims against PlayUp US and Daniel Simic, PlayUp AUS's CEO and a director of PlayUp US, Mintas also re-alleged claims against PlayUp AUS. (*See generally* TACC, ECF No. 336).[3] PlayUp AUS again moves to dismiss for lack of personal jurisdiction. (Mot. Dismiss, ECF No. 374).

///

---

[3] Mintas realleged the claims she had already alleged against PlayUp AUS and added PlayUp AUS to claims she had previously alleged against Simic or PlayUp US. (*Compare* TACC *with* Second Am. Counterclaim ("SACC"), ECF No. 133).

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2). When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, a "plaintiff need make only a prima facie showing of jurisdictional facts to withstand [a] motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). In determining whether personal jurisdiction exists, courts take the uncontroverted allegations in a complaint as true. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* NRS § 14.065; *Galatz v. Eighth Jud. Dist. Ct.*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts may give rise to either general jurisdiction or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000). General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)). Specific jurisdiction exists where claims "arise[] out of" or "relate[] to" the contacts with the forum, even if those contacts are "isolated and sporadic." *Id.*

///

Specific personal jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). That is, jurisdiction must arise out of "contacts that the 'defendant *himself*' creates with the forum State" and cannot be established from the conduct of a plaintiff or third parties within the forum. *Waldon v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King*, 471 U.S. at 475). In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

Courts utilize a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenneger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Menken*, 503 F.3d at 1057. If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id.* However, "[i]f the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

## III. DISCUSSION

PlayUp AUS brings its Motion on four grounds: (1) Mintas's failure to obtain leave of Court before amending and repleading her claims against PlayUp AUS; (2) the Court's lack of personal jurisdiction over PlayUp AUS (3) the doctrine of forum non conveniens; and (4) the

principles of international comity.  Because the Court again finds that it lacks personal jurisdiction over PlayUp AUS, the Court begins and ends with a discussion of personal jurisdiction.

### A. Personal Jurisdiction

Mintas argues that the Court should exercise specific personal jurisdiction over PlayUp AUS based on its exercise of jurisdiction over Daniel Simic, PlayUp AUS's agent, global CEO, and board member. (Resp. 13:5–23:20, ECF No. 375).  "For purposes of personal jurisdiction, the actions of an agent are attributable to the principal." *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990).  But "[w]hen dealing with an assumed agent, one has a duty to ascertain the extent and nature of the authority." *Bos. Telecommunications Grp., Inc. v. Deloitte Touche Tohmatsu*, 249 F. App'x 534, 538 (9th Cir. 2007).

PlayUp US and PlayUp AUS are distinct corporations, and Mintas does not sufficiently allege facts allowing the Court to attribute Simic's business dealings on behalf of PlayUp US to PlayUp AUS.  As explained in the prior order dismissing the claims against PlayUp AUS, PlayUp AUS was not a signatory to the employment agreement between Mintas and PlayUp US. (12(b)(2) Order 8:9–11).  Mintas nonetheless argues that PlayUp AUS "intentionally conducted significant business in Nevada, including in many aspects of the business at issue in this litigation," when Simic, as PlayUp AUS's agent, negotiated and drafted Mintas's employment contract, hired the U.S. staff, and managed the U.S. business. (Resp. 18:19–24).

Mintas's argument conflates PlayUp AUS with PlayUp US.  PlayUp AUS and its subsidiary PlayUp US are distinct corporations, and the "corporate separation, though perhaps merely formal, [is] real." *Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985) (quoting *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337 (1925)).  And the record demonstrates that "PlayUp US was created specifically and expressly to handle [PlayUp AUS's] American business." (Mot. Dismiss 14:3–4); (*see* Kerr Decl. ¶¶ 7–10, ECF

No. 143-2) (describing PlayUp AUS's lack of involvement in the American business). The Court therefore declines to attribute Simic's business dealings relating to PlayUp US's American business to its Australian parent company. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1131 (9th Cir. 2003) (finding record insufficient to determine whether alter ego[4] or agency tests were met to impute a subsidiary's contacts to its parent corporation).

Simic's alleged misrepresentations cannot be imputed to PlayUp AUS for similar reasons. The strongest argument for exercising personal jurisdiction over PlayUp AUS comes from Mintas's allegations in paragraph 34 of her TACC. Mintas alleges that Simic made false representations to Mintas while in Las Vegas, including that PlayUp AUS was ready to do an IPO in the United States and had finalized all the documents, and that PlayUp AUS operated its own technology platform in Australia. (TACC ¶ 34). But Mintas further alleges that these representations were made while Simic was in Las Vegas to interview Mintas for a position with PlayUp US. (*Id.*). That is, when Simic made these remarks, he was acting on behalf of PlayUp US as its officer and director. (*See* TACC ¶ 209). Even though the negotiations on behalf of PlayUp US necessarily included information about PlayUp AUS, the Court cannot ignore the corporate separation of PlayUp US and PlayUp AUS.[5] The Court again refuses to impute the actions of an agent acting on behalf of a subsidiary to the parent company.

