UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>    Plaintiff(s), <br>v. <br>DR. LAILA MINTAS, <br>    Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br>**Order** <br>[Docket No. 411] |

Pending before the Court is a motion for protective order filed by Plaintiff/Counter-Defendant PlayUp, Inc. and Counter-Defendants Daniel Simic and PlayUp, Ltd. Docket No. 411.[1] Defendant/Counterclaimant Laila Mintas filed a response in opposition. Docket No. 433; *see also* Docket No. 434 (declaration). PlayUp[2] filed a reply. Docket No. 437. The motion is properly resolved without a hearing. Local Rule 78-1. For the reasons discussed below, the motion for protective order is **DENIED**, mostly with prejudice and partly without prejudice.

**I.    BACKGROUND**

This case arises from a soured business relationship, resulting in the termination of Mintas as CEO, competing allegations of wrongful conduct, and competing claims for tens of millions of dollars in damages. These circumstances are no doubt personal for all involved—and the case involves a lot of money—which has spawned a contentious and messy discovery process.

---

[1] The Court cites herein to the CMECF pagination for the subject documents, as opposed to the native pagination assigned to those documents by the parties.

[2] The Court refers to the movants individually when necessary and otherwise collectively as "PlayUp" or "the movants."

1

On October 23, 2023, Mintas provided notice of intent to serve subpoenas duces tecum on nonparties Caesars Entertainment and Bank of George Nevada. Docket Nos. 411-2, 411-3. The subpoena for Caesars includes three document requests:

> REQUEST NO. 1:
>
> Produce all documents with or regarding PlayUp Inc., PlayUp Ltd., any affiliated PlayUp entity, and/or Daniel Simic.
>
> REQUEST NO. 2:
>
> Produce all communications with or regarding PlayUp Inc., PlayUp Ltd., any affiliated PlayUp entity, and/or Daniel Simic.
>
> REQUEST NO. 3:
>
> Produce all agreements, whether draft or final, with or regarding PlayUp Inc., PlayUp Ltd., any affiliated PlayUp entity, and/or Daniel Simic.

Docket No. 411-2 at 9. The subpoena for Bank of George also includes three document requests:

> REQUEST NO. 1:
>
> Produce all documents with or regarding PlayUp Inc., PlayUp Ltd., any affiliated PlayUp entity, and/or Daniel Simic.
>
> REQUEST NO. 2:
>
> Produce all communications with or regarding PlayUp Inc., PlayUp Ltd., any affiliated PlayUp entity, and/or Daniel Simic.
>
> REQUEST¶ NO. 3:
>
> Produce documents identifying the bank account(s) held by PlayUp Inc., PlayUp Ltd., any affiliated PlayUp entity, and/or Daniel Simic with Bank of George.

Docket No. 411-3 at 9.

The subpoenas requested responses by noon on November 13, 2023. Docket No. 411-2 at 5; Docket No. 411-3 at 5. On November 10, 2023, Bank of George served its response to the subpoena. Docket No. 434 at ¶ 8. Later that same day, PlayUp filed the instant motion for protective order. *See* Docket No. 434-2 (notice of electronic filing). At 11:36 a.m. on November

13, 2023, the Court rejected PlayUp's request for emergency treatment. Docket No. 415 at 2-3.[3] In an abundance of caution, however, the Court ordered counsel for Mintas not to review or utilize the subpoena responses that had been provided or that were provided thereafter. *Id.* at 3. On December 1, 2023, Caesars served its response to the subpoena. Docket No. 434 at ¶ 13.

**II.   STANDARDS**

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking to avoid discovery may seek a protective order. Fed. R. Civ. P. 26(c). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019). The party resisting discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013). Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

A party does not have free rein to file a motion for protective order on any issue it would like to see adjudicated.[4] A litigant in federal court "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). This basic principle of standing "clearly applies to discovery proceedings." *Laxalt v. McClatchy*, 809 F.2d 885, 891 (D.C. Cir. 1987) (citing *Diamantis v. Milton Bradley Co.*, 772 F.2d 3, 4-5 (1st Cir. 1985)); *see also Grondal v. United States*, 37 F.4th

---

[3] Mintas raises related arguments of untimeliness and mootness. *See* Docket No. 433 at 8-9; *see also* Docket No. 411-1 at ¶ 7 (declaration of PlayUp counsel asserting potential mootness). The Court does not reach the timeliness and mootness arguments given the resolution of the motion below. Mintas may renew such line of argument in the event of any renewed motion practice.

[4] The Ninth Circuit has not issued governing precedent settling the standing issues discussed herein, and the non-binding authority is in disarray. Any authority contrary to this order has been found to be less convincing than the authority that is followed.

610, 622 (9th Cir. 2022) ("Wapato Heritage lacks standing to litigate the disadvantages Mill Bay may have incurred because the district court did not compel certain discovery"); *Chevron Corp. v. Donzinger*, No. 12-mc-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) ("This threshold requirement [to have a personal stake] applies with equal force to discovery disputes"). Quite plainly, a party may seek judicial adjudication on only those discovery disputes that implicate its own cognizable interest(s). *See Flynn v. Love*, No. 3:19-cv-00239-MMD-CLB, 2023 WL 2744493, at *2 (D. Nev. Mar. 30, 2023) (holding that intervenor plaintiff lacked standing to object to discovery order addressed to other parties); *see also, e.g.*, *in re: Skelaxin (Metralone) Antitrust Litig.*, 292 F.R.D. 544, 548 (E.D. Tenn. 2013) (holding that class representatives lacked standing to seek protective order regarding subpoenas to non-class members).[5] Courts have found a sufficient interest to resolve a party's motion for protective order challenging a nonparty subpoena upon a showing that the movant possesses a "personal right or privilege" in the information targeted by the subpoena. *See, e.g.*, 9A Charles Alan Wright & Arthur R. Miller,

---

[5] Mintas argues that a party can never bring a motion for protective order seeking relief from a nonparty subpoena. *See* Docket No. 433 at 12. There is authority for that position. *See, e.g.*, *KeyBank Nat'l Assoc. v. Neumann Dermatology LLC*, No. CV-21-00133-PHX-JTT, 2022 WL 11861411, at *2 (D. Ariz. Jan. 3, 2022) (Rule 26(c) "by its plain language provides that either a party or a non-party may seek a protective order, but only when that party or non-party is the one from whom discovery is sought"); *Peccia v. Dep't of Corrs. & Rehab.*, No. 2:18-cv-03049-JAM AC, 2020 WL 2556751, at *3 (E.D. Cal. May 20, 2020) (rejecting party's motion for protective order challenging nonparty subpoena because, *inter alia*, a "motion to quash is the more appropriate vehicle for addressing the issue presented"). The Court need not resolve this argument given the conclusions reached herein. Mintas may renew such line of argument in the event of any renewed motion practice.

4

FEDERAL PRACTICE AND PROCEDURE, § 2463.1, at p. 487-88 (3d ed. 2008).[6] The movant bears the burden of establishing that this standing exception applies. *See, e.g.*, *MGM Mirage*, 2014 WL 6675732, at *9. That burden is not satisfied with conclusory assertions. *See, e.g.*, *Byrd Underground, LLC v. Automatic Data Processing, Inc.*, No. 2:22-cv-01329-CDS-NJK, 2024 WL 95392, at *1 (D. Nev. Jan. 9, 2024). "[C]ourts require parties to color their claims of a personal right or privilege in materials sought with specificity." *Granados v. State Farm Lloyds*, No. DR-10-cv-13-AML-VRG, 2010 WL 11597707, at *1 (W.D. Tex. June 2, 2010) (collecting cases).[7]

---

[6] PlayUp relies on case law stating that a party may seek a protective order regarding a nonparty subpoena when the party "believes its own interest is jeopardized" by the subpoena. *See* Docket No. 437 at 7. Read literally, such an exception could be satisfied by simply expressing a subjective belief without any factual basis. The Court interprets this language as shorthand for the standing exception premised on the movant's showing of a "personal right or privilege" in the subpoenaed information. *See Firetrace USA, LLC v. Jesclard*, No. CV-07-2001-PHX-ROS, 2008 WL 5146691, at *2 (D. Ariz. Dec. 8, 2008) ("The Court reads the interests required for a protective order under Rule 26(c) and the 'claim of personal right or privilege' required for a party to challenge a subpoena under Rule 45(c) to be the same"). Indeed, for courts applying an exception to the standing rule against parties bringing a motion for protective order challenging a nonparty subpoena, the "personal right or privilege" standard is the majority approach. *Jason M. Hatfield, P.A. v. Ornelas*, No. 5:22-cv-5110, 2023 WL 3863333, at *1 & n.1 (W.D. Ark. June 7, 2023) (collecting cases); *see also Santiago v. GEICO Advantage Ins. Co.*, No. 2:22-cv-01370-RSL, 2023 WL 3035464, at *2 (W.D. Wash. Apr. 21, 2023) (applying "personal right or privilege" standing exception to motion for protective order challenging nonparty subpoena); *in re Telescopes Antitrust Litig.*, No. 20-cv-03639-EJD (VKD), 2023 WL 2396780, at *1-2 (N.D. Cal. Mar. 7, 2023) (same); *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, No. 2:18-cv-00585-RFB-NJK, 2022 WL 17816889, at *2 (D. Nev. Dec. 6, 2022) (same); *Podwall v. Robinson*, No. CV 16-6088-ODW (AGRx), 2019 WL 12375426, at *1 (C.D. Cal. Apr. 26, 2019) (same); *Int'l Game Tech. v. Ill. Nat'l Ins. Co.*, No. 2:16-cv-02792-APG-NJK, 2017 WL 10900253, at *2 (D. Nev. Oct. 31, 2017) (same); *in re MGM Mirage Securities Litig.*, No. 2:09-cv-01558-GMN-VCF, 2014 WL 6675732, at *9 (D. Nev. Nov. 25, 2014) (same); *Roe v. City of San Diego*, Civ. No. 12-0243W(WVG), 2013 WL 12415915, at *3 (S.D. Cal. Sept. 27, 2013) (same); *Firetrace*, 2008 WL 5146691, at *2 (same). Requiring more than a subject belief to establish standing is consistent with the fact that protective orders issue upon a showing that the challenged discovery will cause a clearly defined and serious injury to the movant, *see Ergas v. Eastpoint Recovery Grp., Inc.*, No. 20-cv-333Sk(F), 2021 WL 1711321, at *2 (W.D.N.Y. Apr. 30, 2021); *see also Peccia*, 2020 WL 2556751, at *3, as well as the general standing principles that the movant must show a cognizable stake in the matter being adjudicated, *Laxalt*, 809 F.2d at 891; *Diamantis*, 772 F.2d at 4-5 & n.2. Requiring a more concrete showing than a subject belief is also consistent with the long-standing duty to engage in discovery in a cooperative manner and to seek judicial involvement "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).

[7] These types of standing issues were raised earlier in the case, *see, e.g.*, Docket No. 101 at 9; Docket No. 109 at 9-11, but they were not resolved, *see* Docket No. 139 at 3 n.4.

5

## III.     ANALYSIS

The movants object to the subject subpoenas on the grounds that they seek irrelevant information and that they violate the order staying discovery as to PlayUp, Ltd., based on which the movants seek issuance of a protective order. *See, e.g.*, Docket No. 411 at 6-9.[8] In addition to challenging the discovery objections, Mintas argues that the movants lack standing to bring a motion for protective order in this circumstance because they lack a cognizable interest in the subject information. *See, e.g.*, Docket No. 433 at 13-14. The movants reply that they have a sufficient interest such that a standing exception applies. *See, e.g.*, Docket No. 437 at 7-8.

### A.     STANDING TO RAISE A PARTIAL RELEVANCE OBJECTION

The Court begins with the argument that the subpoenas seek irrelevant information concerning "affiliated entities"[9] that are not party to this suit. *E.g.*, Docket No. 411-2 at 9. Neither the subpoena recipients nor any "affiliated entities" filed motion practice challenging the subpoenas. The movants attempt to establish their own standing based on circular logic. On the one hand, the movants argue that affiliated entities are distinct from the parties such that this aspect of the subpoena is irrelevant and merely a fishing expedition. *See, e.g.*, Docket No. 411 at 7-8. While the concept of corporate separateness applies in the discovery context, *see* Docket No. 178 at 2-3 (citing, *inter alia*, *Canon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925) and *in re Citric Acid Litig.*, 191 F.3d 1090 (9th Cir. 1999)), *aff'd*, Docket No. 325, that principle cuts both ways here because the movants are trying to stand in the shoes of these other corporate entities that did not file a motion challenging the subpoenas. Hence, PlayUp relies on corporate

---

[8] The Court's analysis is focused on whether a motion for protective order should issue pursuant to Rule 26. The Court notes passing reference by PlayUp to Rule 45. *See, e.g.*, Docket No. 411 at 1. Meaningfully developed argument has not been provided that PlayUp is entitled to relief under Rule 45 as opposed to Rule 26. *But see Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts only resolve meaningfully developed argument). At any rate, the same obstacles apply to obtaining relief under Rule 45. *See, e.g.*, *Firetrace*, 2008 WL 5146691, at *2 ("The Court reads the interests required for a protective order under Rule 26(c) and the 'claim of personal right or privilege' required for a party to challenge a subpoena under Rule 45(c) to be the same").

[9] The reference to affiliated entities is meant to capture information regarding Fan Technologies, a subsidiary of PlayUp, Inc. through which Mintas contends PlayUp engaged in business. Docket No. 433 at 5, 15-16.

separateness as a basis for a relevance objection, but blurs the very same factual and legal distinction by themselves bringing a motion on behalf of those allegedly separate entities.[10]

The Court has been presented with no meaningful argument as to how the movants have a personal right or privilege in information possessed by a nonparty <u>regarding other nonparties</u>. Ample case law concludes that parties do not have standing to challenge a subpoena by invoking rights or privileges held by others. *E.g.*, *Santiago*, 2023 WL 3035464, at *2. The movants have not established standing to challenge the subpoenas on relevance grounds with respect to information regarding affiliated entities. Accordingly, the aspect of the motion seeking relief as to subpoenaed information regarding affiliated entities will be denied.

### B.    STANDING OF PLAYUP, INC. AND SIMIC

Having determined that the movants lack standing to raise their relevance objection, the Court turns to the objection that the subpoenas violate the order staying discovery regarding PlayUp, Ltd. *See, e.g.*, Docket No. 411 at 6-7. The circumstances have changed in that PlayUp, Ltd. has now been dismissed. Docket No. 461. Regardless, neither PlayUp, Inc. nor Simic have provided any basis on which they have standing to challenge the subject subpoenas based on PlayUp, Ltd.'s status in the case nor have they even articulated an objection to the subpoenas on this basis. The Court has been crystal clear that PlayUp, Ltd.'s personal jurisdiction challenge does not impact in any way the requirement that discovery proceed as to the other parties. Docket No. 400 at 2 n.1 (citing *White v. Am. Tobacco Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989)). The argument now presented that any subpoena served on a nonparty that in any way implicates PlayUp, Ltd. must be halted *even if relevant to the other parties and claims* is contrary to the Court's prior ruling, as well as the need for the orderly adjudication of the other aspects of the case

---

[10] The subpoenas seek documents regarding "PlayUp Inc., PlayUp Ltd., any affiliated PlayUp entity, and/or Daniel Simic." *E.g.*, Docket No. 411-3 at 9. The movants do not provide meaningfully developed argument that the subpoenas are irrelevant as to the information regarding PlayUp, Inc., PlayUp, Ltd., or Simic, arguing instead that the subpoenas are irrelevant in that they seek information as to nonparty "affiliated entities." *See* Docket No. 411 at 7-9. If the affiliated entities are not actually distinct, as Mintas presumably believes, *see* Docket No. 434-3 at 7 (testimony from PlayUp, Inc.'s corporate representative agreeing that PlayUp, Inc. and Fan Technologies are really "one in the same"), then the basis for the relevance objection would appear to be a nonstarter. Even if the affiliated entities are distinct nonparties, persuasive argument has not been presented that such circumstance renders discovery regarding them *per se* irrelevant.

7

that are not implicated by PlayUp, Ltd's personal jurisdiction challenge. *Cf. Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (making clear that all pertinent discovery must generally be completed before the case can advance to the summary judgment stage).[11]

The papers do not clearly articulate any other basis on which PlayUp, Inc. and Simic seek relief as to these subpoenas. For the record, the Court notes reference in reply that the "records contain privileged information." Docket No. 437 at 7. The motion for protective order does not argue that the subpoenaed information is privileged, *see* Docket No. 411, and asserting a privilege in reply is improper, *see, e.g.*, *Brand v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021). Moreover, the reply does not specify the privilege being invoked and does not provide factual support for doing so. "A generalized, self-serving, conclusory assertion of protection or privilege is without merit." *Diamond State Ins. Co. v. Rebel Oil Co.*, 157 F.R.D. 691, 698 (D. Nev. 1994). The Court also notes passing reference to a desire to shield "business dealings" from revelation. *See* Docket No. 411 at 4, 8; *see also* Docket No. 437 at 7 (stating baldly that the movants "have a personal right in the records sought" without articulating what that interest is). Conclusory assertions that the subpoenaed information is somehow protectible fail to establish a cognizable personal right or privilege in that information from which standing can be based. *E.g.*, *Byrd Underground*, 2024 WL 95392, at *1.

Accordingly, the aspect of the motion seeking relief as to subpoenaed information regarding PlayUp, Inc. and Simic will be denied.

---

[11] The gist of the movants' position appears to be that a personal jurisdiction challenge creates a wholesale shield to any and all attempts at discovery that in any way implicates PlayUp, Ltd. Persuasive argument and authority have not been presented to justify such a sweeping position, and the movants place the cart before the horse. Indeed, if such information remains otherwise relevant and discoverable in the case (and if the plaintiff has the ability to do so based on geography and other limitations), a nonparty subpoena can be served on a dismissed defendant itself pursuant to Rule 45. *Cf. Taddeo v. Am. Invsco Corp.*, No. 2:12-cv-01110-APG-NJK, 2016 WL 593522, at *2 (D. Nev. Feb. 12, 2016) (addressing cases that former defendants are subject to discovery process under Rule 45). In short, the Court fails to discern why discovery pertinent to an existing claim regarding an existing party can be barred simply because the discovery also pertains to a defendant challenging personal jurisdiction or even a dismissed defendant.

### C. STANDING AND OBJECTIONS OF PLAYUP, LTD.

The last aspect of the pending motion involves the arguments of PlayUp, Ltd. that the subpoenas run afoul of the order staying discovery regarding PlayUp, Ltd., and that it has standing to seek enforcement of that order. Docket No. 411 at 6-7. As noted above, United States District Judge Gloria M. Navarro has recently granted PlayUp, Ltd.'s motion to dismiss for lack of personal jurisdiction. Docket No. 461. In light of the changed posture, the Court declines to resolve the standing and substantive arguments currently raised and will deny without prejudice the aspect of the motion seeking relief as to subpoenaed information regarding PlayUp, Ltd.

The Court orders counsel to review the subpoena responses already received, to determine what documents (if any) pertain to only PlayUp, Ltd., and to confer as to what action (if any) should be taken as to those particular documents. If agreement cannot be reached and if necessary as a last resort, a renewed motion for protective order may be filed specific to this subset of documents.

## IV. CONCLUSION

For the reasons discussed more fully above, the motion for protective order is **DENIED**. The limitations placed on the review and use of the subpoenaed information (Docket No. 415 at 3) are hereby lifted with respect to information concerning PlayUp, Inc., Simic, and affiliated entities. With respect to information concerning PlayUp, Ltd., counsel may review the information subject to the meet-and-confer process identified in Section III.C. and subject to PlayUp, Ltd.'s ability to file a motion seeking further relief.

IT IS SO ORDERED.

Dated: February 6, 2024

_____
Nancy J. Koppe
United States Magistrate Judge