UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> DR. LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br> **Order** <br> [Docket Nos. 425, 453] |

Pending before the Court is the motion for discovery-related sanctions filed by Defendant/Counterclaimant Laila Mintas. Docket No. 425. Plaintiff/Counter-Defendant PlayUp, Inc. and Counter-Defendant Daniel Simic filed a response in opposition. Docket No. 441.[1] Mintas filed a reply. Docket No. 444. Also pending before the Court is PlayUp's motion to supplement. Docket No. 453. Mintas filed a response in opposition. Docket No. 456. PlayUp filed a reply. Docket No. 462. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Mintas' motion for sanctions is **DENIED** without prejudice and PlayUp's motion to supplement is **DENIED** as moot.

**I.    REQUEST FOR ADVERSE INFERENCE INSTRUCTION**

The bulk of Mintas' motion is targeted at obtaining adverse inference jury instructions based on an assertion of spoliation. *See, e.g.*, Docket No. 425 at 29; *see also, e.g.*, *id.* at 17-23 (arguing that certain evidence was not preserved).

Federal courts have broad discretion in controlling their dockets. *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). Courts also have a general duty to avoid deciding unnecessary issues. *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1113 n.6 (9th Cir. 2016). "To that end, courts may sequence motion practice to avoid deciding unnecessary

---

[1] The Court will refer to PlayUp, Inc. and Simic collectively hereafter as "PlayUp."

1

issues and generally resolve trial-related motions after it is clear that there will likely be a trial." *Motley v. Malta*, 2023 WL 2529778, at *1 n.1 (D. Nev. Mar. 14, 2023) (Navarro, J.). "Typically, adverse inference instructions are provided to the jury at the end of trial and not at summary judgment." *Cardenas v. Am. Airlines, Inc.*, 2019 WL 2918162, at *10 n.6 (S.D. Cal. July 8, 2019). Given that such relief is specific to trial, courts may find that a spoliation motion seeking an adverse inference jury instruction is premature when presented during the summary judgment phase or earlier in the case. *See Ingram v. Pacific Gas & Elec. Co.*, 690 Fed. Appx. 527, 530 (9th Cir. 2017) ("Since adverse inference instructions are provided to juries at the conclusion of trial, the district court did not abuse its discretion by denying Ingram's request for an adverse inference at the summary judgment stage of these proceedings"); *Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498, 508 (W.D. Penn. 2011) (finding spoliation motion for an adverse inference premature given that discovery had not closed, summary judgment motions had not yet been filed, a pre-trial order had not been issued, a trial date had not been set, and the parties had not submitted proposed jury instructions); *see also, e.g.*, *Cardenas*, 2019 WL 2918162, at *10 n.6; *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 11409439, at *2 (D. Nev. Sept. 24, 2018); *Kolas v. Wal-Mart Stores, Inc.*, 2018 WL 11444060, at *1 (D. Nev. Mar. 23, 2018).

The Court will follow that same course here. The deadline for filing motions for summary judgment has not yet expired, *see* Docket No. 449 at 4, and it is not clear that there will be a trial.[2] Given the current procedural posture, the Court declines to decide trial-related issues. If this case proceeds past the summary judgment phase and Mintas continues to seek adverse inference jury instructions, a renewed motion for that relief must be filed concurrently with the joint proposed pretrial order.

## II.   OTHER RELIEF SOUGHT

In addition to seeking the adverse jury instructions identified above, Mintas seeks myriad other relief based on various factual assertions, including: (1) an order compelling production of

---

[2] The Court expresses no opinion herein as to the merits of either potential motions for summary judgment or the request for adverse inference jury instructions.

documents reviewed in preparation for a deposition, Docket No. 425 at 16-17; (2) sanctions for alleged discovery misconduct in the form of fees, an order compelling production of documents, a second Rule 30(b)(6) deposition, and an order that unproduced discovery be precluded from trial, *id.* at 23-25; and (3) a forensic examination of PlayUp's electronics, *id.* at 25-28. PlayUp contends as an overarching matter that Mintas' motion "improperly combines [numerous discovery issues] into one, omnibus Frankenstein of a motion." Docket No. 441. PlayUp is correct.

Omnibus motions are improper because they impede the clear presentation of the facts and the law, along with meaningfully developed argument on each of the issues for which relief is sought. *See, e.g.*, *Underwood v. O'Reilly Auto Enterps., LLC*, 2022 WL 1184883, at *2 (D. Nev. Apr. 20, 2022). In this case, Mintas appears to have thrown at the wall any discovery-related conduct she believes to be problematic in the hopes something will stick. By presenting her request in this omnibus fashion, however, the factual and legal issues are convoluted, and the clear articulation of arguments has been hampered.[3] The Court will not endorse this "spaghetti approach" and will not "sort through the noodles" to attempt to resolve the arguments on their merits. *Cf. Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).

Accordingly, the Court declines to address the other requests raised in the pending motion. If Mintas seeks relief beyond the adverse inference jury instructions discussed in the preceding section, she must file a motion focused on the specific issues pertinent to that particular request.

## III.    CONCLUSION

For the reasons discussed above, Mintas' motion for sanctions is **DENIED** without prejudice and PlayUp's motion to supplement is **DENIED** as moot.

IT IS SO ORDERED.

Dated: February 6, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] This is a problem in any context, but it is especially unfortunate when significant relief is being sought. The more significant the relief being sought, the more mindful a movant must be to clearly and fully develop both the factual showing and the legal arguments. *Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, *1 (D. Nev. Feb. 20, 2015).