UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.<br>　　　　Plaintiff,<br>v.<br>LAILA MINTAS,<br>　　　　Defendant. | Case No. 2:21-cv-02129-GMN-NJK<br>**Order**<br>[Docket No. 489] |

Pending before the Court is Defendant Laila Mintas' motion to shorten time to rule on her motion to extend the discovery deadline. Docket No. 489. The motion is, in reality a motion requesting emergency treatment of the motion to extend. *Id*.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-6(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the

normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492).  If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43.  If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143.  The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493.  For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases).  Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

Here, Defendant asks the Court to issue its ruling no later than March 15, 2024.  Docket No. 489 at 2.  The Court does not set deadlines for issuing orders.  Therefore, the Court **DENIES** Defendant's request to set a deadline for its order.  The Court next turns to whether Defendant has demonstrated that the motion should be treated as an emergency for briefing purposes.

Defendant's local counsel, Naylor & Braster, filed a motion to withdraw as counsel on February 13, 2024.  Docket No. 470.  More than two weeks later, on Friday, March 1, 2024, Defendant moved to extend the discovery cut-off date, currently set for April 1, 2024.  Docket No. 484.  Defendant's reasons for extension all revolve around the withdrawal of local counsel. *Id*.  On Monday, March 4, 2024, the Court denied Defendant's motion for extension without prejudice because it failed to establish good cause for the extension request.  Docket No. 487.  Defendant waited another four days, until March 8, 2024, to refile her motion for extension.  Docket No. 488.

On March 11, 2024, she filed the instant motion asking that her motion for extension be treated as an emergency motion, though the motion fails to comply with the technical requirements for filing an emergency motion. Docket No. 489. *See* Local Rule 7-4(a)(1).

The Court finds that any emergency is one of Defendant's own making for failing to timely file her motion for extension. Nonetheless, the Court will shorten the briefing period so that the Court can consider the motion on its merits.

Accordingly, Defendants' motion to shorten time to rule on her motion to extend the discovery deadline is **DENIED**. Docket No. 489. Plaintiff must file its response to Defendant's motion to extend the discovery deadline, Docket No. 488, no later than March 15, 2024, at 12:00 p.m. Defendant must file any reply no later than March 18, 2024, at 12:00 p.m.

IT IS SO ORDERED.

Dated: March 12, 2024.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE