UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.,<br>　　　Plaintiff(s),<br>v.<br>DR. LAILA MINTAS,<br>　　　Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK<br>**Order**<br>[Docket No. 502] |

Pending before the Court is a motion to withdraw as counsel for PlayUp and Daniel Simic filed by the law firm of Zumpano Patricios Popok & Helsten (ZPPH). Docket No. 502. In addition to the request to withdraw as counsel, ZPPH seeks a stay of all proceedings and accompanying extension of the case management deadlines. *See id.* at 4. For the reasons discussed below, the request to withdraw as counsel will be **DEFERRED** until after the motion has been fully briefed and until after the expiration of the discovery cutoff. The remaining depositions must proceed as scheduled. The requests to stay proceedings and to extend case management deadlines is **DENIED**.

"Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case." Local Rule IA 11-6(d). Instead, a motion to withdraw that will delay discovery must be supported by a showing of good cause. Local Rule IA 11-6(e).[1] Courts are particularly disinclined to allow withdrawal on the eve of scheduled depositions. *See, e.g.*, *S.E.C. v. Zufelt*, 2015 WL 7176366, at *1 (D. Utah Nov. 13,

---

[1] The Court does not decide herein whether ZPPH will be permitted to withdraw, but rather only whether this motion will be decided in the midst of the final depositions taking place in this case before the imminent discovery cutoff. Nonetheless, the Court notes that whether to allow withdrawal of counsel is an issue entrusted to the broad discretion of the Court. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *see also Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). In exercising that discretion, courts may consider a number of factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).

1

2015) (denying request to withdraw as counsel before upcoming depositions). Moreover, courts are reluctant to delay proceedings based on a bare assertion that the client has failed to pay its legal bills. *See, e.g.*, *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at *1-2 (S.D.N.Y. June 7, 1996). Indeed, this Court has already explained that it would be disinclined to allow withdrawal of counsel in the midst of scheduled depositions when that relief is premised on a failure to pay legal bills. *See* Docket No. 378 at 7-8.

In this case, the Rule 26(f) conference took place more than two years ago on February 1, 2022. *See* Docket No. 58 at 2. Discovery has been rocky. Nonetheless, the general discovery cutoff has now expired. *See* Docket No. 385 at 2; *see also* Docket No. 460. The Court has set a limited discovery cutoff for outstanding depositions for May 10, 2024. *See* Docket No. 496 at 4;[2] *see also* Docket No. 460. The Court has already made clear that this is meant to be a firm discovery cutoff:

> It is time for discovery to wrap up so the case can move on to the merits phase. Counsel must take all reasonable steps to meet the deadlines set herein. **THE COURT IS NOT INCLINED TO GRANT FURTHER EXTENSIONS**.

Docket No. 496 at 5 (emphasis in original); *see also* Docket No. 495 at 1 (explaining in the context of Mintas' local counsel withdrawing that the interim period without local counsel was not a basis to delay discovery).

The Court declines to upset the schedule for the remaining depositions for a variety of reasons. First, withdrawing counsel has apparently known of the failure of PlayUp to pay its legal bills for at least a year. *See* Docket No. 502-1 at ¶ 4 (identifying "the nonpayment of fees since the spring of last year"). It is unclear why it would be an unreasonable financial burden for withdrawing counsel to finish up discovery for the next few weeks when it has apparently not been an unreasonable financial burden to continue litigating without pay for the many months in the interim. That counsel waited a year to file the instant motion militates against upsetting the current deposition schedule. *Cf. Zufelt*, 2015 WL 7176366, at *1. Second, this is not the first time that

---

[2] The discovery remaining as of the last extension order consisted of a handful of depositions. Docket No. 496 at 3.

attorneys for PlayUp have sought to withdraw in the midst of depositions. Counsel previously moved to withdraw on the eve of contentious depositions. *See* Docket No. 317; *see also* Docket No. 316 (order denying motion for protective order). At that time, the withdrawal was allowed and the case management deadlines were extended. *See* Docket No. 323 at 1-2. Simic and PlayUp then failed to timely obtain new counsel and, eventually, ZPPH reappeared on their behalf. *See* Docket Nos. 337, 339. Hence, the Court is not persuaded by the suggestion that delay or disruption would be "minimal" for withdrawal to occur now given the track record involving similar circumstances. *See* Docket No. 502 at ¶ 7. Lastly, as explained above, discovery in this case has been lengthy and very contentious, and the Court is keen on getting the case past the discovery phase and into the merits phase. *See, e.g.*, Docket No. 496 at 5. A year-long failure to pay legal bills is simply not sufficient justification to derail at the eleventh hour the few remaining depositions needed for discovery to conclude.

Given the circumstances of this case, the Court declines to delay the remaining depositions based on this belated motion to withdraw as counsel. *See, e.g.*, Local Rule IA 11-6(d). ZPPH remains counsel of record at this time and the remaining deposition must proceed as scheduled. The motion to withdraw as counsel will be **DEFERRED** until after the motion has been fully briefed and until after the expiration of the discovery cutoff. The accompanying requests to stay all proceedings and to extend case management deadlines is **DENIED**.

IT IS SO ORDERED.

Dated: April 9, 2024

                                                                                         Nancy J. Koppe
United States Magistrate Judge