UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC.,<br>    Plaintiff(s),<br>v.<br>DR. LAILA MINTAS,<br>    Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK<br>**Order**<br>[Docket Nos. 507, 510, 520, 528] |

Pending before the Court are motions to seal filed in conjunction with discovery-related motion practice. Docket Nos. 507, 510, 520, 528. Responses were filed to two of those motions. Docket Nos. 513, 514. None of these motions was presented in a manner to enable resolution.[1]

**I.    STANDARDS**

There is a strong presumption of public access to judicial records. *Kamakana*, 447 F.3d at 1178. Parties seeking to keep secret from the public documents filed in relation to non-dispositive motions must make a "particularized showing" of "good cause." *Id.* at 1180 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).[2] The Ninth Circuit has made clear that secrecy of judicial filings may be appropriate when the records could become a vehicle

---

[1] The Court takes no joy in requiring further action by the parties to foster what should be a simple administrative decision regarding sealing. To the contrary, the need to issue orders like this one to account for shortcomings in party filings only serves to exacerbate the crushing caseload in district courts like this one. *Cf. Doi v. Halekulani Corp.*, 276 F.3d 1131, 1141 (9th Cir. 2002) (decrying the need to expend significant resources addressing tangential issues given that the "resources of the federal judiciary . . . are strained to the breaking point"). Nonetheless, governing case law explains that the Court has a duty to protect the public's interest in transparency by conscientiously considering the competing interests and articulating a sound factual basis for sealing, *see Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), so the Court issues this order.

[2] The governing standard turns on whether the materials are filed in conjunction with an underlying motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Given that the underlying motions relate to discovery issues, the Court applies the good cause standard.

1

for improper purposes, such as the use of the records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179. On the other hand, "[t]he mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *E.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterp. Co. v. Superior Court*, 464 U.S. 501, 513 (1984)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

## II. ANALYSIS

### A. Mintas' motion to seal at Docket No. 507

Mintas filed a motion to seal in conjunction with her motion for discovery sanctions. Docket No. 507. That motion seeks sealing of two exhibits, as well as an unredacted version of the motion for discovery sanctions. Unhelpfully, the motion indicates that sealing is sought only on the basis that "PlayUp, Inc., PlayUp Ltd., *and/or* third party FTX Holdings" marked documents as "confidential" pursuant to the stipulated protective order. *Id.* at 2 (emphasis added). The motion does not specify which exhibits were designated by which of these entities. Moreover, PlayUp Inc. filed a response in support of sealing with respect to only one of the exhibits, Docket No. 513, leaving the Court with no information as to the other exhibit.

While the Court might ordinarily view the lack of any support for a sealing request as a tacit admission that sealing is not warranted, *see* Docket No. 62 at 2, this motion to seal does not include a certificate of service with respect to FTX, *see* Docket No. 513 at 3. Hence, although it appears that nonparty FTX may have an interest in sealing, the Court has been given no reason to believe that nonparty FTX was provided notice of the motion to seal.

Given the circumstances, the Court **ORDERS** Mintas to file, by August 7, 2024, a notice of corrected image (1) specifying who it is that designated as confidential <u>each</u> of the sealed exhibits; (2) attaching a certification that the designating entities were served with the sealed documents such that they know what documents are at issue, *see, e.g.*, Local Rule IA 10-5(d) (requiring service pursuant to LR IC 4-1(c)); and (3) attaching a certificate of service showing that each of the designating entities has been served with the motion to seal. Any further response in support of the motion to seal (whether by PlayUp or FTX or anyone else) must be filed by August 21, 2024.

B.    <u>Mintas' motion to seal at Docket No. 510</u>

Mintas filed a motion to seal in conjunction with her motion for forensic examination. Docket No. 510. That motion seeks sealing of 21 different exhibits. Unhelpfully, the motion indicates that sealing is sought only because "those documents [were] marked as 'Confidential' by PlayUp, Inc., PlayUp Ltd., *and/or* [nonparty] FTX Holdings." *Id.* at 2 (emphasis added). The motion does not specify which exhibits were designated by which of these entities. Moreover, PlayUp Inc. filed a response in support of sealing with respect to only one of the 21 exhibits, Docket No. 514, leaving the Court with no information of any kind as to the sealing of 20 exhibits.

While the Court might ordinarily view the lack of any support for a sealing request as a tacit admission that sealing is not proper, *see* Docket No. 62 at 2, this motion to seal includes no proof of service, *but see* Local Rule 5-1(a). Hence, although it appears that nonparty FTX may have an interest in sealing most of these exhibits, the Court has been given no reason to believe that nonparty FTX was provided notice of the motion to seal.

Given the circumstances, the Court **ORDERS** Mintas to file, by August 7, 2024, a notice of corrected image (1) specifying who it is that designated as confidential <u>each</u> of the sealed exhibits, (2) attaching a certification that the designating entities were served with the sealed documents such that they know what documents are at issue, *see, e.g.*, Local Rule IA 10-5(d) (requiring service pursuant to LR IC 4-1(c)); and (3) attaching a certificate of service showing that each of the designating entities has been served with the motion to seal. Any further response in

support of the motion to seal (whether by PlayUp or FTX or anyone else) must be filed by August 21, 2024.

### C.   PlayUp's motion to seal at Docket No. 520

PlayUp filed a motion to seal in conjunction with its opposition to the motion for discovery sanctions. Docket No. 520. The motion seeks to seal Exhibit 6. *See id.* at 2. Problematically, however, PlayUp also filed Exhibit 6 on the public docket. *See* Docket No. 520-2. Once a party has made information publicly known, the cat is out of the bag and a request to seal that information is generally improper. *See, e.g.*, *Victory Sports & Entertainment, LLC v. Pedraza*, 2019 WL 2578767, at *2 (D. Nev. June 24, 2019) (collecting cases). Given the circumstances, the Court **ORDERS** PlayUp to file, by August 21, 2024, either a notice that it is withdrawing its motion to seal in light of the public filing of this exhibit or a supplemental brief providing meaningful explanation as to how sealing is warranted given the public filing of this exhibit.[3]

### D.   Mintas' motion to seal at Docket No. 528

Mintas filed a motion to seal in conjunction with her reply to the motion for forensic examination. Docket No. 528. That motion seeks sealing for nine different exhibits. Unhelpfully, the motion indicates that sealing is sought only because "PlayUp, Inc., PlayUp Ltd., *and/or* third party FTX Holdings" marked documents as "confidential" pursuant to the stipulated protective order. *Id.* at 2 (emphasis added). The motion does not specify which exhibits were designated by which of these entities. Moreover, this motion to seal includes no proof of service, *but see* Local Rule 5-1(a). Hence, although it appears that nonparty FTX may have an interest in sealing these exhibits, the Court has been given no reason to believe that nonparty FTX was provided notice of the motion to seal.

Given the circumstances, the Court **ORDERS** Mintas to file, by August 7, 2024, a notice of corrected image (1) specifying who it is that designated as confidential <u>each</u> of the sealed

---

[3] The Court otherwise expresses no opinion as to the motion to seal, including whether an outside attorney can provide a competent declaration regarding competitive disadvantage that would result from disclosure, *cf. Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases), or whether redaction (as opposed to sealing) would be warranted, *cf. Foltz*, 331 F.3d at 1137.

4

exhibits, (2) attaching a certification that the designating entities were served with the sealed documents such that they know what documents are at issue, *see, e.g.*, Local Rule IA 10-5(d) (requiring service pursuant to LR IC 4-1(c)); and (3) attaching a certificate of service showing that each of the designating entities has been served with the motion to seal. Any further response in support of the motion to seal (whether by PlayUp or FTX or anyone else) must be filed by August 21, 2024.

### IV.  CONCLUSION

For the reasons discussed above, the Court **DEFERS** ruling on the motions to seal at Docket Nos. 507, 510, 520, and 528. In the interim, the Clerk's Office is **INSTRUCTED** to continue maintaining the subject documents under seal.

IT IS SO ORDERED.

Dated: July 29, 2024

_____
Nancy J. Koppe
United States Magistrate Judge