# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> DR. LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br><br> **Order** <br><br> [Docket Nos. 507, 510, 528, 537] |

Defendant Laila Mintas filed motions to seal in a defective manner. Docket Nos. 507, 510, 528, 537. The Court ordered Mintas to correct those motions in a number of ways by filing a notice of corrected image that, *inter alia*, "attach[es] a certificate of service showing that each of the designating entities has been served with the motion to seal." Docket No. 545 at 3 (addressing motion to seal filed at Docket No. 507); *see also id.* (addressing motion to seal filed at Docket No. 510); *id.* at 5 (addressing motion to seal at Docket No. 528); Docket No. 556 at 2 (addressing motion to seal at Docket No. 537).

Mintas filed notices of corrected image making clear that the motions to seal relate to, *inter alia*, confidentiality protections sought by nonparties FTX and Caesars Entertainment. *See* Docket Nos. 549, 550, 551, 565. These notices of corrected image appear to remedy some of the deficiencies with Mintas' underlying motions to seal, such as certifying that the designating entity was provided with copies of the subject exhibits, but the notices of corrected image fail to show that the pertinent nonparties were served **with the motion to seal itself**. The certificates of service instead indicate that service of the motions to seal was completed through the CMECF system, which on its face evidences service only as to "each party in this case who is registered as an electronic case filing user with the Clerk." *E.g.*, Docket No. 549 at 5. Neither FTX nor Caesars Entertainment is a party in this case and they do not have counsel of record who receive notice through CMECF in this case. Hence, while perhaps the certificates of service are incomplete or

1

wrong, the Court continues to be left with the potential scenario where the interested nonparties seeking confidentiality for their information have not been served with the motion to seal.[1]

Accordingly, Mintas is again **ORDERED** to file notices of corrected image for each of the subject motions to seal that include certificates of service demonstrating notice to each impacted nonparty of the motion to seal itself. These notices of corrected image must be filed by September 6, 2024. **Failure by Mintas to comply with this order may result in the imposition of sanctions.**

The deadline for any nonparty to respond to these motions to seal is **EXTENDED** to September 20, 2024. The nonparties are advised that their designation of information as confidential pursuant to a stipulated protective order does not suffice to seal that information once filed with the Court, so they must instead respond to the motion to seal with a sufficient factual showing to support sealing. Docket No. 62.

At this juncture, the Court **DEFERS** ruling on the motions to seal and the Clerk's Office is **INSTRUCTED** to continue maintaining the subject documents under seal. In addition to the typical CMECF recipients, the Clerk's Office is **INSTRUCTED** to also send this order by email and by mail to the following:

| | |
|---|---|
| Stephen Ehrenberg<br>Sullivan & Cromwell LLP<br>125 Broad St.<br>New York, NY 10004<br>ehrenbergs@sullcrom.com | Caesars Entertainment<br>100 W. Liberty St., 12th Floor<br>Reno, NV 89501<br>equatmann@caesars.com<br>pgeorgeson@caesars.com |

IT IS SO ORDERED.

Dated: August 30, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] This is not merely an academic issue, as FTX has not met its ordered deadline to respond to the motions to seal related to its information. It could be that FTX no longer has an interest in keeping the subject information confidential, but the Court has no way of knowing that since it cannot determine whether FTX was served with the motions to seal.