UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> DR. LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br> **Order** <br> [Docket No. 510] |

Pending before the Court is Defendant's motion to seal filed in conjunction with her motion to compel forensic examination. Docket No. 510; *see also* Docket Nos. 550, 568 (corrected images). Sealing is warranted upon a particularized showing of good cause. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). This sealing request is predicated on the fact that PlayUp and non-party FTX designated 20 exhibits as confidential pursuant to the stipulated protective order. *See* Docket No. 568 at 2.

With respect to exhibit 33, PlayUp explains that the exhibit includes discussion of sensitive settlement provisions that the Court has already found good cause to seal earlier in the case. *See* Docket No. 514-1 (citing Docket No. 458). "Any request to seal must also be 'narrowly tailored' to remove from the public sphere only material that warrants secrecy." *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040-41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011). While good cause exists for secrecy of the settlement information itself, per the Court's prior order, PlayUp provides no explanation as to why sealing is warranted for this entire exhibit of deposition testimony, much of which appears on its face not

to be confidential or sensitive. *See* Docket No. 511-1 at 76-85. No showing has been made, for example, with respect to testimony regarding whether PlayUp's signatory of that settlement agreement remembers signing it or having it approved by the board.[1] In short, the Court will allow secrecy as to this exhibit only in the form of redactions to the specific information related to the terms of the settlement agreement.

With respect to the other 19 exhibits, the Court has been provided no factual showing that good cause exists for sealing. Instead, the sole basis for the sealing request is that non-party FTX designated the information as confidential pursuant to the stipulated protective order, but that designation does not (standing alone) create a basis for sealing once the document is filed with the Court. *See* Docket No. 566 at 2 (warning of the need to make a factual showing); *see also, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) ("a party seeking the protection of the court via a blanket protective order typically does not make the 'good cause' showing required by Rule 26(c) with respect to any particular document"). Having been provided no particularized showing of good cause, sealing is not warranted as to exhibits 21-26, 28, 29, 31, 32, 34, 44, 46, 49, 50, 52-55, and 57.

Accordingly, the motion to seal is **GRANTED** in part and **DENIED** in part. The Clerk's Office is **INSTRUCTED** to continuing maintaining under seal Docket No. 511-1.[2] Counsel must immediately confer on the redactions that are appropriate with respect to Exhibit 33, and Mintas must refile that appendix with the limited redactions allowed herein by October 4, 2024. The Clerk's Office is **INSTRUCTED** to unseal Docket No. 511.

---

[1] There is a corresponding redaction in the underlying motion as to this specific information. That redaction in the motion is unwarranted given that no showing of good cause has been made as to whether PlayUp's signatory of that settlement agreement remembers signing it or having it approved by the board. *See* Docket No. 509 at 11 n.4. As no showing of good cause has been made for any of the redactions in the underlying motion (Docket No. 511), the Court is ordering it unsealed.

[2] This document is an omnibus PDF combining multiple exhibits into a single document, which violates Local Rule IC 2-2(a)(3)(A). Because Mintas violated the local rules, the Court cannot herein unseal those particular exhibits for which good cause was not shown. Instead, Mintas will need to refile all of these exhibits with the limited redactions that are permitted for exhibit 33.

In addition to the above, counsel are again **CAUTIONED** that they must comply with the local rules, including Local Rule IC 2-2(a)(3)(A). *See also, e.g.*, Docket No. 178 at 1 n.1.

IT IS SO ORDERED.

Dated: September 26, 2024

_____
Nancy J. Koppe
United States Magistrate Judge