1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PLAYUP, INC.,

      Plaintiff(s),

v.

DR. LAILA MINTAS,

      Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**Order**

[Docket Nos. 586, 596]

10       Pending before the Court is Defendant/Counter-Claimant Laila Mintas' renewed motion

11 for a forensic examination or to compel. Docket No. 586. Counter-Defendant Daniel Simic filed

12 a response in opposition. 594. Mintas filed a reply. 595. Simic filed a motion for leave to file a

13 surreply. Docket No. 596. Mintas filed a response. Docket No. 597. Simic filed a reply. Docket

14 No. 598. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the

15 reasons discussed below, Mintas' motion for a forensic examination is **DENIED** without prejudice

16 and her alternative motion to compel is **GRANTED**. The motion for leave to file a surreply is

17 **GRANTED**.[1]

18 **I.**    **BACKGROUND**

19       This case arises from a soured business relationship, resulting in the termination of Mintas

20 as CEO, competing allegations of wrongful conduct, and competing claims for tens of millions of

21 dollars in damages. These circumstances are no doubt personal for all involved—and the case

22 involves a lot of money—which has spawned a contentious and messy discovery process.

23       Mintas previously filed a motion for a forensic examination or to compel, with the Court

24 denying without prejudice the former and granting the latter. Docket No. 546. The Court ordered

25 Simic "to engage in a thorough search for responsive documents and produce those responsive

26

27       [1] The Court declines to consider herein the new arguments raised in reply, *see, e.g.*, *Brand
28 v. Kijakazi*, 575 F. Supp. 3d 1265, 1273 (D. Nev. 2021), and the surreply will be granted to the
extent it requests that relief, *see* Docket No. 596-2 at 4.

documents.  Simic must also serve a declaration attested to under penalty of perjury as to the details of the search undertaken and that all responsive documents have been produced."  *Id.* at 9.  Mintas has now renewed her motion for a forensic examination or to compel.  Docket No. 586.

## II.    STANDARDS

The discovery rules permit a party to request to inspect, copy, test, or sample electronically stored information or designated tangible things.  Fed. R. Civ. P. 34(a)(1).  This rule provides a basis on which the Court may order a forensic examination in appropriate circumstances:

> Computer forensics involves the location, examination, identification, collection, preservation, and analysis of computer systems and electronically stored information.  Forensic examination is unlike the traditional discovery process in that the subject party is required to open its physical premises and electronic systems to a third-party expert.  The subject party monitors the third party "throughout a lengthy process of 'imaging' (creating mirror images of certain computer storage devices) and searching the party's computer network, and must bear the risk of any inadvertent damage or disruption to its systems."

*Gergawy v. U.S. Bakery, Inc.*, No. 2:19-cv-00417-SAB, 2021 WL 6139419, at *2 (E.D. Wash. Aug. 24, 2021) (internal citations omitted).

"Courts in this circuit have been reluctant to grant motions compelling forensic examinations of a party's computers."  *SGII, Inc. v. Suon*, No. 8:21-cv-01168-DOC (JDEx), 2021 WL 6752324, at *9 (C.D. Cal. Dec. 29, 2021).[2]  In considering whether the circumstances warrant a forensic examination, courts will consider several factors:

> A determination of whether the circumstances justify forensic imaging requires consideration of whether the responding party has withheld requested information, whether the responding party is

---

[2] There are several reasons for exercising caution before allowing a forensic examination. Such a procedure runs counter to the paradigm that "litigants are generally responsible for preserving [and producing] relevant information on their own." *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2008).  Courts also recognize that computers, cell phones, and other electronic devices are not simply "technological convenience[s].  With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'"  *Riley v. Cal.*, 573 U.S. 373, 403 (2014); *see also Henson v. Turn, Inc.*, No. 15-cv-01497-JSW (LB), 2018 WL 5281629, at *6 (N.D. Cal. Oct. 22, 2018).  "Inspection or testing of certain types of electronically stored information may raise issues of confidentiality or privacy. . . . Courts should guard against undue intrusiveness resulting from inspecting and testing such systems."  Fed. R. Civ. P. 34(a), Advisory Comm. Notes (2006).  "[C]ourts must consider the significant interests implicated by forensic imaging before ordering such procedures."  *John B.*, 531 F.3d at 460.

> unable or unwilling to search for the requested information, and the
> extent to which the responding party has complied with discovery
> requests. The scales tip in favor of compelling forensic imaging
> where there exists evidence of either discrepancies in a discovery
> response or a failure by the responding party to produce requested
> information.

*United Artists Corp. v. United Artists Studios LLC*, No. 2:19-cv-00828-MWF-MAAx, 2019 WL 9049050, at *9 (C.D. Cal. Oct. 7, 2019) (quotations and internal citations omitted). A forensic examination is appropriate when there are "serious questions" about the reliability or completeness of the materials produced, *Advante Int'l Corp. v. Mintel Learning Tech.*, No. C 05-01022 JW (RS), 2006 WL 3371576, at *1 (N.D. Cal. Nov. 21, 2006), or about the "candor" of the producing party's assertions, *Ignite Spirits, Inc. v. Consulting by AR, LLC*, No. 2:21-cv-01590-JCM-EJY, 2022 WL 3346754, at *3 (D. Nev. Aug. 11, 2022).

The party seeking a forensic examination bears the burden of showing that such relief is warranted based on the circumstances of a particular case. *E.g.*, *A.M. Castle & Co. v. Byrne*, 123 F. Supp. 3d 895, 908 (S.D. Tex. 2015); *MGA Ent., Inc. v. Nat'l Prods. Ltd.*, No. CV 10-07083 JAK (SSx), 2012 WL 12886446, at *2 (C.D. Cal. Jan. 26, 2012).[3] A forensic examination is warranted only upon "a strong showing" that the opposing party has defaulted on its discovery obligations. *Motorola Solutions*, 314 F. Supp. 3d at 939. Whether to permit a forensic examination is a matter entrusted to the broad discretion of the trial court. *Gopher Media, LLC v. Spain*, No. 3:19-cv-02280-CAB-KSC, 2020 WL 5748093, at *1 (S.D. Cal. Sept. 25, 2020); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

## III.    ANALYSIS

Mintas is now before the Court seeking renewed relief predicated essentially on two issues: (1) whether Simic was required to produce responsive documents in native format; and (2) whether

---

[3] There is inconsistency in the case law as to the burden of persuasion on a motion for forensic examination. *See Sophia & Chloe, Inc. v. Brighton Collectibles, Inc.*, No. 12cv2472-AJB(KSC), 2014 WL 12642170, at *3 (S.D. Cal. May 28, 2014) (placing burden on party resisting forensic examination). The Court is also mindful that the Ninth Circuit has indicated that the burden is generally on a party seeking to avoid discovery given "the liberal discovery principles of the Federal Rules." *Blankenship v. Hearst Corp.* 519 F.2d 418, 429 (9th Cir. 1975). On the other hand, a motion to compel a forensic examination is not subject to liberal discovery principles and is disfavored. The burden of persuasion is properly placed on the party seeking the forensic examination. *See Motorola Sols., Inc. v. Hytera Comms. Corp.*, 314 F. Supp. 3d 931, 939 (N.D. Ill. 2019).

Simic's declaration as to the search undertaken is deficient.  The Court agrees with Mintas on both fronts, but the Court also finds that compelling further compliance is the appropriate remedy as opposed to ordering a forensic examination at this juncture.

A.    Document Format

Mintas argues that she indicated in the pertinent requests for production that documents had to be produced in native format and that Simic's production is insufficient because the documents were provided in PDF format.  *See, e.g.*, Docket No. 586 at 8-11.  Simic counters that the parties' prior course of conduct did not enforce requests for production in native format and that doing so now is an undue burden.  *See, e.g.*, Docket No. 594 at 11-14.  The Court agrees with Mintas that the PDF production is insufficient.

The Federal Rules allow a party propounding discovery to specify the format of the responsive document production.  Fed. R. Civ. P. 34(b)(1)(C).  Simic has failed to meaningfully explain why the parties' prior course of conduct would override the demand in particular sets of requests for production that require native format.  Moreover, Simic did not timely object as to this format, *but see Morgan Hill Concerned Parents Assoc. v. Cal. Dept. of Ed.*, No. 2:11-cv-3471 KJM AC, 2017 WL 445722, at *3-4 (E.D. Cal. Feb. 2, 2017), and he has provided no evidentiary showing to support his undue burden now at any rate, *but see, e.g.*, *Nationstar Mortg., LLC*, 316 F.R.D. 327, 334 (D. Nev. 2016) (quoting *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 529 (D. Nev. 1997)).[4]

Accordingly, the Court agrees with Mintas that Simic's production is insufficient in that it was not made in native format.

B.    Search Efforts

The Court ordered Simic to provide a declaration attesting to the "details" of his search efforts.  Docket No. 546 at 9.  As the cases cited in that order make plain, these details must be provided "with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence."  *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367

---

[4] The Court is unpersuaded by Simic's argument that the circumstances show that native format is "not available."  Docket No. 594 at 13.

(D. Nev. 2019) (quoting *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012)).  Even more so in the context of electronically stored information, a properly detailed accounting of the search must be provided and parties are urged that this is meant to be an open and transparent process. *V5 Technologies*, 332 F.R.D. at 367.

Simic's declaration is insufficient.  He noted the categories of documents on which he "focused the search," Docket No. 586-3 at ¶ 6, and then provided as follows:

> To search for documents to comply with the Order and locate responsive and compliant documents: (a) I searched my company email (daniel.simic@playup.com); (b) I personally searched my test [sic] messages, WhatsApp, Signal, laptop, and Microsoft Teams for information responsive to the requests in the Order; (c) I searched a drive I had provided to counsel of documents and communications; and (d) counsel searched through the set of documents produced by non-party PlayUp Ltd. in the Australian Action.

*Id.* at ¶ 7.  This description says what was searched in some ways, but it fails to specify with sufficient particularity what was actually searched.  Other than the specific company email address, the other potential sources searched are left vague.[5]  Even more concerning, the search does not explain *how* these sources were searched.  There are no search terms identified or even a basic explanation of the manner of searching.  Simply stating that a search was conducted of a potential source of responsive documents is plainly insufficient.  *See V5 Techs.*, 332 F.R.D. at 367 (finding insufficient attestation that the declarant "checked for any text messages and [she] had none").[6]

Accordingly, the Court agrees with Mintas that Simic's declaration is insufficient.

---

[5] By way of example, the declaration is not clear as to the source of text messages.  The Court needs to gauge whether all reasonable sources of responsive documents were searched, so the declaration must provide with specificity the accounts or items being searched.

[6] Simic touts that his counsel "sent opposing counsel a proposal offering a three-hour deposition of Mr. Simic focused on his supplemental court-ordered production, his document search efforts, and his supporting declaration."  Docket No. 594-1 at ¶ 13.  But this offer was conditioned on Mintas promising to forego any future motion practice.  *See* Docket No. 594-4 at 2.  Such a proposal is nonsensical because the whole point in detailing the search undertaken is for Mintas (and, if necessary, the Court) to determine whether a proper search was actually conducted or whether further relief is warranted.  *V5 Technologies*, 332 F.R.D. at 367.

C.     Relief Warranted

Although the Court previously had serious concerns that have not as of yet been assuaged given the more recent issues, the Court finds the proper approach is to afford a final opportunity for Simic to rectify the discovery issues identified above. *See* Docket No. 246 at 9. Simic must produce the responsive documents in native format by January 24, 2025. Simic must also provide a supplemental declaration detailing his search efforts, including specific identification of each item/account searched and the manner of search undertaken (with any search terms identified), by January 24, 2025.

This order is without prejudice to Mintas renewing her motion for forensic examination in the event that Simic's search and production efforts are lacking. In the event that Mintas has reasonable grounds thereafter to compel a forensic examination as to Simic, she must promptly confer on that issue and file any such renewed motion by February 14, 2025.

**IV.     CONCLUSION**

For the reasons discussed above, Mintas' motion for a forensic examination is **DENIED** without prejudice and her alternative motion to compel is **GRANTED**. Docket No. 586. The motion for leave to file a surreply is **GRANTED** to the extent it asks the Court not to consider herein the new arguments in Mintas' reply. Docket No. 596.

IT IS SO ORDERED.

Dated: January 3, 2025

_____
Nancy J. Koppe
United States Magistrate Judge