UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br>     Plaintiff(s), <br> v. <br> DR. LAILA MINTAS, <br>     Defendant(s). | Case No. 2:21-cv-02129-GMN-NJK <br><br> **Order** <br><br> [Docket No. 649] |

Pending before the Court is a motion to withdraw as counsel for PlayUp and Daniel Simic filed by the law firm of Zumpano Patricios & Helsten (ZPH). Docket No. 649.[1] Mintas filed a response. Docket No. 655. ZPH filed a reply. Docket No. 660. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to withdraw as counsel is **DENIED** without prejudice.

**I.    BACKGROUND**

On May 9, 2025, the Court held a hearing on Mintas' motion to compel forensic examination. Docket No. 646. Within the flurry of filings that followed that hearing, on May 16, 2025, ZPH filed a motion to withdraw as counsel for PlayUp and Simic. Docket No. 649. Attorney Brookhyser now attests that "it is not possible for me or my Firm to continue to represent [PlayUp and Simic] in this matter" because their relationship "has broken down irretrievably to an extent that cannot be cured." Docket No. 649-1 at ¶¶ 6-7; *see also id.* at ¶¶ 11-13. Attorney Brookhyser acknowledges that allowing withdrawal will cause delay while PlayUp and Simic look for replacement counsel, but she contends that "the delay will be minimal." *See id.* at ¶ 9. Attorney

---

[1] PlayUp and Simic are currently represented by Attorneys Amanda Brookhyser and Danielle Jiminez. *See* Docket No. 649; *see also* Docket No. 646. Attorneys Brookhyser and Jiminez work at ZPH. Earlier in the case, PlayUp and Simic were also represented by Attorney Michael Popok and the firm was named Zumpano Patricios Popok & Helsten. The law firm name was shortened, *see* Docket No. 600, and Popok is no longer counsel of record, *see* Docket No. 608.

1

Brookhyser also specifically references the need to delay forensic examination if the motion to compel that relief is granted.  *See id.* at ¶ 10.

## II.    STANDARDS

"An attorney may not withdraw as counsel except by leave of court."  *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  Whether to allow withdrawal of counsel is an issue entrusted to the broad discretion of the Court.  *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998); *see also Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999).  In exercising that discretion, courts may consider a number of factors, including: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."  *Williams v. Cnty. of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021).

It is "incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel."  *Mekdeci by and through Mekdeci v. Merrell Nat. Labs.*, 711 F.2d 1510, 1521-22 (11th Cir. 1983) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. 1981)).  "Discharge, withdrawal, or substitution of an attorney will not alone be reason for delay of pretrial proceedings, discovery, the trial, or any hearing in the case."  Local Rule IA 11-6(d). Instead, a motion to withdraw that will delay discovery must be supported by a showing of good cause.  Local Rule IA 11-6(e).  Courts are particularly disinclined to allow withdrawal on the eve of important discovery events.  *See, e.g.*, *S.E.C. v. Zufelt*, 2015 WL 7176366, at *1 (D. Utah Nov. 13, 2015) (denying request to withdraw as counsel before upcoming depositions).

## III.   ANALYSIS

The Court is not persuaded that withdrawal is warranted at this juncture.  First, counsel do not elaborate on the reasons for seeking to withdraw at this time, providing only generalized statements as to a breakdown in the attorney-client relationship.  *See* Docket No. 649-1 at ¶¶ 6-7;

*see also id.* at ¶¶ 11-13.  Particularly given the history in this case[2] and the current procedural posture, the Court declines to accept as sufficient such vague references to a relationship breakdown.  *See F.T.C. v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient"); *see also, e.g.*, Docket No. 379 at 4 n.7; *Harris v. Diamond Dolls of Nev., LLC*, Case No. 3:19-cv-00598-RCJ-CBC, 2023 WL 6059667, at *5 (D. Nev. Sept. 18, 2023) (rejecting as too conclusory reference to "a fundamental disagreement with respect to how to proceed in this matter"); *Construction Laborers Tr. Funds for S. Cal. Admin. Co. v. W. Coast Structures, Inc.*, Case No. EDCV 18-490 JGB (SPx), 2020 WL 8768452, at *2 (C.D. Cal. Aug. 31, 2020) (rejecting as too conclusory reference that "[a]n actual conflict exists which prevents [the attorney] from representing [the client] in any capacity"); *Rodriguez v. Wynn*, Case No. 1:15-cv-0181-BL, 2016 WL 4218368, at *2 (N.D. Tex. Aug. 9, 2016) (rejecting as too conclusory reference that "irreconcilable conflicts [exist] between counsel and client").  Second, the Court is concurrently herewith granting Mintas' motion to compel forensic examination.  Allowing withdraw of counsel while the duty to comply with that order is pending would threaten potential prejudice to Mintas and may harm the administration of justice.  *See Kelly v. Cuomo*, Case No. 2:18-cv-00923-JAD-MDC, 2025 WL 1489726, at *9 (D. Nev. May 23, 2025) (denying motion to withdraw as counsel given concurrent issuance of order requiring discovery supplementation); *see also, e.g.*, *Smith v. Maritime, Inc. v. Lay Drilling Barge Akpevweoghene*, Case No. 11-cv-731, 2014 WL 5306569, at *4 (W.D. La. Oct. 15, 2014) (denying motion to withdraw as counsel given pending spoliation

---

[2] This is the third time that counsel has filed a motion to withdraw as the case was situated on an important discovery precipice.  On March 1, 2023, counsel filed a motion to withdraw.  Docket No. 317.  That motion was filed the day after the Court denied Simic's motion for a protective order seeking relief as to his deposition scheduled for March 7, 2023.  Docket No. 316.  That motion to withdraw was granted, Docket No. 323, only to see PlayUp and Simic violate the order to retain new counsel, *see* Docket No. 337, and the withdrawn counsel reappear after discovery had been delayed, *see* Docket No. 339.  The circumstances ultimately led to PlayUp, Simic, and counsel being cautioned.  *See* Docket No. 378.

On April 8, 2024, counsel filed another motion to withdraw.  Docket No. 502.  That motion was filed in the waning days of the limited discovery period with outstanding depositions to be completed by May 10, 2024.  *See* Docket No. 496 at 4.  On April 9, 2024, the Court deferred ruling on the motion to withdraw so as not to interfere with the completion of discovery.  Docket No. 503.  On May 20, 2024, counsel withdrew that motion to withdraw.  Docket No. 530.

motion). Lastly, allowing withdrawal when the forensic examination is pending will unduly delay further these already elongated proceedings. *See* Docket No. 613 at 1-3 (in denying Mintas' motion to reopen discovery, recounting extended discovery process and judicial efforts to get discovery finished). Moreover, counsel's assurance that the delay will be minimal rings hollow. *See* Docket No. 649-1 at ¶ 9. This motion was filed on May 16, 2025, seeking to stay the case for 30 days while substitute counsel could be retained. *See* Docket No. 649 at 2. More than 30 days have now passed and, yet, a request to substitute counsel has not been filed. *Cf. Total Rebuild, Inc. v. PHC Fluid Power, LLC*, Case No. 6:15-cv-1855, 2019 WL 13191418, at *2 (W.D. La. Sept. 27, 2019) (finding that "prosecution of this lawsuit will be substantially disrupted by allowing counsel to withdraw where no counsel has stepped forward to be substituted as counsel of record"). Dragging out this process would also be consistent with the past conduct of PlayUp and Simic of violating an order to retain substitute counsel. *See* Docket No. 337.

In short, none of the pertinent considerations militate in favor of allowing ZPH to withdraw as counsel at this time.

## IV.     CONCLUSION

For the reasons discussed above, the motion to withdraw as counsel is **DENIED** without prejudice. The motion may be renewed with a proper factual showing at an appropriate juncture.

IT IS SO ORDERED.

Dated: July 18, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

4