# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PLAYUP, INC., <br><br>     Plaintiff, <br><br>   vs. <br><br> LAILA MINTAS, <br><br>     Defendant. <br> ——————————————— <br> LAILA MINTAS, <br><br>     Counter-Claimant, <br><br>   vs. <br><br> PLAYUP INC., *et al.*, <br><br>     Counter-Defendants. | Case No.: 2:21-cv-02129-GMN-NJK <br><br> **ORDER DENYING OBJECTION TO MAGISTRATE JUDGE ORDER** |

Pending before the Court is Defendant and Counter-Claimant Dr. Laila Mintas' Objection, (ECF No. 619), to the Magistrate Judge's Order, (ECF No. 613), denying her Motion to Re-Open Discovery and Extend Discovery Deadlines. Plaintiff and Counter-Defendant PlayUp, Inc. ("PlayUp US") and Counter-Defendant Daniel Simic filed a Response, (ECF No. 622). For the reasons explained below, the Court OVERRULES Mintas' Objection.

## I.      **BACKGROUND**

This case arises from a dispute between a company and its former CEO. The parties are familiar with the factual background of this case, so the Court includes only the facts and procedural background relevant to this Objection.

Discovery in this case lasted several years during which the parties filed dozens of highly disputed discovery motions. The Magistrate Judge granted four extensions to the discovery cutoff throughout the process. The fourth extension was granted on March 18, 2024, and allowed depositions noticed on or before January 15, 2024, to be completed by May 10, 2024. (Order, ECF No. 496). In her Order, the Magistrate Judge made clear that the discovery cutoff was meant to be firm by stating:

> It is time for discovery to wrap up so the case can move on to the merits phase. Counsel must take all reasonable steps to meet the deadlines set herein. **THE COURT IS NOT INCLINED TO GRANT FURTHER EXTENSIONS.**

(*Id.* at 5). In fact, the Magistrate Judge had given counsel consistent warnings that the discovery cutoff was intended to be firm. (*See, e.g.*, Order on Mot. Withdraw 2:13–15, ECF No. 503; Order on Mot. Withdraw 1:20–22, ECF No. 495).

In January of 2025, Mintas moved to reopen discovery to proceed with four depositions: (1) a second deposition of Counter-Defendant Simic, and (2) the depositions of Australians Ashley Kerr, Ross Benson, and Sally McDow. (Mot. Extend Time, ECF No. 607). Magistrate Judge Koppe denied the motion. (Order denying Mot. Extend Time, ECF No. 613). Mintas then filed the instant objection to the Order Denying the Motion to Reopen Discovery as to the Australian depositions. (Objection, ECF No. 619).

## I.    <u>LEGAL STANDARD</u>

When reviewing the order of a magistrate judge, the order should be set aside only if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-

RCJ-NJK, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014) (citation omitted).  When a district judge reviews a magistrate judge's order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted).  The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## II.    **DISCUSSION**

"The district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.  The Court has discretion to reopen discovery upon a showing of good cause. *See McCart-Pollak v. On Demand Direct Response LLC*, No. 2:20-CV-01624-GMN-MDC, 2024 WL 3256517, at *3 (D. Nev. July 1, 2024), *objections overruled sub nom. McCart-Pollak v. Saevitzon*, No. 2:20-CV-01624-GMN-MDC, 2025 WL 89611 (D. Nev. Jan. 13, 2025).  The good cause analysis turns on whether the deadlines cannot reasonably be met, despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*

Magistrate Judge Koppe did not clearly err in denying Mintas' Motion to Reopen Discovery.  After thorough analysis, Judge Koppe concluded that Mintas did not exercise reasonable diligence throughout the lengthy discovery period to obtain the foreign depositions for which she sought to reopen discovery. (Order Denying Mot. Reopen Discovery 7:1–6, ECF No. 613).  She based this conclusion on the fact that Mintas has been aware since very early in this case of the potential significance of the three people she sought to depose in her motion. (*Id.* 6:11–14).  Despite that early knowledge, Mintas waited until the already-extended

discovery period was almost over to broach the subject of relying on Hague Convention processes for these depositions. (*Id.* 6:15–19). Mintas had more than two years to obtain these depositions during the discovery period but did not do so. (*Id.* 6:20–21). These factual findings provide more than adequate support for Judge Koppe's conclusion that Mintas did not exercise reasonable diligence during the discovery period to obtain these foreign depositions.

In asserting that Magistrate Judge Koppe erred, Mintas argues that she did in fact exercise diligence because she sought the depositions at issue here prior to the end of discovery. (Obj. 8:16–12:23). She contends that it was not her fault that she was unable to complete those depositions prior to the deadline. (*Id.*). But that does not negate that fact that she had over two years throughout a lengthy discovery period to seek these depositions, yet she waited until the discovery period had almost ended to seek these foreign depositions. That is a reasonable basis for Magistrate Judge Koppe to conclude that Mintas did not exercise reasonable diligence; thus, Judge Koppe did not clearly err in denying the Motion to Reopen Discovery. Accordingly, the Court overrules Mintas' Objection.

## III.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant and Counter-Claimant Leila Mintas' Objection, (ECF No. 619), is **OVERRULED.**

**DATED** this ___8___ day of August, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT