# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PlayUp, Inc.,

   Plaintiff(s),

v.

Dr. Laila Mintas,

   Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**Order**

[Docket No. 728]

Pending before the Court are motions to withdraw as counsel for Counterclaimant Laila Mintas. Docket Nos. 719, 720. The Court has an in-person hearing on those motions set for April 24, 2026. Docket No. 723. Mintas has now filed a response to the motions, along with a motion to appear telephonically. Docket Nos. 727, 728. For the reasons discussed below, the Court **DENIES** the motion to appear telephonically and **CONTINUES** the in-person hearing.

Trial is set in this matter for less than three months from now. Docket No. 699. Deciding whether to allow counsel to withdraw just a few months before trial in a heavily-disputed and long-running case is an important issue for which an in-person hearing is warranted. *Cf. U.S. E.E.O.C. v. Mariscos el Puerto, Inc.*, ___ F. Supp. 3d ____, 2026 WL 673511, at *2 (D. Nev. Mar. 9, 2026) ("Courts are cautious in allowing withdrawal in the lead up to trial"). Moreover, Mintas is acting akin to the plaintiff, as only her counterclaims remain for trial. *See* Docket No. 699 at 1-2. When a litigant invokes the jurisdiction of this court, that litigant is generally expected to be available in this forum for hearings, trial, and other proceedings for the case that she has chosen to pursue. *See, e.g., United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999). Hence, Mintas' concerns about appearing in-person for the withdrawal hearing are tempered by the fact that her counterclaims are the sole reason this case persists at this time.

Moreover and significantly, there are a number of obvious holes in the attestations being made. The Court begins with the attestation that Mintas "lack[s] the resources to expend the travel and lodging costs required to come to the hearing." Docket No. 728-2 at ¶ 12(a). For better or for

worse, the litigants and the undersigned have lived with this case for many years through many disputed motions. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1092 (D. Nev. 2022) (addressing more than three years ago the "umpteenth" discovery dispute briefed for judicial resolution). During the course of proceedings, the Court has already heard similar assertions from Mintas and the Court has already explained that those assertions were "forcefully rebut[ted]." *See PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 439 n.20 (D. Nev. 2023) (rejecting Mintas' argument of an undue burden in being deposed a second time and noting PlayUp's contrary evidence). In addition, Mintas fails to square how it is that her husband apparently has sufficient funds to travel to Europe, *see* Docket No. 728-2 at ¶ 9,[1] but she is too financially strained to travel to Las Vegas, *see id.* at ¶ 12(a). Hence, the contentions of financial burden (again) fall short.

Mintas also asserts that she cannot attend the upcoming hearing because she has children and, given her husband's trip to Europe, she has no childcare available for them. Docket No. 728-2 at ¶ 12(b). Mintas lives in the city of Nassau, Bahamas, Docket No. 725, in which one must suspect there may be options available for childcare. Mintas fails to identify any efforts she has undertaken to arrange alternative childcare for her children. Nonetheless, the Court will err on the side of caution in continuing the upcoming hearing to afford time for either (1) Mintas' husband to return from his European trip or (2) Mintas to arrange other childcare so that she can attend the hearing. The hearing continuance will also afford Mintas more time to retain replacement counsel, *cf. PlayUp, Inc. v. Mintas*, 2025 WL 2021632, at *2 (D. Nev. July 18, 2025) (finding assurance of limited delay was unpersuasive since more than 30 days had passed with no request to substitute counsel being filed), and will afford time during which the Court will endeavor to resolve the pending discovery dispute, *cf.* Docket No. 719 at 2 (QLF's motion explaining that it will

---

[1] The representations as to this European trip raise eyebrows. First, we do not live in the Victorian Age and it is left unexplained why Mintas' husband must travel to Europe to raise funds for this litigation, as opposed to connecting with prospective funders remotely. As noted herein, this European trip is at odds with the attestation that Mintas cannot afford to travel to Las Vegas. Second, the attestations that the purpose of this European trip is to raise funds for this litigation is inconsistent with Mintas' contention that she intends to proceed with contingency-fee counsel. Docket No. 728-2 at ¶ 8. The papers do not explain why funds would need to be raised to support a contingency-fee retention.

"continue[] to represent Dr. Mintas through the conclusion of her final outstanding discovery dispute").

Accordingly, the Court **DENIES** the motion to appear telephonically.  Docket No. 728. The Court **CONTINUES** the hearing on the motions to withdraw to 10:00 a.m. on May 11, 2026. **Mintas herself must appear in-person for this hearing.  Moreover, at least one attorney from each of the moving law firms must appear in-person for this hearing**.  If a request to substitute counsel has not been filed in the interim, Mintas must also file a status report regarding her efforts to retain substitute counsel by May 4, 2026.

IT IS SO ORDERED.

Dated: April 17, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3