# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

PlayUp, Inc.,

      Plaintiff(s),

v.

Dr. Laila Mintas,

      Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**Order**

[Docket No. 716]

Pending before the Court is Counterclaimant Laila Mintas' motion to compel the production of documents. Docket No 716. Counter-Defendant Daniel Simic filed a response in opposition. Docket No. 721. Mintas filed a reply. Docket No. 722. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED** in part and **DENIED** in part.[1]

## I.    Sufficiency of Privilege Log

A party withholding documents on the basis of privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5).[2] A rule-compliant privilege log sets forth for each document "(1) its type (i.e., letter, memo, notes, etc.), (2) its author, (3) its intended recipients, (4) the names

---

[1] As the parties are familiar with the factual and procedural backgrounds, the Court will not recite them herein. In an effort to provide a speedy adjudication of this dispute and given the extraordinary expenditure of judicial resources already made in this case, the Court will provide a somewhat truncated written analysis. *Cf. Internet Sports Int'l, Ltd. v. Amelco USA, LLC*, 2025 U.S. Dist. Lexis 7722, at *3-4 (D. Nev. Jan. 14, 2025). Any arguments not discussed herein have been rejected implicitly to the extent that they are inconsistent with the decision rendered. *PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099-1100 (D. Nev. Oct. 18, 2022).

[2] In diversity cases, the procedure for raising and preserving a privilege objection—including producing a privilege log—is governed by federal law. *See, e.g., Eureka Fin'l Corp. v. Hartford Acc. & Indem. Co.*, 136 F.R.D. 179, 182 n.5 (E.D. Cal. 1991).

of any other individuals with access to the document, (5) the date of the document, (6) the nature of the claimed privilege (i.e., attorney-client, work-product, etc.), and (7) a brief summary of the subject matter of the document." *V5 Techs. v. Switch, Ltd.*, 2019 WL 13157472, at *2 (D. Nev. Dec. 20, 2019). Courts routinely reject blanket privilege assertions. *See, e.g.*, *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 121 (D. Nev. 1993) (quoting *Eureka Financial*, 136 F.R.D. at 183).

The Court is not persuaded by the threshold arguments presented by Simic. First, the Court is not persuaded that the motion was preceded by insufficient conferral efforts. *See, e.g.*, Docket No. 722 at 2-6 (refuting contention of insufficient conferral efforts). Moreover, even if there had been some deficiency in the conferral efforts, the Court would exercise its discretion to decide the motion on its merits given the circumstances of this case. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019). Second, the Court is not persuaded by Simic's burden argument. "Although it may be time-consuming to specifically assert the attorney-client or work product privilege in a document intensive litigation, the courts nevertheless clearly require such specific identification. Because privileges impede full and free discovery of the truth, the assertion of a privilege such as attorney-client is strictly construed. If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege." *Eureka Financial*, 136 F.R.D. at 183. Plaintiff's counterclaims seek tens of millions of dollars in damages, *see, e.g.*, Docket No. 654 at 39, and the parties and the Court have already invested significant resources to obtain responsive discovery from Simic given his prior non-compliance. The Court is not persuaded that the costs outweigh the utility of the production of a proper privilege log.

Turning to the substance of the dispute, Simic's privilege log is insufficient, including omitting descriptions of many documents and identification of authors.[3] These are the basics in asserting a claim of privilege and neither Mintas nor the Court can evaluate the privilege assertion

---

[3] The Court is not persuaded by Simic's argument that courts do not require privilege logs to include a summary of the subject matter of each withheld document. *See* Docket No. 721 at 12. Such position is predicated on semantic nit-picking of prior caselaw that is not persuasive. *See, e.g.*, *Chowning v. Nationwide Ins. Co. of Am.*, 2023 WL 2971436, at *1 (D. Nev. Feb. 24, 2023) (collecting numerous cases that the "nature of the document" explanation includes identifying "the subject matter" of the document).

without this information.  Rather than providing the required information, Simic essentially asks Mintas to take his word for the privilege assertion and resists providing more information on the ground that Mintas has not shown that the information is not privileged.  *See, e.g.*, Docket No. 721 at 12-13.[4]  Of course, it is Simic's burden to show privilege (not the other way around), *see, e.g.*, *Canarelli v. Eighth Judicial Dist. Ct.*, 464 P.3d 114, 120 (Nev. 2020), and that burden is met by producing <u>a proper</u> privilege log, *see, e.g.*, *American Alternative Ins. Corp. v. Ducas*, 2019 WL 13194014, at *1 (D. Nev. Oct. 28, 2019) ("One means of satisfying that burden is by producing a privilege log *that provides enough information for the opposing party and the Court to determine whether a privilege or protection exists*" (emphasis added)).[5]  Simic has not done so here.

In short, the Court agrees with Mintas that Simic's privilege log is inadequate.

**II.      Appropriate Relief**

Having found that Simic's privilege log is inadequate, the Court turns to Mintas' request that the Court deem privilege waived.  Waiver is a harsh remedy.  *Moe v. Sys. Transp., Inc.*, 270 F.R.D. 613, 623 (D. Mont. 2010).  The Ninth Circuit has rejected a *per se* waiver rule.  *Burlington*

---

[4] For example, Simic argues that any communication involving Attorney Popok must be deemed privileged without any reference to the nature of the communication.  *See* Docket No. 721 at 12-13.  Simic also argues that Mintas has not shown that Attorney Popok engaged in non-legal, business work.  *See id.* at 13.  As Mintas explains in reply, however, the record is not so straightforward in this case.  *See* Docket No. 722 at 8 (identifying evidence of Attorney Popok negotiating business terms); *see also, e.g.*, *PlayUp, Inc. v. Mintas*, 2024 WL 1285670, at *1-2 (D. Nev. Mar. 25, 2024) (addressing Attorney Popok's allegedly defamatory media communications).  To be able to judge the privilege asserted, a proper privilege log must be provided with, *inter alia*, a brief summary of the subject matter of each document.

[5] "All too often, the blanket privilege is asserted by counsel who have not carefully reviewed the pertinent documents for privilege.  In an abundance of caution, counsel withholds documents that are not privileged, thus defeating the full and fair information disclosure that discovery requires."  *Nevada Power*, 151 F.R.D. at 121 (quoting *Eureka Financial*, 136 F.R.D. at 183 n.9).  The process of withholding documents on privilege grounds in this case consisted of a vendor reviewing documents for "potential" privilege issues.  Docket No. 721-20 at ¶ 5.  Simic does not dispute that this process resulted in documents being withheld without an adequate basis.  *See, e.g.*, Docket No. 721 at 16 (for 500 Cortana and Viva entries, agreeing to provide redacted versions or add subject matter descriptions, and also agreeing to produce emails with Mintas' counsel and emails involving non-party government officials).  While Simic now asserts a willingness to rectify such problems, the existence of obvious deficiencies calls into question whether a careful review of the pertinent documents was undertaken and whether other documents have been improperly withheld.  Requiring a rule-compliant privilege log ensures not just that there is a means for the opposing party and the Court to test the privilege contention, but it also ensures that counsel has carefully reviewed documents being withheld.  *See Nevada Power*, 151 F.R.D. at 121.

*N. & Santa Fe R.R. Co. v. U.S. Dist. Ct. for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). It is a close call whether to find waiver in the circumstances of this case, *cf. Bullion Monarch Mining, Inc. v. Newmont USA Ltd.*, 271 F.R.D. 643, 649 (D. Nev. 2010); therefore, the Court concludes that the better approach is to err on the side of caution one last time in this case and to require the production of a supplemental privilege log, *cf. V5 Technologies*, 2019 WL 13157472, at *2.

Although the Court will not find waiver herein, there is limited runway remaining for Simic to land this discovery plane. The Court has already provided numerous warnings and we are still addressing discovery disputes with trial approaching because of Simic's discovery violations. Providing a rule-compliant privilege log should be a straightforward endeavor. The opportunity provided herein to serve a proper privilege log is the last chance, so Simic and his counsel must ensure that the provide a proper privilege log in response.[6]

**III.    Conclusion**

For the reasons discussed above, the Court **GRANTS** in part and **DENIES** in part Mintas' motion to compel.[7] Simic must serve a supplemental privilege log by May 19, 2026. Any renewed motion practice from Mintas must be filed by May 29, 2026.

IT IS SO ORDERED.

Dated: April 21, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] To be crystal clear, the Court has not endeavored to catalogue every deficiency in the privilege log that is before the Court. Simic and his counsel must undertake a thorough review of the privilege log and ensure that the supplement is proper.

[7] Mintas seeks an award of attorneys' fees both with respect to this motion to compel and with respect to previous motions to compel. Docket No. 716 at 24-25. The Court declines to resolve this request based on the arguments currently provided. First, the Court is only providing Mintas partial relief herein, which may impact a fee decision. *Cf.* Fed. R. Civ. P. 37(a)(5)(C). Second, this is presumably a very significant request being advanced, particularly as Mintas is seeking to recover fees for four different motions. Such significant relief should be sought through proper motion practice with well-developed argument specific to the issues raised, as opposed to a few pages within other motion practice. *See, e.g.*, Local Rule IC 2-2(b). Accordingly, this request is denied without prejudice.