**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PlayUp, Inc.,
Plaintiff(s),
v.
Laila Mintas,
Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**ORDER TO SHOW CAUSE**

The Court has an independent duty to ensure its subject matter jurisdiction, which is an issue that it can raise at any time. Fed. R. Civ. P. 12(h)(3).[1]

In briefing otherwise before the Court, PlayUp and Simic reference a potential defect as to diversity jurisdiction. *See* Docket No. 747 at 8-9.[2] Before deciding whether additional inquiry is warranted as to diversity jurisdiction, the Court notes that the parties previously indicated that federal question jurisdiction separately exists for the case to proceed to trial based on Mintas bringing second and third amended counterclaims that seek relief under the FLSA. *See* Docket No. 699 at 2 ("This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Counterclaimant brings claims under the Fair Labor Standards Act").[3] It is not clear that this invocation of federal question jurisdiction is viable. *See Holmes Grp., Inc. v.*

[1] While the Court is cognizant that this case has been litigated for several years, it nonetheless has a duty to ensure subject matter jurisdiction regardless of how long the litigation has been ongoing. *See Rainero v. Archon Corp.*, 844 F.3d 832, 841 (9th Cir. 2016).

[2] The Court does not opine herein on the merits of the motion to disqualify, nor on the issues raised as to diversity jurisdiction.

[3] The initial counterclaim included only state law claims and invoked diversity jurisdiction. *See* Docket No. 34 at 6-38. The first amended counterclaim included only state law claims and invoked diversity jurisdiction. *See* Docket No. 52. Although it continued to invoke explicitly only diversity jurisdiction, the second amended counterclaim included an FLSA claim as the eleventh cause of action. *See* Docket No. 133 at ¶¶ 21, 264-276. The third amended counterclaim invoked both diversity jurisdiction and federal question jurisdiction, and included an FLSA claim as the ninth cause of action. *See* Docket No. 336 at ¶¶ 23, 279-291.

*Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction"); *see also, e.g.*, *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-128 (1974) ("The federal questions must be disclosed upon the face of the complaint, unaided by the answer" (quotations omitted)).

Accordingly, Mintas is ordered to show cause in writing, no later than August 7, 2026, why federal question jurisdiction exists. That filing must be no more than 12 pages. PlayUp and Simic must file a response (of no more than 12 pages) by August 14, 2026. Any reply must be more than six pages and must be filed by August 19, 2026.[4]

IT IS SO ORDERED.

Dated: July 29, 2026

Nancy J. Koppe
United States Magistrate Judge

[4] Again, this briefing must be limited to federal question jurisdiction. The Court will decide thereafter whether further inquiry is warranted as to diversity jurisdiction.