**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PlayUp, Inc.,

Plaintiff(s),

v.

Laila Mintas,

Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**ORDER**

[Docket Nos. 738, 764]

Pending before the Court is an order to show cause why federal question subject matter jurisdiction exists. Docket No. 764. Counterclaimant Mintas filed a response. Docket No. 767. Counter-Defendants PlayUp, Inc. and Simic filed a response. Docket No. 773. Mintas filed a reply. Docket No. 775. Also pending before the Court is Mintas' motion to disqualify opposing counsel. Docket No. 738. Counter-Defendants filed a response. Docket No. 747. Mintas filed a reply. Docket No. 748. These matters are properly considered without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DISCHARGES** the order to show cause and **DENIES** without prejudice the motion to disqualify.[1]

## I. Subject Matter Jurisdiction

The parties represented in their joint proposed pretrial order that federal question subject matter jurisdiction exists. Docket No. 699 at 2. The claims remaining for trial are Mintas' counterclaims against Counter-Defendants. *See* Docket No. 631; *see also* Docket No. 699 at 1-2. One of the counterclaims arises under federal law. Docket No. 336 at ¶¶ 279-291 (counterclaim brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207). Published Ninth Circuit caselaw provides that, regardless of the adverse adjudication of PlayUp's own claims, the Court possesses jurisdiction to adjudicate remaining counterclaims that provide an independent jurisdictional basis. *E.g.*, *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)

[1] This case has a painfully long history of which the parties and counsel are familiar, so the Court declines to provide a background of the factual and procedural circumstances.

(quoting *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977)). The Court is bound by that case law. *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001).[2] Accordingly, the Court has federal question subject matter jurisdiction (and supplemental jurisdiction) to proceed with adjudicating Mintas' counterclaims.

**II. Motion to Disqualify**

The Court next turns to Mintas' motion to disqualify opposing counsel, which is predicated on the contention that the law firm of Brownstein Hyatt Farber Schreck was privy in other litigation to her immigration status and that such issue is "now central to a prospective challenge to this Court's subject matter jurisdiction." Docket No. 738 at 2. While it appears counsel have discussed whether that immigration issue bears on the exercise of diversity jurisdiction, *see id.* at 9 (quoting letter indicating that Mintas' immigration status is pertinent to diversity jurisdiction), the papers do not explain sufficiently why concerns as to diversity jurisdiction would warrant disqualification

---

[2] Counter-Defendants contend that this Ninth Circuit authority was implicitly overturned by the United States Supreme Court's decision in *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826 (2002). While Counter-Defendants cite some case law leaving open that possibility, *see Syken v. Berman*, 2026 WL 270218, at *2 (C.D. Cal. Jan. 30, 2026), they do not cite any decision actually so holding. Moreover, Mintas notes that the Supreme Court appears to have distinguished caselaw addressing "whether a district court can retain jurisdiction over a counterclaim if the complaint (or a claim therein) is dismissed or if a jurisdictional defect in the complaint is identified." *See Holmes*, 535 U.S. at 834 n.4; *see also Microsoft Corp. v. GeoTag, Inc.*, 817 F.3d 1305, 1312 (Fed. Cir. 2016). Given the circumstances, the Court is not persuaded to depart from published Ninth Circuit authority.

The Court is also not persuaded by Counter-Defendants' argument that the Ninth Circuit's caselaw is limited to counterclaims invoking diversity jurisdiction. *See Levin Metals Corp. v. Parr-Richmond Term. Co.*, 799 F.2d 1312, 1315 (9th Cir. 1986) (holding that independent basis existed for exercising subject matter jurisdiction over counterclaim raising federal question). The Court is likewise not persuaded that an independent jurisdictional basis cannot be stated in an amended counterclaim. *See, e.g.*, *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019) (collecting cases that a lack of subject matter jurisdiction may be cured by adding a claim involving a federal question through voluntary amendment).

given that the only remaining claims may proceed to trial on federal question (and supplemental) jurisdiction.[3] Accordingly, the motion to disqualify will be denied without prejudice.[4]

## III. Conclusion

For the reasons discussed above, the Court finds that subject matter jurisdiction exists for the adjudication of Mintas' counterclaims and **DISCHARGES** the pending order to show cause accordingly. In addition, the Court **DENIES** without prejudice Mintas' motion to disqualify opposing counsel.

IT IS SO ORDERED.

Dated: August 21, 2026

Nancy J. Koppe
United States Magistrate Judge

---

[3] No doubt because it is being referenced in ancillary motion practice without an actual jurisdictional challenge having been filed, the precise contours of the contemplated challenge to diversity jurisdiction is not entirely clear. It appears that the potential motion would have been meant to challenge whether Mintas' counterclaims can proceed to trial. *See* Docket No. 747 at 9 (arguing that a lack of diversity jurisdiction would impact the exercise of jurisdiction over the counterclaims); *see also id.* at 14-15. For the reasons discussed above, however, federal question subject matter jurisdiction (and supplemental jurisdiction) exists as to the counterclaims. To the extent there might be some unfiled motion challenging subject matter jurisdiction over PlayUp's own already-resolved claims, the filing of such a motion would seem speculative at this juncture.

[4] Given the ruling herein, the Court does not otherwise opine on the arguments raised in this motion practice, including whether the motion to disqualify was untimely.