**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PlayUp, Inc.,
Plaintiff(s),
v.
Dr. Laila Mintas,
Defendant(s).

Case No. 2:21-cv-02129-GMN-NJK

**Order**

[Docket Nos. 745, 746]

Pending before the Court is Counterclaimant Laila Mintas' motion to compel the production of documents by deeming any privilege waived. Docket No. 746. Counter-Defendant Daniel Simic filed a response in opposition. Docket No. 752. Mintas filed a reply. Docket No. 755.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Although this case involves a long procedural history, the Court will state as background only the information most pertinent to the instant dispute. On April 21, 2026, the Court determined that Simic's privilege log served following the forensic examination was insufficient, ordered that he serve a supplemental log by May 19, 2026, and ordered that any further motion practice on the issue be filed by May 29, 2026. Docket No. 730. On May 19, 2026, Simic produced a supplemental log. Docket No. 745-1 at ¶ 5. On May 28, 2026, counsel held a meet and confer at which Mintas' counsel raised objections to the supplemental privilege log, while Simic's counsel offered to supplement the log further and asked for a few business days to complete that task. Docket No. 752-1 at ¶ 17. Mintas filed her motion the next day. Docket No. 742.[2] On June 1, 2026, the Court denied Mintas' motion without prejudice for violating the local rules. Docket No. 743. On June 5, 2026, Simic updated the privilege log and produced additional documents. *See*

[1] The Court cites herein to the pages provided by CMECF, which at times differ from the pagination native to the subject document.

[2] The timing of Mintas' motion accords with the Court's earlier order, but the parties could have sought an extension of that deadline. *See, e.g.*, Fed. R. Civ. P. 6(b)(1).

Docket No. 752-1 at ¶ 18-24. On June 8, 2026, Mintas renewed her motion to compel without acknowledging the updates made in the interim to the privilege log. Docket No. 726. To the contrary, the motion states falsely that Simic had not "attempted to provide a rule-compliant privilege log" in the interim since the meet and confer. Docket No. 746 at 18 (citation to declaration that does not actually make that attestation). In reply, Mintas argues that the updates to the privilege log are irrelevant and, alternatively, that the updated privilege log is deficient. Docket No. 755 at 4-13.

The Court remains keen on getting discovery wrapped up and moving this case forward to resolution, particularly as trial is set for April 5, 2027. Docket No. 760. At the same time, waiver of privilege is a harsh remedy, *PlayUp, Inc. v. Mintas*, 2026 WL 1079397, at *3 (D. Nev. Apr. 21, 2026) (citing *Moe v. Sys. Transp., Inc.*, 270 F.R.D. 613, 623 (D. Mont. 2010)), and the Court is disinclined to address that request on the evolving record that has been provided. Moreover, Simic's argument has some force as to lack of sufficient meet-and-confer efforts, as it would seem reasonable for counsel to have agreed to provide Simic a few days to try to rectify the discrepancies that were raised.[3] Lastly, the Court notes that Mintas has new counsel, *see* Docket Nos. 778, 783, so it is prudent for new conferral efforts to take place with the current attorneys of record.[4]

---

[3] Subject to some limited exceptions, *cf. PlayUp, Inc. v. Mintas*, 2026 WL 1079397, at *1 (D. Nev. Apr. 21, 2026) (citing *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 297, 302-03 (D. Nev. 2019)), counsel are generally expected to engage in further conferral efforts when the circumstances of a discovery dispute have evolved, *PlayUp, Inc. v. Mintas*, 2022 WL 4112242, at *1 (D. Nev. May 5, 2022) (citing *Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 355 n.7 (D. Nev. 2019)). Mintas does not certify that there were conferral efforts following Simic's privilege log update.

[4] Separate and apart from the issues identified above, the Court notes that Mintas appears to be asking that <u>all</u> withheld documents be produced, even though she argues that a subset of the log entries are faulty. *See* Docket No. 746 at 4 (asking the Court to "find that Simic has waived privilege on all documents withheld as privileged pursuant to his May 29, 2026 privilege log and compel him to produce all these documents to Dr. Mintas"), *but see id.* at 10 (challenging sufficiency of roughly 40% of the log entries). Mintas has not sufficiently explained this all-or-nothing approach and other courts have engaged in a more selective analysis. *See, e.g.*, *Munguia-Brown v. Equity Residential*, 337 F.R.D 509 (N.D. Cal. 2021) (finding waiver for one subset of documents, while finding no waiver for other documents).

Accordingly, Mintas' motion to compel (Docket No. 746) is **DENIED** without prejudice.[5] Moreover, the privilege issues addressed in the motion to compel are also interwoven in the motion practice on Mintas' pending request for sanctions. *See, e.g.*, Docket No. 745 at 10-11, 12-15; Docket No. 753 at 5-6. Accordingly, the motion for sanctions (Docket No. 745) is also **DENIED** without prejudice. Counsel must return to the conferral table by October 15, 2026. If relief continues to be sought thereafter, Mintas must file any renewed motion by October 29, 2026.

IT IS SO ORDERED.

Dated: September 30, 2026

Nancy J. Koppe
United States Magistrate Judge

[5] While the Court is mindful of the trial date, the Court has afforded extra chances to Simic in this case and it will allow Mintas another chance to raise these issues if necessary. By denying without prejudice, the Court is not encouraging the renewed filing of these motions nor expressing any opinion as to their likely success. *See PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 438 n.16 (D. Nev. 2023) (citing *Aevoe Corp. v. AE Tech Co.*, 2013 WL 5324787, at *3 n.7 (D. Nev. Sept. 20, 2013) and *Mkhitaryan v. U.S. Bank, N.A.*, 2013 WL 211091, at *2 (D. Nev. Jan. 18, 2013)).