///

---

[4] Mintas did not raise an alter ego argument.

[5] Mintas cites several cases in which courts have considered an agent's contacts with the forum state to determine personal jurisdiction of the principal. (Resp. 14: 21–16:6). These cases reiterate that while an agent's actions are relevant to the personal jurisdiction analysis of the principal, the agent must have been acting with authority. *See, e.g.*, *Helicopter Transp. Servs., LLC v. Sikorsky Aircraft Corp.*, 253 F. Supp. 3d 1115, 1127 (D. Or. 2017); *McConnell v. Charleston Residential Hotel*, No. 2:07-cv-1075-RLH-LRL, 2008 WL 11451143, at *5 (D. Nev. Jan. 2, 2008), *report and recommendation adopted*, No. 2:07-cv-01075-RLH-LRL, 2008 WL 11451142 (D. Nev. June 20, 2008). Even though PlayUp US is a wholly-owned subsidiary of PlayUp AUS, Mintas has failed to show that Simic was acting at the behest of PlayUp AUS when he traveled to conduct business on behalf of PlayUp US. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003).

In its prior 12(b)(2) Order, the Court expressly found that it could exercise personal jurisdiction over Simic because Mintas alleges that he committed the intentional tort of defamation while in Las Vegas, Nevada. (12(b)(6) Order 10:21–22). Mintas now argues that the Court may exercise personal jurisdiction over PlayUp AUS because "when Simic traveled to Nevada and made defamatory statements there, he acted as [PlayUp AUS's] agent on its behalf." (Resp. 16:6–7). "It is well established that a defendant can 'purposefully avail itself of a forum by directing its agents or distributors to take action there.'" *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 84 (2d Cir. 2018) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 135 n.13 (2014)). Even though Simic was PlayUp AUS's CEO, Mintas fails to allege facts demonstrating that PlayUp AUS directed Simic to make these statements in Nevada.

Mintas argues that, "for purposes of determining personal jurisdiction, the contacts of a company's leadership are imputed to the company itself, thereby supporting the exercise of specific jurisdiction over the company." (Resp. 15:24–26) (citing *Zeigler v. Indian River Cnty.*, 64 F.3d 470 (9th Cir. 1995)). This is true only when the company's leadership, such as the CEO, is acting on behalf of the company. *See Bos. Telecommunications Grp.*, 249 F. App'x at 538. But here, Mintas alleges that Simic acted "for his personal revenge" against Mintas. (TACC ¶ 159). Mintas fails to show how acting for his personal revenge equates to acting on behalf of PlayUp AUS.

Although Mintas's TACC alleges more than contractual ties to Nevada, (Resp. 19:3–4), the Court is not persuaded by Mintas's agency theory and declines to impute Simic's actions to PlayUp AUS. Because the Court again finds that Mintas has not met the first prong of the test for specific jurisdiction, the Court GRANTS PlayUp AUS's Motions to Dismiss and/or Strike.[6]

---

[6] Dismissal for lack of personal jurisdiction is without prejudice. *Power Efficiency Corp. v. Res. Energy Sys. Techs.*, No. 209-CV-01468-LRH-RJJ, 2010 WL 398906, at *1 (D. Nev. Jan. 26, 2010). Because this is the second time the Court has dismissed Mintas's claims against PlayUp AUS for lack of personal jurisdiction, the Court will not entertain further attempts to plead claims against PlayUp AUS. Mintas may pursue claims against PlayUp AUS in a court with proper jurisdiction.

**B. Jurisdictional Discovery**

Mintas requests that if the Court is inclined to dismiss her claims for lack of personal jurisdiction over PlayUp AUS, the Court should grant leave to conduct jurisdictional discovery and further amend her counterclaims. The Ninth Circuit has remanded similar cases involving whether a subsidiary's contacts can be imputed to the parent corporation for personal jurisdiction purposes because further discovery "might well demonstrate facts sufficient to constitute a basis for jurisdiction." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1135 (9th Cir. 2003). Here, however, PlayUp AUS was compelled to respond to Mintas's discovery requests even though PlayUp AUS contested personal jurisdiction. (Order Granting Mot. Compel, ECF No. 220). As a result, Mintas has had ample opportunity to conduct discovery—not just jurisdictional, but substantial. The Court thus finds further jurisdictional discovery unwarranted.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motions to Dismiss and/or Strike, (ECF Nos. 373, 374), are **GRANTED**.

**IT IS FURTHER ORDERED** that the Motion to Exceed Page Limit, (ECF No. 376), is **DENIED as moot**.

Dated this  31  day of January, 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT